UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSEPH CRANE, | No. 2:15-cv-0208 KJN P |
| Plaintiff, | |
| v. | ORDER |
| RODRIGUEZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Therefore, the court may dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff alleges that on December 30, 2009, defendants Barton and Probst forced plaintiff to move to cell 113 with inmate Washington, aka "BG" or "Baby Gangster," an alleged Crips gang member.  Plaintiff claims that following repeated requests to be moved for his protection from BG's threats, plaintiff was assaulted by BG and plaintiff's nose and ribs were broken.  Plaintiff claims he was subjected to a false rules violation ("115") for fighting.  Plaintiff alleges that on February 5, 2010, BG assaulted plaintiff after plaintiff informed Correctional Officer Silva that BG threatened to beat plaintiff up.

Plaintiff also alleges that on January 22, 2011, he was repeatedly denied a cell move away from inmate Smith, and when plaintiff asked defendant Rodriguez to move plaintiff due to inmate Smith's threats, plaintiff alleges that defendant Rodriguez threatened to drag plaintiff out of his cell, beat plaintiff, and then throw plaintiff back in the cell.  Days later, plaintiff alleges that defendant Smith attacked plaintiff from behind and severely beat plaintiff's head against the concrete wall.

Plaintiff also claims that on January 16, 2013, an inmate Dolihite was induced into stabbing plaintiff in the neck.  Finally, plaintiff alleges that on March 1, 2013, defendant Robinette had two black inmates attack plaintiff, and after plaintiff was beaten, Robinette and other guards handcuffed plaintiff and then hit plaintiff over the head with batons, knocking plaintiff unconscious.  Plaintiff alleges that prison guards at High Desert State Prison ("HDSP") "were on a campaign of acts of violence against [plaintiff] for legal actions [he] was pursuing." (ECF No. 1 at 4.)  Plaintiff names as defendants Correctional Officers Rodriguez, Robinette, Barton, and Probst.

First, plaintiff raises factual allegations as to six separate incidents that occurred over a four year period at HDSP.  Plaintiff is advised that it is not appropriate to raise unrelated claims against different defendants in one action; rather, unrelated claims against different defendants

3

must be pursued in multiple lawsuits. The controlling principle appears in Fed. R. Civ. P. 18(a):

> 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Therefore, plaintiff must pursue his claims based on separate incidents in separate lawsuits. However, the undersigned will address plaintiff's claims so that plaintiff may decide which claim to pursue in this action, and which claims to pursue in separate actions.

Second, allegations of mere threats are not cognizable. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result). Thus, plaintiff's claims as to defendants Barton and Probst, without more, are insufficient to state a cognizable civil rights claim.

Third, a "prisoner has no constitutionally guaranteed immunity from being wrongly or falsely accused of conduct which may result in the deprivation of a protected liberty interest." Lopez v. Celaya, 2008 WL 205256 at *5 (N.D. Cal. Jan. 23, 2008), citing, *inter alia*, Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). Although the filing of a false disciplinary action against an inmate is not a per se civil rights violation, there are two ways that allegations that an inmate has been subjected to a false claim can state a cognizable civil rights claim. The first is when the inmate alleges that the false report was in retaliation for the exercise of a constitutionally protected right under the First Amendment. See Hines v. Gomez, 108 F.3d 265 (9th Cir. 1997) (retaliation claim must rest on proof that defendant filed disciplinary action in retaliation for inmate's exercise of his constitutional rights and that the retaliatory action advanced no legitimate penological interest); Newsom v. Norris, 888 F.2d 371, 377 (9th Cir.

4

1989). The second is when the inmate is not afforded the procedural due process required by the due process clause in connection with the issuance and hearing of disciplinary reports. See Newsom, 888 F.2d at 377; see also Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984) (claim that prison guard planted false evidence which resulted in disciplinary infraction fails to state a cognizable civil rights claim where procedural due process protections are provided).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). An allegation of harm may be sufficient even if an inmate cannot allege a chilling effect. Id. In order to prevail on a retaliation claim, plaintiff must demonstrate that he engaged in protected conduct and that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). In the context of a retaliation claim brought by an inmate, the plaintiff must also demonstrate an absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (citing Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985)).

Plaintiff's vague allegation that "prison guards" were on a campaign of acts of violence against him for legal actions he was pursuing is insufficient to state a cognizable retaliation claim. Plaintiff must allege, as to each defendant, specific facts that support each of the five elements required under Rhodes, demonstrating that each defendant was aware of plaintiff's protected conduct and that such conduct was the motivating factor in each defendant's alleged retaliatory actions.

Fourth, plaintiff appears to allege that defendant Rodriguez failed to protect plaintiff in violation of the Eighth Amendment. "[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their

offense against society." Id. at 834 (internal citation omitted).  However, prison officials do not incur constitutional liability for every injury suffered by a prisoner.  Id.  A prison official violates the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Id. at 847.  Under this standard, a prison official must have a "sufficiently culpable state of mind," one of deliberate indifference to the inmate's health or safety.  Id. at 834.  If plaintiff elects to file an amended complaint, he must allege facts demonstrating how each defendant's actions rose to the level of "deliberate indifference" to his health and safety.  In other words, plaintiff must allege that the defendants knew he was at risk of being attacked and explain how the defendants' response to this threat of attack was unreasonable.  Plaintiff is cautioned that "prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment."  Farmer, 511 U.S. at 844.

Plaintiff's allegations against defendant Rodriguez are sufficient to state a potentially cognizable failure to protect claim in violation of the Eighth Amendment.  However, to the extent plaintiff attempts to allege that defendants Barton and Probst failed to protect plaintiff, plaintiff failed to provide sufficient factual allegations to demonstrate that each knew plaintiff was at risk of being attacked yet disregarded such risk.

Fifth, plaintiff appears to allege that defendant Robinette used excessive force on March 1, 2013.  The use of excessive force against an inmate violates an inmate's Eighth Amendment right to be free from cruel unusual punishment.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).  The use of force is constitutional if employed to keep or restore order in the prison; it is unconstitutional if wielded "maliciously or sadistically for the very purpose of causing harm."  Whitley v. Albers, 475 U.S. 312, 320-21 (1986).  "That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action.  The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'"  Hudson v. McMillan, 501 U.S. 1, 9-10 (1992).  The Supreme Court has identified five factors to consider in determining whether an official's use of force was sadistic and malicious for the purpose of causing harm:  (1) extent of the injury; (2) need to use the force;

1  (3) relationship between the need to use the force and the amount used; (4) the threat "reasonably
2  perceived" by the official; and (5) any efforts made to temper the severity of the force.  Id. at 7.
3       Based on the facts alleged, it appears that plaintiff can state a potentially cognizable
4  excessive force claim against defendant Robinette.  However, as set forth above, there are no
5  facts demonstrating a connection between defendant Robinette and the other named defendants,
6  or the incidents that occurred in 2009 or 2011.  Thus, plaintiff's claims against defendant
7  Robinette should be pled in a separate action.
8       The court finds the allegations in plaintiff's complaint so vague and conclusory that it is
9  unable to determine whether the current action is frivolous or fails to state a claim for relief.  The
10 court has determined that the complaint does not contain a short and plain statement as required
11 by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a
12 complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones
13 v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least
14 some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.
15 Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the
16 complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.
17      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
18 about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v.
19 Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each
20 named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is
21 some affirmative link or connection between a defendant's actions and the claimed deprivation.
22 Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743
23 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil
24 rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
25      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
26 make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
27 complaint be complete in itself without reference to any prior pleading.  This requirement exists
28 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff may join multiple claims only if they are all against a single defendant.  Fed. R. Civ. P. 18(a).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  March 13, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cran0208.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSEPH CRANE,<br><br>    Plaintiff,<br><br>  v.<br><br>RODRIGUEZ, et al.,<br><br>    Defendants. | No.  2:15-cv-0208 TLN KJN P<br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____    Amended Complaint
DATED:

                                                  _____
                                                  Plaintiff