UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSEPH CRANE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RODRIGUEZ, et al.,<br><br>　　　　　Defendants. | No. 2:15-cv-0208 TLN KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

I. Introduction

　　　　Plaintiff is a state prisoner, proceeding without counsel and in forma pauperis. Plaintiff's civil rights action, filed pursuant to 42 U.S.C. § 1983, is proceeding on the second amended complaint against defendants Davey, Rodriguez, Robinette, Weeks, Barton, Probst, and Madrigal, correctional officers, and two parole commissioners, all located at High Desert State Prison ("HDSP"). Plaintiff alleges that these defendants retaliated against him for exercising his rights to access the courts and practice his religion, and failed to protect plaintiff, based on incidents that occurred at HDSP between February 12, 2009, and March 8, 2013. On September 11, 2015, plaintiff filed a notice of change of address indicating that he was transferred to the California State Prison in Lancaster, California ("LAC"). (ECF No. 19.) Pending before the court is plaintiff's request for injunctive relief filed September 14, 2015. As set forth below, plaintiff's motion should be denied.

1

II. Standards

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010). As noted above, in addition to demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his claim. Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982) (internal citation omitted). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

////

III. Plaintiff's Motion

In his motion for injunctive relief, signed August 30, 2015, plaintiff alleges the following:

Prison staff at RJD are "deliberately depriving him of his Eighth Amendment rights to protection from violence, and are subjecting him to cruel and unusual punishment because of his litigation in violation of the First Amendment." (ECF No. 21 at 7.) Officer Cruz refused to deliver plaintiff to an attorney visit on March 27, 2015. (ECF No. 21 at 4.) Officer Mendoza wrote a false 128 (counseling chrono) against plaintiff claiming he was out of bounds, which he claims will be used by the Parole Board to punish him. (ECF No. 21 at 9.) From March 27, 2015, to August of 2015, various correctional officers at RJD refused to provide plaintiff with lower bunk cell housing. In July of 2015, plaintiff was placed on loss of privilege ("LOP") status without a CDCR 115 (rules violation report or "RVR") or a hearing. Plaintiff claims that defendants "and agents of CDCR [California Department of Corrections and Rehabilitation] are clearly acting in a conspiracy to punish plaintiff without cause for his litigation against CDCR Officials." (ECF No. 21 at 9.)

Plaintiff supports his request for injunctive relief by including incidents that occurred prior to plaintiff's housing at RJD, such as his claims that while housed at Salinas Valley State Prison ("SVSP") in 2008, Officers Ambriz and Yee wrote and allegedly backdated a false RVR for conduct conducive to violence (threats against staff) to support his placement in ad seg and in retaliation for plaintiff suing them. (ECF No. 21 at 6, 43, 45-46.) Plaintiff also references claims from the instant action: the parole commissioners relied on the allegedly false August 30, 2003 "Smoking in a State Building" CDC 128A (counseling chrono) (ECF No. 21 at 11), and repeatedly referred to an allegedly false 2010 RVR for fighting[1] and a 2010 RVR for misuse of state property (ECF No. 21 at 80), and the 2008 allegedly false RVR, in denying plaintiff parole (ECF No. 21 at 6, 11-12). Plaintiff contends that the "current falsification of the LOP and 128A for allegedly being out-of-bounds proves an ongoing pattern of retaliation with false allegations by CDCR guards." (ECF No. 21 at 12, 32.)

---

[1] Plaintiff did not provide a copy of the Board's transcript in which they allegedly referred to the 2010 RVR for fighting, and did not provide a copy of such RVR.

3

## IV. Discussion

No defendants are located at RJD, where plaintiff was housed at the time of the underlying allegations. Thus, the pending motion seeks injunctive relief against individuals who are not named as defendants. This court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). If plaintiff wishes to challenge the actions of prison staff at RJD, he must file an action in the Southern District of California.

In addition, plaintiff has now been transferred to LAC, so any threat of imminent physical harm related to plaintiff's inappropriate cell housing at RJD or imminent harm related to RJD prison staff's alleged retaliation is now moot. See Preiser v. Newkirk, 422 U.S. 395 (1975) (inmate's request for declaratory judgment rendered moot by his transfer to another prison). When an inmate is transferred to another prison and there is no reasonable expectation or demonstrated probability that he will again be subjected to the conditions from which he seeks injunctive relief, his claim for injunctive relief should be dismissed as moot. See Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995). The possibility that an inmate might be transferred back to the prison where the injury occurred is too speculative to overcome mootness. Id.; see also Wiggins v. Rushen, 760 F.2d 1009 (9th Cir. 1985).

Plaintiff's vague claim that CDCR prison staff are engaged in a pattern and practice of retaliating against plaintiff by issuing false charges, 128As, and RVRs, without more, is insufficient to demonstrate that he would be subject to such alleged conditions at LAC. Plaintiff attempts to connect the LOP and 128A issued in 2015 at RJD with a 128A that issued in 2003 at Pleasant Valley State Prison ("PVSP"), and with allegedly false RVRs that issued in 2008 at SVSP for conduct conducive to violence, and in 2010 for misuse of state property at HDSP. These various charges issued over a wide span of years and thus are remote in time as well as geography, involve different prison staff, and are unrelated in subject matter. Plaintiff sets forth no factual allegations demonstrating any connection between the prison staff at RJD and those at PVSP, SVSP or HDSP. Rather, plaintiff simply alleges that there is a "conspiracy" without sufficient factual support. Plaintiff's conclusory claims that all of these RVRs and the 128A were

4

false and issued in retaliation for plaintiff exercising his First Amendment rights, standing alone, fail to demonstrate a pattern or practice. The undersigned finds plaintiff's alleged conspiracy claim too attenuated and vague to support an injunctive relief claim.[2] If plaintiff challenges the issuance of the LOP or 128A at RJD, he must file an action in the Southern District of California after exhausting his administrative remedies.

For all of these reasons, plaintiff's motion for injunctive relief should be denied.

V. Request for Extension of Time

On September 1, 2015, plaintiff signed a motion for sixty day extension of time to receive his property, and to secure his change of address and legal property in light of his impending transfer to LAC. (ECF No. 20 at 1.) However, plaintiff signed a change of address on September 3, 2015 (ECF No. 19). At the time of plaintiff's filing, there were no pending court deadlines that required a response. Thus, plaintiff's motion for extension of time is denied without prejudice. In an abundance of caution, plaintiff will be granted thirty days in which to file objections to these findings and recommendations.

VI. Conclusion

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for extension of time (ECF No. 20) is denied without prejudice; and

IT IS RECOMMENDED that plaintiff's request for injunctive relief (ECF No. 21) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that

---

[2] Plaintiff's allegations concerning the March 27, 2015 attorney visit are unavailing because he concedes that his attorney cancelled the appointment without plaintiff's knowledge. (ECF No. 21 at 3:13-15.) Prison staff cannot be held liable for failing to deliver plaintiff to meet with an attorney who was not there.

5

failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 22, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cran0208.pi