UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSEPH CRANE,<br><br>Plaintiff,<br><br>v.<br><br>RODRIGUEZ, et al.,<br><br>Defendants. | No. 2:15-cv-0208 TLN KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se, with a civil rights action pursuant to 42 U.S.C. § 1983. On October 13, 2015, plaintiff filed a motion for a protective order regarding the declaration of eyewitness Shaunta Ray. Plaintiff asks the court to seal Ray's declaration in light of Ray's fear of retaliation. No defendant has been served with process. As explained below, the court denies plaintiff's motion.

"It is well-established that [under the Federal Rules of Civil Procedure,] the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." San Jose Mercury News, Inc. v. United States District Court-Northern District, 187 F.3d 1096, 1103 (9th Cir. 1999). Rule 26(c), which governs the granting of a protective order, "authorizes a district court to override this presumption where 'good cause' is shown." San Jose Mercury News, 187 F.3d at 1103. Rule 26(c) confers "broad discretion on the trial court to decide when a

////

1

protective order is appropriate and what degree of protection is required." See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).

To obtain a protective order, the party resisting discovery or seeking limitations must, under Rule 26(c), show good cause for its issuance. "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992).

Additionally, a court will not grant a motion to seal documents unless the proponent makes a particularized showing either that the record is one traditionally kept secret or that there is a compelling reason for sealing the document. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Compelling reasons that would outweigh the public's interest in disclosure include the likelihood the record would be used for an improper purpose, such as to gratify private spite, promote public scandal, circulate libelous statements or release trade secrets. Nixon v. Warner Communications, 435 U.S. 589, 598 (1978).

Plaintiff seeks to protect the declarant, Ray, from "annoyance, embarrassment, oppression, or undue burden or expense." (Mot. at 1.) Plaintiff claims that when Ray executed the declaration on February 20, 2015, Ray asked plaintiff to "keep the Declaration out of the sight of prison guards, because he was afraid of retaliation from them." (Id. at 2.) Plaintiff claims that "about February 24, 2015, or earlier," after he sent a copy of Ray's declaration out of the prison, Ray was placed in administrative segregation ("ad seg") "for unknown reasons." (Id.) Plaintiff claims that "the timing makes the segregation of Mr. Ray appear to be in retaliation for the Declaration he made for [plaintiff]." (Id.) Plaintiff believes it is possible that prison officials transferred plaintiff because Ray had to be released from ad seg, and did not want plaintiff to have access to Ray as a witness. (Id. at 3.) Plaintiff argues that prison officials "appear to be deliberately impeding his access to this very crucial witness, and are trying to destroy this vital piece of evidence." (Id.)

|   |   |
|---|---|
| 1 | Plaintiff does not indicate where he and Ray were housed at the time Ray's declaration |
| 2 | was executed or the date Ray was placed in ad seg. Plaintiff was housed at RJ Donovan in |
| 3 | January of 2015, when this case was filed, and filed his notice of change of address to California |
| 4 | State Prison in Lancaster in September of 2015. The inmate locator for the California |
| 5 | Department of Corrections and Rehabilitation reflects that Ray is presently housed at Mule Creek |
| 6 | State Prison. However, plaintiff's second amended complaint is based on incidents that occurred |
| 7 | at High Desert State Prison in Susanville, from 2009 to 2013. Plaintiff does not allege that any of |
| 8 | the individuals named as defendants are now employed at either prison in San Diego or |
| 9 | Lancaster. Moreover, plaintiff concedes that he does not know why Ray was placed in ad seg. |
| 10 | Plaintiff fails to show a correlation in time because he does not state when Ray was placed in ad |
| 11 | seg and does not provide the date he mailed a copy of Ray's declaration out of the prison. |
| 12 | Plaintiff submits no factual basis for his claim that prison officials are trying to destroy evidence. |
| 13 | Plaintiff has obtained a declaration from eyewitness Ray, and with Ray's inmate identification |
| 14 | number, Ray can be located to be subpoenaed for trial, if appropriate. Prison officials are not |
| 15 | required to house witnesses at the same facility as prisoners with pending lawsuits. Plaintiff's |
| 16 | claims are based on speculation and thus are insufficient to demonstrate good cause. |

In addition, because Ray is an eyewitness to one of the incidents alleged in the operative pleading, defendants are entitled to discover the declaration.

For all of these reasons, plaintiff's motion for a protective order and to seal Ray's declaration is denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's October 13, 2015 motion for protective order and to seal Ray's declaration is denied.

Dated: October 19, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cran0208.po

3