UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSEPH CRANE,<br><br>    Plaintiff,<br><br>    v.<br><br>RODRIGUEZ, et al.,<br><br>    Defendants. | No. 2:15-cv-0208 TLN KJN P<br><br>ORDER and FINDINGS & RECOMMENDATIONS |

I. Introduction

    Plaintiff is a state prisoner, proceeding without counsel, in an action brought under 42 U.S.C. § 1983. On March 13, 2015, the court dismissed plaintiff's complaint with leave to amend. Subsequently, plaintiff was granted extensions of time to amend, and, after filing a proposed first amended complaint, he was granted leave to file a second amended complaint. Plaintiff's second amended complaint is now before the court.

II. Screening

    The court has reviewed plaintiff's second amended complaint and, for the limited purposes of § 1915A screening, finds that it states potentially cognizable claims against defendants Davey, Rodriguez, Robinette, Weeks, Barton, and Probst. See 28 U.S.C. § 1915A. However, plaintiff's claims against defendants Peck and Hurd are unavailing, and plaintiff's claims against defendant Madrigal are dismissed, as set forth more fully below.

1

A. <u>Defendants Peck and Hurd</u>

Plaintiff alleges that defendants Peck and Hurd violated his Eighth Amendment rights because their failure to recommend his transfer out of HDSP resulted in an "imminent attempted murder" on his life that took place "in [the] GED class ordered by these defendants." (ECF No. 16 at 16.) Plaintiff attempts to hold defendants Peck and Hurd responsible for failing to recommend plaintiff's transfer after being informed that he "might not live to his next hearing." (ECF No. 16 at 16.) He also alleges these defendants violated his First Amendment rights by not taking measures to preserve his First Amendment rights, mocking him, aiding defendants, and silencing plaintiff's First Amendment rights. (ECF No. 16 at 15.) Finally, plaintiff alleges that defendants Peck and Hurd violated plaintiff's due process rights by relying on false information.

First, plaintiff was not granted leave to add new defendants or new claims in his amended pleading. Rather, plaintiff was advised that it is inappropriate to raise unrelated claims against different defendants in one action, and that unrelated claims against different defendants must be pursued in multiple lawsuits. (ECF No. 6 at 3-4.) Plaintiff did not name Peck and Hurd as defendants in either his original complaint or in his first amended complaint, and included no allegations concerning his 2012 parole hearing. On October 8, 2015, plaintiff submitted a copy of the transcript from his February 7, 2012 parole hearing held at High Desert State Prison ("HDSP") before Parole Commissioners Peck and Hurd. Given their involvement is limited to their role in the 2012 parole hearing, their inclusion in the amended pleading is inappropriate.

Second, plaintiff's allegations as to defendants Peck and Hurd are unavailing because they are immune from liability. It is settled Ninth Circuit law that parole board officials are immune from Section 1983 liability when performing quasi-judicial functions relating to their responsibility to grant, deny, and revoke parole because these tasks are functionally comparable to tasks performed by judges. <u>Brown v. California Dept. of Corrections</u>, 554 F.3d 747, 751 (9th Cir. 2009); <u>Swift v. California</u>, 384 F.3d 1184, 1189 (9th Cir. 2004); <u>Fendler v. United States Parole Commission</u>, 774 F.2d 975, 980 (9th Cir. 1985); <u>Anderson v. Boyd</u>, 714 F.2d 906, 909 (9th Cir. 1983); <u>Sellers v. Procunier</u>, 641 F.2d 1295, 1303 (9th Cir.), <u>cert. denied</u>, 454 U.S. 1102 (1981). The role of defendants Peck and Hurd was limited to holding the parole hearing and

determining plaintiff's suitability for parole. The court has reviewed the parole hearing transcript and notes that both commissioners reminded plaintiff that this was a parole suitability hearing, not a venue to determine whether rules violation reports were based on false charges, and allowed plaintiff to speak on numerous occasions despite being represented by counsel. (ECF No. 23, *passim*.)[1] Defendants Peck and Hurd are entitled to immunity.

Moreover, to the extent plaintiff attempts to raise a due process challenge to the denial of parole based on a reliance on allegedly false rules violation reports, such claim is also unavailing, as explained below.

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause, and then show that the procedures used to effect the deprivation were not constitutionally sufficient. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 459-60, 109 S. Ct. 1904 (1989).

A protected liberty interest may arise from the Due Process Clause of the United States Constitution either "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384 (2005) (citations omitted). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21, 102 S. Ct. 31 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7, 99 S. Ct. 2100 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a

---

[1] In any event, the parole hearing transcript reflects that although plaintiff stated he was "scared for his life," and "might not live to the next [parole] hearing," he did not identify a specific or imminent threat at the parole hearing, and did not include any "plea for protection" (ECF No. 16 at 15) as alleged by plaintiff. (ECF No. 23 at 69, 135, *passim*.) Parole commissioners are not involved in custody or housing decisions; if plaintiff had concerns for his safety, he should have raised them with the appropriate prison staff, or could have sought assistance from his attorney who was present at the hearing.

3

constitutional liberty interest." Greenholtz, 442 U.S. at 12; see also Board of Pardons v. Allen, 482 U.S. 369, 376-78, 107 S. Ct. 2415 (1987) (a state's use of mandatory language ("shall") creates a presumption that parole release will be granted when the designated findings are made.).

California's parole statutes give rise to a liberty interest in parole for which "the Due Process Clause requires fair procedures for its vindication." Swarthout v. Cooke, 562 U.S. 216, 220, 131 S. Ct. 859, 862 (2011). In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210, 82 Cal.Rptr.3d 169 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53, 128 Cal.Rptr.2d 104 (2002). However, in Swarthout the United States Supreme Court held that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive federal requirement." Swarthout, 562 U.S. at 220-21. In other words, the Court specifically rejected the notion that there can be a valid claim under the Fourteenth Amendment for insufficiency of evidence presented at a parole proceeding. Id. Rather, the protection afforded by the federal due process clause to California parole decisions consists solely of the "minimal" procedural requirements set forth in Greenholtz, specifically "an opportunity to be heard and . . . a statement of the reasons why parole was denied." Id. at 862-63. These considerations constitute "the beginning and the end of the federal habeas court's inquiry into whether [a prisoner] received due process" before a parole board. Id. at 862.

Here, the transcript from the 2012 parole suitability hearing reflects that plaintiff had an opportunity to be heard and was given a statement of reasons why parole was denied. (ECF No. 23 at 7-153.) According to the United States Supreme Court, the federal due process clause requires no more. For this reason, plaintiff's due process claims against defendants Peck and Hurd should be dismissed.

For all of these reasons, plaintiff's claims against defendants Peck and Hurd should be dismissed.

B. Defendant Madrigal

Plaintiff claims that on February 12, 2009, during breakfast cell release, inmate Leyva "began beating plaintiff to the ground," and defendant Madrigal allegedly did nothing to stop it.

4

"For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). The applicable limitations period under California law is four years. See Cal. Civ. Proc. Code §§ 335.1, 352.1(a) (providing a two-year statute of limitations for personal injury claims, which may be tolled for an additional two years for prisoners). A prisoner seeking equitable tolling bears the burden of establishing two elements: (1) "that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" that prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005); Gibbs v. Legrand, 767 F.3d 879, 884-85 (9th Cir. 2014).

Plaintiff's Eighth Amendment claim against defendant Madrigal arose on February 12, 2009, more than four years prior to the date of plaintiff's original complaint, signed on January 21, 2015. Thus, unless equitably tolled, the claim against defendant Madrigal is barred by the applicable limitations period and must be dismissed. Although it is unlikely that plaintiff can truthfully plead the elements of equitable tolling for his lengthy delay in bringing such claim, dismissal of defendant Madrigal will be with leave to amend. In amending, plaintiff must affirmatively plead facts that, if proven, entitle him to equitable tolling.

Plaintiff also claims that on September 28, 2011, he refused an interview with the psychologist for a comprehensive risk assessment for the 2012 parole hearing "because defendant Madrigal was menacingly standing behind [the psychologist] demanding aren't you going to see the psych[ologist]. Plaintiff states he was afraid of Madrigal after he allowed Leyva to attack plaintiff on February 12, 2009. (ECF No. 16 at 3.)

First, plaintiff's claim of intimidation based on Madrigal "menacingly standing" is insufficient to state a constitutional violation. Second, during the 2012 parole hearing, plaintiff clarified that he never left his cell when Madrigal and the psychologist approached him to begin the evaluation, and that plaintiff spoke to them from the back of his cell past plaintiff's cellmate. (ECF No. 23 at 134-35.) At the parole hearing, plaintiff was asked why he didn't cooperate with the psychologist in the psychological evaluation, plaintiff stated that he "just told

5

them I didn't want to talk to them because [of] all the litigation I have." (ECF No. 23 at 91.) "I don't trust these people, sir." (Id.) "I didn't want to talk to him because I had two good psych reports showing that I had -- and I figured now they were going to conspire, which they did, to write a bad psych report. And that's exactly what they did." (ECF No. 23 at 92.) Thus, plaintiff's allegations in the complaint are rebutted by his statements made under oath during the 2012 parole hearing. Plaintiff's subsequent claims in his pleading concerning a conspiracy among the remaining defendants do not include any factual allegations as to defendant Madrigal. Therefore, plaintiff's claim based on the events of September 28, 2011, is dismissed without leave to amend.

   C. <u>Remaining Defendants</u>

   As set forth above, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b), the second amended complaint states potentially cognizable First and Eighth Amendment claims for relief against the remaining defendants, who plaintiff alleges conspired to violate his civil rights. If the allegations of the second amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

III.  <u>Amend or Proceed on Second Amended Complaint?</u>

   Plaintiff may proceed forthwith to serve defendants Davey, Rodriguez, Robinette, Weeks, Barton, and Probst, and pursue his claims against only those defendants, or he may delay serving any defendant and attempt again to state a cognizable Eighth Amendment claim against defendant Madrigal based on the February 12, 2009 incident by alleging facts demonstrating he is entitled to equitable tolling.

   If plaintiff elects to attempt to amend to state a cognizable claim against defendant Madrigal, he has thirty days in which to do so. He is not obligated to amend his complaint.

   If plaintiff elects to proceed forthwith against defendants Davey, Rodriguez, Robinette, Weeks, Barton, and Probst, against whom he has stated a potentially cognizable claim for relief, then within thirty days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendant Madrigal without prejudice.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

Finally, plaintiff asked the court to attach his previously-provided exhibits to his second amended complaint. (ECF No. 17.) The Clerk of the Court is directed to file plaintiff's exhibits appended to his first amended complaint (ECF No. 12 at 16-69) as an attachment to plaintiff's second amended complaint (ECF No. 16), docketed as ECF No. 16-1. These exhibits are now part of the court record and may be referenced by any party.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to file plaintiff's exhibits appended to his first amended complaint (ECF No. 12 at 16-69) as an attachment to plaintiff's second amended complaint (ECF No. 16), docketed as ECF No. 16-1.

2. Plaintiff's claim against defendant Madrigal based on the February 12, 2009 incident is dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state a cognizable claim against defendant Madrigal. Plaintiff is not obliged to amend his complaint.

3. The allegations in the pleading are sufficient at least to state potentially cognizable claims against defendants Davey, Rodriguez, Robinette, Weeks, Barton, and Probst. See 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed July 15, 2015 (ECF No. 16), six USM-285 forms, and instructions for service of process on defendants. Within thirty days of service of this order

plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and seven copies of the endorsed second amended complaint filed July 15, 2015.  The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4.  Defendants Davey, Rodriguez, Robinette, Weeks, Barton, and Probst will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendant Madrigal without prejudice.

IT IS RECOMMENDED that plaintiff's claims against defendants Peck and Hurd be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 20, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/cran0208.1amd

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSEPH CRANE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RODRIGUEZ, et al.,<br><br>　　　　　Defendants. | No. 2:15-cv-0208 TLN KJN P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

　　　　Plaintiff hereby submits the following documents in compliance with the court's order

filed _____ :

　　\_\_\_\_　　　　completed summons form

　　\_\_\_\_　　　　completed USM-285 forms

　　\_\_\_\_　　　　copies of the _____
　　　　　　　　　　　　　　Second Amended Complaint

　　\_\_\_\_　　　　Plaintiff consents to the dismissal of defendant Madrigal without prejudice.

　　OR

　　_____　　Plaintiff opts to file a third amended complaint & delay service of process.

DATED:

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Plaintiff

1