UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSEPH CRANE, | No. 2:15-cv-0208 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| RODRIGUEZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. On January 12, 2015, defendants filed a motion to revoke plaintiff's in forma pauperis status, based on an order from the Northern District of California finding that plaintiff had sustained three strikes under 28 U.S.C. § 1915(g). (ECF No. 40.) Defendants ask the court to take judicial notice of the September 9, 2009 order issued in Crane v. Cate, Case No. C 08-04454 JF (PR) (N.D. Cal.). (ECF No. 41.)

In his opposition, plaintiff argues that the motion to revoke is moot because plaintiff has paid the full filing fee. Plaintiff provided a copy of the receipt from the court demonstrating he has paid the court the sum of $350.00. (ECF No. 47 at 6-9.) Plaintiff asks that defendants' motion be dismissed in its entirety. (ECF No. 47 at 4.) In addition, on February 29, 2016, plaintiff filed a request for a sixty day extension of time in the event the court determines he has not paid the full filing fee. (ECF No. 49.)

////

| | |
|---|---|
| 1 | Although plaintiff asks that defendants' motion to revoke be "dismissed in its entirety," it appears that plaintiff does not dispute that he was previously found to be struck out under § 1915(g). Indeed, review of the order from the Northern District reflects that plaintiff could not demonstrate that he has not sustained three strikes. The court takes judicial notice of the order, which identifies three lawsuits filed by plaintiff that have been dismissed on the grounds that they were frivolous or failed to state a claim upon which relief may be granted. (ECF No. 41 at 4-8.) Plaintiff failed to substantively oppose defendants' motion to revoke, and does not contend that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). |

Although plaintiff asks that defendants' motion to revoke be "dismissed in its entirety," it appears that plaintiff does not dispute that he was previously found to be struck out under § 1915(g). Indeed, review of the order from the Northern District reflects that plaintiff could not demonstrate that he has not sustained three strikes. The court takes judicial notice of the order, which identifies three lawsuits filed by plaintiff that have been dismissed on the grounds that they were frivolous or failed to state a claim upon which relief may be granted. (ECF No. 41 at 4-8.) Plaintiff failed to substantively oppose defendants' motion to revoke, and does not contend that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Therefore, defendants' motion to revoke plaintiff's in forma pauperis status is granted. Because plaintiff is no longer proceeding in forma pauperis, he is obligated to pay the court's $50.00 administrative fee, in addition to the $350.00 filing fee which he has paid. Thus, plaintiff must pay the additional $50.00 before this action may proceed. Plaintiff's request for an extension of time in which to submit this fee is granted. Defendants shall file their responsive pleading fourteen days after plaintiff remits the $50.00 fee. Plaintiff shall notify defendants when the $50.00 administrative fee has been paid.

Plaintiff is cautioned that failure to pay the $50.00 will result in a recommendation that this action be dismissed. Discovery remains stayed until defendants file their responsive pleading.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Defendants' request for judicial notice (ECF No. 41) is granted;

2. Defendants' motion to revoke (ECF No. 40) is granted;

3. Plaintiff's in forma pauperis status (ECF No. 6) is revoked;

4. Plaintiff's request to defer payment (ECF No. 49) is granted; within sixty days from the date of this order, plaintiff shall remit the administrative fee of $50.00;

5. Defendants shall file their responsive pleading fourteen days after plaintiff submits the administrative fee; and

////

////

6. Discovery is stayed until defendants' responsive pleading has been filed.

Dated: March 3, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cran0208.mtd.ifp