IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RICHARD JOSEPH CRANE,** | Case No. 2:15-cv-0208 TLN KJN P |
| Plaintiff, | **ORDER** |
| v. | |
| **RODRIGUEZ, et al.,** | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. This action was stayed pending referral to the ADR pilot project, and set for settlement conference on September 22, 2016. Prior to the settlement conference, plaintiff signed three motions for injunctive relief. First, plaintiff alleged that he was deprived the opportunity to file a more complete settlement conference statement because his property was packed for his transfer before the deadline expired. Second, plaintiff argued he was at risk of not being transported to court for the settlement conference because his insistence he needed to retain his property was going to be construed as a refusal to transport. Third, plaintiff asked the court to order that he be transported to and from the court on single cell status, that his cell at California State Prison, Lancaster ("CSP-LAC"), be locked while he is out to court, and that following the settlement conference, he be returned forthwith to CSP-LAC along with his legal materials.

This action was stayed on May 9, 2016. (ECF No. 53.) The undersigned ordered: "[e]xcept as provided herein or by subsequent court order, no other pleadings or other documents may be filed in this case during the stay of this action." (Id.) In light of the stay, plaintiff's motions violated the court's order.

Second, the record reflects that plaintiff submitted his settlement statement, was transported for the settlement conference, and participated in the settlement conference. Thus, it appears his claims are moot. Moreover, no defendants are located at CSP-LAC, where plaintiff was formerly housed, or at California State Prison, Sacramento ("CSP-SAC"), where plaintiff is currently housed. This action proceeds against defendants employed at High Desert State Prison. Thus, the pending motions seek injunctive relief against individuals who are not named as defendants. This court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). The undersigned further finds that requiring prison officials at CSP-LAC or CSP-SAC to respond to plaintiff's motions pursuant to the All Writs Act is not warranted. 28 U.S.C. § 1651(a). Therefore, plaintiff's motions for injunctive relief are denied without prejudice.

Finally, this action did not settle. Service of process was executed on all the remaining defendants. (ECF No. 39.) Therefore, the stay is lifted, and counsel for defendants is directed to file a responsive pleading. On October 3, 2016, defendants filed a request for extension of time to file a responsive pleading. Good cause appearing, defendants' request is granted.

Accordingly, IT IS HEREBY ORDERED that:

1. The stay of this action is lifted, and the Clerk is directed to re-open this action;

2. Plaintiff's motions for injunctive relief (ECF Nos. 64, 66, 68) are denied without prejudice;

3. Defendants' request for extension of time (ECF No. 69) is granted; and

4. Defendants shall file a responsive pleading on or before October 21, 2016.

Dated: October 11, 2016

/cran0208.lftsty

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE