UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSEPH CRANE,<br><br>Plaintiff,<br><br>v.<br><br>RODRIGUEZ, et al.,<br><br>Defendants. | No. 2:15-cv-0208 TLN KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se, in this civil rights action for relief pursuant to 42 U.S.C. § 1983. Before the court are plaintiff's motion for sanctions and defendants' motions to stay discovery pending resolution of the pending motion for summary judgment. As set forth below, the undersigned denies plaintiff's motion for sanctions, and stays discovery pending resolution of the summary judgment motion.

I. Motion for Sanctions

   A. The Parties' Positions

On November 23, 2016, plaintiff filed a motion for sanctions. First, plaintiff contends that defendants counsel delayed this action by seeking to revoke plaintiff's in forma pauperis status, even though plaintiff had paid $350.00 of the court's $400.00 filing fee at that time. Plaintiff appears to seek sanctions based on defense counsel's claim that plaintiff had not paid the filing fee. (ECF No. 81 at 4.) Second, plaintiff contends that after the case was referred to the ADR

1

pilot project, defendants did not opt out of the project, but elected to proceed with the assigned magistrate judge handling the settlement conference. Plaintiff and defense counsel conferred over the phone, during which plaintiff made a million dollar offer to settle. Plaintiff claims counsel "said he would inform his supervisor and the next time he would speak with plaintiff . . . at the settlement conference." (ECF No. 81 at 3.) On September 22, 2016, at the settlement conference, plaintiff objects that defense counsel offered plaintiff less than $2,000.00; plaintiff responded, "I am done with this conference!" (ECF No. 81 at 3.) Plaintiff complains that defense counsel was required to confer prior to opting into the conference, ultimately wasting the court's time and subjecting plaintiff to 16 days of segregation and "a great deal of hardship, when he had no intention of settling the case." (ECF No. 81 at 3.) Plaintiff seeks sanctions for defense counsel's "behavior." (Id.)

Third, plaintiff complains that defense counsel made requests for extensions of time. Fourth, plaintiff seeks sanctions based on his belief that defense counsel is required to reveal the conflict that requires that defendant Weeks be represented by a different attorney. Plaintiff also appears to seek sanctions based on counsel's failure to set forth the alleged conflict in a motion to withdraw as counsel for defendant Weeks. (ECF No. 81 at 6.) Plaintiff objects that defendants did not serve plaintiff with a motion for substitution of counsel or any statement of what conflict exists. (ECF No. 81 at 7.)

Plaintiff seeks an order requiring defendants to pay monetary sanctions in the amount of $3,000.00, and to "declare what the conflict between counsel and defendant Weeks is." (ECF No. 81 at 8.)

On November 30, 2016, defendant Weeks timely filed a response to plaintiff's motion. (ECF No. 83.) Defendant Weeks contends that plaintiff's motion is patently improper and unsupported by Rule 11 of the Federal Rules of Civil Procedure because plaintiff failed to demonstrate that any defense filing was brought for an improper purpose, and plaintiff failed to comply with the strict procedural requirements of Rule 11. (ECF No. 83 at 2-3.) Defendant Weeks argues that plaintiff's improper motion to require defendants to declare the circumstances of the conflict of interest was improperly filed prior to the issuance of the court's scheduling

order because it should have been filed as a motion to compel. (ECF No. 83 at 3.) Finally, defendant Weeks points out that Local Rule 182(g) permits an attorney to substitute another attorney and thus withdraw the prior attorney. (ECF No. 83 at 3-4.)

On December 7, 2016, the remaining defendants timely filed their opposition to plaintiff's motion. (ECF No. 85; see also ECF No. 89.) Defendants argue that they properly and successfully filed a motion to revoke plaintiff's in forma pauperis status based on evidence plaintiff sustained three strikes under 28 U.S.C. § 1915(g). Moreover, defendants argue that plaintiff failed to provide defendants with an opportunity to withdraw or correct their motion under the safe harbor provision of Rule 11. With regard to the settlement, defendants contend that settlement demands often change during settlement conferences, particularly where the inmate plaintiff may not have the ability to properly value his or her claims without input from the judge; therefore, defendants did not view the settlement conference as a waste of time, and had no reason to think plaintiff would refuse to budge from his one million dollar demand. Because the court's order was permissive, stating that defense counsel "may" move to opt out of the pilot project, defendants argue there is no basis for sanctions.

With regard to plaintiff's objections concerning defendants' requests for extensions of time, defendants argue that their requests were not made for improper purposes and did not prejudice plaintiff. Because the court found good cause to grant the extensions, defendants argue there is no basis for sanctions.

Finally, defendants contend that defense counsel was not required to file a motion to substitute counsel for defendant Weeks or to explain the basis for the conflict of interest with defendant Weeks, also relying on Local Rule 182(g). Defendants argue that plaintiff appears to erroneously conflate motions for disqualification of counsel and motions for withdrawal under Local Rule 182(d) with substitution of an attorney under Local Rule 182(g). Finally, defendants contend that conflicts of interest often involve information protected under the attorney-client privilege which cannot be shared with plaintiff or the court. Therefore, there is no legal basis to impose sanctions or to require defense counsel to disclose the basis for the conflict.

////

In reply, plaintiff argues that counsel multiplied the proceedings by filing two separate responses to the motion for sanctions. Plaintiff appears to contend that he complied with the safe harbor provision of Rule 11 by first mailing his motion to counsel on November 2, 2016, but not filing the motion with the court until November 23, 2016. Further, plaintiff appears to contend that defendants were required to "opt-out" of the ADR pilot project if they did not intend to offer more than the $1,000 offered at the settlement conference, arguing their low offer constitutes "bad faith." (ECF No. 96 at 3-4.) Plaintiff objects that he was not given an option to opt out and argues that counsel's consultation with plaintiff after opting in "shows bad faith." (ECF No. 96 at 4.) Plaintiff claims that counsel's failure to opt out constitutes bad faith. (Id.) Plaintiff complains that the office of the Attorney General "never explained any reason for substituting out counsel Ullrich immediately after the failed settlement conference." (ECF No. 96 at 7.)

B. Discussion

i. Rule 11

Under Rule 11(b) of the Federal Rules of Civil Procedure, a motion brought pursuant to Rule 11 has stringent notice and filing requirements. See Holgate v. Baldwin, 425 F.3d 671, 677 (9th Cir. 2005). Specifically, Rule 11 includes a "safe harbor" provision that the court strictly enforces. See Fed. R. Civ. P. 11(c)(2) ("The motion must be served. . . . but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service. . . ."); Holgate, 425 F.3d at 677. Here, plaintiff did not provide defendants with the form of informal notice of his intention to seek sanctions contemplated under Rule 11. "In most cases . . . counsel should be expected to give informal notice to the other party, whether in person or by a telephone call or letter, of a potential violation before proceeding to prepare and serve a Rule 11 motion." Fed. R. Civ. P. 11 advisory committee's notes to 1993 amends. Rather than sending counsel a letter, plaintiff mailed his motion for sanctions. Moreover, although plaintiff's motion was filed on the court's docket on the 21st day after he mailed his first motion for sanctions to defendants, plaintiff presented his motion to prison officials for mailing on November 17, 2016. (ECF No. 81 at 21.) Thus, plaintiff did not wait for the complete 21 day period to elapse before submitting the motion

to the court for filing, depriving counsel of the full 21 days in which to address the motion for sanctions before its filing with the court.

Moreover, "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." Operating Engineers Pension Trust v. A-C Co., 859 F.2d 1336 1344-45 (9th Cir. 1988). Even assuming plaintiff's initial mailing of the motion complied with the safe harbor provision of Rule 11, plaintiff has not demonstrated that defense counsel, in any of the challenged court filings, or during the settlement conference, acted vexatiously, in bad faith, or with an improper purpose. Id. at 1344 ("we reserve sanctions for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose."). Defendants were authorized under 28 U.S.C. § 1915(g) to file a motion to revoke plaintiff's in forma pauperis status, and defendants' motion was granted. (ECF No. 50.) Whether or not plaintiff had paid the filing fee in full or in part[1] was not dispositive on the issue of whether plaintiff previously sustained three strikes under § 1915(g).

On May 9, 2016, this case was referred to the post-screening ADR project, and the case set for settlement conference. Federal Rules of Civil Procedure 16(a) provides that a court may direct the attorneys and any unrepresented parties to appear for a conference before trial. Federal Rules of Civil Procedure 16(a)(5) specifically states that one of the purposes of such conferences may be "facilitating the settlement of the case." Id. The Ninth Circuit has held that the purpose of Rule 16 is "to encourage forceful judicial management." Sherman v. U.S., 801 F.2d 1133, 1135 (9th Cir. 1986); see also Fed. R. Civ. P. 16(f) advisory committee's note ("[E]xplicit reference to sanctions reinforces the rule's intention to encourage forceful judicial management."). Thus, the court-ordered settlement conference was properly-set.

A settlement conference was held before Magistrate Judge Carolyn Delaney on September 22, 2016, but the case did not settle. Because a settlement conference was held as required by the

---

[1] Plaintiff's attempt to parse the filing fee, by claiming he had paid the $350.00 filing fee at the time defendants' motion was filed, is unavailing because plaintiff had not paid the entire $400.00 filing fee. Although the $50.00 balance was an administrative fee, payment of the $400.00 filing fee is required of litigants not proceeding in forma pauperis, whether or not a portion of the $400.00 is defined as an administrative fee. Thus, defendants' motion was not factually inaccurate as plaintiff claims.

5

May 9, 2016 order, defendants were not required to "opt out" of the ADR project. Referral to the project terminates upon the unsuccessful completion of the settlement conference, as evidenced by the October 11, 2016 order lifting the stay and requiring defendants to file a responsive pleading.

Furthermore, as argued by defendants, and in this court's experience, it is not unusual for prisoner plaintiffs to lower their initial settlement demands during the course of a settlement conference. Other than his initial million dollar demand, plaintiff points to no other facts that would have put defendants on notice that plaintiff did not intend to lower his initial demand at the settlement conference. A low initial settlement offer, standing alone, does not constitute bad faith.

In addition, the court found good cause to grant defendants' requests for extensions of time, and the court approved the substitution of attorney sought by defendant Weeks. A motion to withdraw was not required. Importantly, defense counsel was not required to divulge the nature of any conflict of interest with the client, defendant Weeks, to either plaintiff or the court. Any such conflict is governed by attorney-client privilege between defendants and their counsel, and plaintiff is not entitled to such disclosure. See United States v. Chen, 99 F.3d 1495, 1501 (9th Cir. 1996) (The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice, … as well as an attorney's advice in response to such disclosures.") (citation omitted). Furthermore, the office of the Attorney General is not required to inform plaintiff of the reasons a different attorney may be substituted into a case. New counsel may be substituted in for myriad reasons, and plaintiff should not speculate as to the reasons for the substitution.

Finally, plaintiff is cautioned that:

> Rule 11 motions should not be made or threatened for minor, inconsequential violations of the standards prescribed by subdivision (b). They should not be employed as a discovery device or to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes. Nor should Rule 11 motions be prepared to emphasize the merits of a party's position, to exact an unjust settlement, to intimidate an adversary into withdrawing contentions that are fairly debatable, to increase the costs of litigation, to create a conflict of interest

> between attorney and client, or to seek disclosure of matters otherwise protected by the attorney-client privilege or the work-product doctrine.

Fed. R. Civ. P. 11 advisory committee's notes to 1993 amends. The filing of a motion for sanctions is also subject to the requirements of Rule 11 and can lead to the imposition of sanctions. Id. The undersigned finds plaintiff's motion for sanctions unsupported by Rule 11. The court will not order sanctions against plaintiff based on his motion, but plaintiff is cautioned that motions for sanctions should be filed only in extraordinary circumstances.

### ii. Other Authorities

Plaintiff also relies on Local Rule 110. Local Rule 110 provides that: "Failure of counsel . . . to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Id. The court has reviewed the record and does not find that defense counsel failed to comply with the Local Rules or any court order. In addition, counsel complied with Local Rule 182(g) in filing the substitution of attorney, and was not required to notify plaintiff of the substitution before filing the substitution with the court. Local Rule 182(d) governs the withdrawal of counsel which would leave a party unrepresented by counsel. "Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared." Local Rule 182(g). Here, counsel substituted in for defendant Weeks' attorney; thus defendant Weeks was not left in propria persona. Therefore, no motion to withdraw under Local Rule 182(g) was required. For all of these reasons, plaintiff is not entitled to sanctions based on Local Rule 110.

In addition, plaintiff relies on 28 U.S.C. § 1927 in seeking sanctions. Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. The undersigned does not find plaintiff's arguments persuasive. The court has reviewed the record to determine whether any defendant has unreasonably or vexatiously multiplied the proceedings, and finds no basis for an alleged violation of Section 1927. Defendants appropriately sought to revoke plaintiff's in forma pauperis status under 28 U.S.C. § 1915(g). All parties are allowed to seek extensions of time. Defendants were entitled to substitute an attorney once a conflict of interest was identified. Finally, plaintiff's objection that defense counsel filed two responses to his motion for sanctions further multiplies the proceedings is unavailing. Because defendant Weeks is represented by different counsel from the remaining defendants, defendant Weeks was required to file his own opposition to plaintiff's motion for sanctions, and the remaining defendants were required to file their opposition. Such filings are not a multiplication of the proceedings, but rather proper and necessary under the rules. Although it is clear that plaintiff disagrees with defendants' actions, plaintiff identified no actions that unreasonably or vexatiously multiplied these proceedings.

II. Defendants' Motion to Stay Discovery

On December 5, 2016, defendants D. Davey, F. Rodriguez, D. Probst, S. Barton and J. Robinette filed a motion to stay discovery pending resolution of the motion for summary judgment. Defendants argue that any discovery not related to the question of exhaustion of administrative remedies should be stayed while the exhaustion issue is pending. On December 12, 2016, defendant Weeks joined in the motion for summary judgment. Plaintiff did not file an opposition to the motion for stay. Although he sought an extension of time to file an opposition to the motion for summary judgment, and to file a reply to the oppositions to the motion for sanctions, plaintiff did not seek an extension of time to respond to the motion to stay discovery. (ECF No. 90.)

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). District courts also have "wide discretion in controlling discovery." Little v. City of Seattle, 863 F.3d 681, 685 (9th Cir. 1988). A district court "has broad discretion

////

8

to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)).

Defendants have filed a motion for summary judgment in which they allege plaintiff failed to exhaust his administrative remedies prior to filing the instant action, and that certain allegations are barred by the statute of limitations. Thus, the undersigned finds good cause to stay any discovery not related to the question of exhaustion of administrative remedies. Once defendants' motion for summary judgment has been resolved, the court will lift the stay and issue a further scheduling order, as appropriate.

III. Defendants' Renewed Motion to Stay

On January 3, 2017, defendants renewed their motion for a stay of discovery pending resolution of their dispositive motion. In light of the above, defendants' renewed motion for stay is denied as moot.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for sanctions (ECF No. 81) is denied;

2. Defendants' request to stay discovery (ECF No. 84) is granted;

3. Discovery is stayed pending resolution of defendants' motion for summary judgment; and

4. Defendants renewed motion to stay discovery (ECF No. 95) is denied as moot.

Dated: January 12, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cran0207.sanc