UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSEPH CRANE,<br><br>Plaintiff,<br><br>v.<br><br>RODRIGUEZ, et al.,<br><br>Defendants. | No. 2:15-cv-0208 TLN KJN P<br><br><br><br>ORDER |

Plaintiff filed two motions for extension of time. In his first motion, plaintiff seeks an extension of time to oppose defendant Weeks' motion for summary judgment. In his second motion, plaintiff seeks an extension of time to file a reply to defendant Weeks' opposition to plaintiff's motion to stay summary judgment.

Plaintiff is reminded that defendant Weeks joined in the remaining defendants' motion for summary judgment; thus, there is only one pending motion for summary judgment as to all defendants, filed on December 5, 2016. (ECF No. 84.) Plaintiff was granted a 45 day extension of time in which to oppose the motion on December 28, 2016. Plaintiff is not required to file a separate opposition as to defendant Weeks, but should only file one opposition to the December 5, 2016 motion.

Moreover, plaintiff subsequently moved to stay the court's decision on the motion for summary judgment pending ruling on plaintiff's request for Rule 56(d) discovery on the issue of

exhaustion. Defendant Weeks opposes plaintiff's motion, but the remaining defendants do not. As set forth below, the court finds that a reply is not required and therefore relieves plaintiff of his obligation to file a reply to the opposition to the motion for stay.[1]

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Rule 56(d) "requires discovery only where the non-moving party has not had the opportunity to discover information that is essential to its opposition." Roberts v. McAfee, Inc., 660 F.3d 1156, 1169 (9th Cir. 2011) (internal quotation marks and citation omitted).

As defendant Weeks argued, plaintiff was provided copies of plaintiff's administrative appeals and decisions in connection with the pending motion. (ECF Nos. 84-3-6.) However, plaintiff is entitled to discover evidence to rebut summary judgment, and has provided an affidavit, and propounded two sets of requests for production of documents which he claims will demonstrate exhaustion. (ECF No. 98 at 3.) In addition, defendants' motion for summary judgment was filed only days after the court issued its discovery and scheduling order on November 28, 2016. Therefore, the discovery deadline had not yet passed when the dispositive motion was filed. A district court has wide discretion to stay proceedings as part of its power to control the court's docket. Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)).

Accordingly, plaintiff's motion for stay of the pending motion for summary judgment is granted. Consideration of the motion for summary judgment is stayed pending completion of discovery on the issue of exhaustion. The November 28, 2016 discovery and scheduling order is vacated. Discovery on the issue of exhaustion shall close on March 14, 2017. Plaintiff shall file

---

[1] In his second motion, plaintiff claims that "it appears that these legal corporations are acting in collusion in filing contradictory motions," and that he believes he is being served with "unethical pleadings." (ECF No. 103 at 3.) As the court explained in its last order, defendant Weeks is represented by counsel separate from the remaining defendants. (ECF No. 97 at 8.) Counsel are representing their respective clients, and such representation may result in the filing of motions or oppositions that differ from one another.

his opposition to the motion for summary judgment on or before April 4, 2017. Defendants' replies shall be filed on or before April 18, 2017. The court will issue a revised scheduling order, if appropriate, following resolution of the motion for summary judgment.

The court is not inclined to further extend the deadlines set by this order.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for extensions of time (ECF Nos. 102, 103) are denied as moot;

2. Plaintiff's motion for stay (ECF No. 98) is granted;

3. The November 28, 2016 discovery and scheduling order (ECF No. 82) is vacated;

4. Discovery on the issue of exhaustion shall close on March 14, 2017;

5. Plaintiff shall file his opposition to the motion for summary judgment on or before April 4, 2017. Defendants' replies shall be filed on or before April 18, 2017; and

6. The undersigned stays consideration of defendants' motion for summary judgment (ECF No. 84) pending completion of discovery on the issue of exhaustion and briefing by the parties.

Dated: February 15, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cran0208.36