UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSEPH CRANE, | No. 2:15-cv-0208 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| RODRIGUEZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. On February 15, 2017, the discovery and scheduling order was vacated, and the parties were allowed to conduct discovery on the issue of exhaustion until March 14, 2017. (ECF No. 104.) The parties were advised that the court would issue a revised scheduling order, if appropriate, following resolution of the motion for summary judgment. (ECF No. 104 at 3.) Multiple motions are pending, which this court addresses below.

Plaintiff's Motions to File Amended Opposition

On February 15, 2017, plaintiff's opposition, signed February 12, 2017, was filed with the court, before plaintiff had benefit of the February 15, 2017 order. Since that date, plaintiff has filed multiple requests to file a revised opposition following completion of discovery. Defendants contend that plaintiff should not be granted leave to file a second opposition or sur-reply without complying with Rule 56(d)(1). In his March 13, 2017, motion, plaintiff explained that he filed his

opposition to the motion for summary judgment because he was unsure whether the court would grant his request for stay and permit discovery on the issue of exhaustion.

In light of the court's order granting leave to conduct discovery on the issue of exhaustion, which was filed the same day as plaintiff's opposition to the motion for summary judgment, the court is inclined to grant plaintiff leave to file an amended opposition on that basis alone. However, since then, defendants have filed a reply in which they withdrew portions of their motion for summary judgment. In addition, plaintiff subsequently filed a motion to compel discovery, for which briefing will not be completed until May 21, 2017. (ECF No. 128.)

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted).

In a § 1983 action, discovery usually occurs first, then the parties file dispositive motions. Because discovery responses are now at issue, and defendants have withdrawn portions of their motion for summary judgment, the undersigned vacates defendants' motion for summary judgment without prejudice to its renewal or re-filing[1] after the discovery disputes are resolved. Plaintiff's motions for extensions of time to file an amended opposition are denied as moot, and his motion to modify the scheduling order and for stay is also denied as moot.

Plaintiff's Multiple Requests for Sanctions

Plaintiff filed multiple requests for sanctions based on the withdrawal of defendant Weeks' motion to compel apparently because plaintiff had already mailed his responses to the motion. (ECF No. 113-14, 123, 125.) Plaintiff's requests are unfounded. Under the Federal Rules, defendant Weeks was permitted to file a motion to compel discovery when he had not received timely discovery responses. That plaintiff presented his opposition to the motion to compel to prison officials thirty minutes before he received defendant Weeks' notice of withdrawal does not provide a basis for this court to impose sanctions. As noted by defendant

---

[1] Defendants are granted leave to file an amended motion that omits those portions they now withdraw from their first motion. District courts have discretion to entertain successive motions for summary judgment. Hoffman v. Tonnemacher, 593 F.3d 908, 911 (9th Cir. 2010).

Weeks, parties are permitted to withdraw pleadings. See Fed. R. Civ. P. 11. Plaintiff's requests for sanctions are denied.

In his motion to modify, plaintiff requests sanctions based on his alleged challenges to two letters appended as exhibits. After reading the motion and the opposition, the undersigned finds no basis for the imposition of sanctions. Any confusion over the deadlines for producing discovery has been minimized by granting plaintiff an extension of time to file a reply to defendants' opposition to plaintiff's motion to compel.

Repeat Admonishment

Plaintiff was previously cautioned that requests for sanctions should be filed only in extraordinary circumstances. (ECF No. 97 at 7.) Federal Rule of Civil Procedure 37(b) provides that if a party "fails to obey an order to provide or permit discovery," the court may issue appropriate sanctions, including establishing facts as proven, striking pleadings, dismissal, rendering a default judgment against the disobedient party, or finding a party in contempt of court. Fed. R. Civ. P. 37(b)(2)(A). Rule 41(b) also provides the court with the discretion to dismiss an action if the plaintiff fails to prosecute his action or to comply with the Federal Rules or court orders. Fed. R. Civ. P. 41(b); See also E.D. Cal., Local Rules 110, 183(a).

By repeatedly seeking sanctions, plaintiff unnecessarily burdens the court and the parties by multiplying these proceedings, increasing the cost of this litigation. In addition, the record reflects that plaintiff filed multiple motions seeking the same relief before the court could address his prior motions. Plaintiff is advised that this court faces a very large prisoner caseload, and he should wait for the court's ruling rather than repeatedly file duplicate requests or motions. Multiple filings by plaintiff impinges on this court's ability to manage its heavy docket, and further delays the issuance of court rulings.

Thus, plaintiff is again cautioned that he should refrain from filing baseless requests for sanctions. In addition, plaintiff should exercise restraint and discretion in filing motions with the court.

////

////

Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for summary judgment (ECF No. 84) is vacated without prejudice to its renewal or re-filing after the discovery disputes are resolved;

2. Plaintiff's motions (ECF Nos. 115, 120, 126, 129) are denied as moot; and

3. Plaintiff's requests for sanctions (ECF Nos. 113, 114, 123, 125 & 129) are denied.

Dated: May 9, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cran0208.mots