UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSEPH CRANE,<br><br>Plaintiff,<br><br>v.<br><br>RODRIGUEZ, et al.,<br><br>Defendants. | No. 2:15-cv-0208 TLN KJN P<br><br><br><br>ORDER |

I. Introduction

    Plaintiff is a state prisoner, proceeding pro se. His in forma pauperis status was revoked. (ECF No. 50.) This action proceeds on plaintiff's second amended complaint against defendants Davey, Rodriguez, Robinette, Weeks, Barton, and Probst. (ECF No. 16.) Discovery unrelated to exhaustion has been stayed; discovery related to exhaustion closed on March 23, 2017. (ECF Nos. 82; 104.) Pending before the court is plaintiff's motion to compel discovery from all defendants except Weeks, and plaintiff's motion for a subpoena. As set forth below, plaintiff's motions are denied.

II. Motion to Compel

    A. The Parties' Positions

    On March 20, 2017, plaintiff filed a motion to compel further responses to his two requests for production of documents dated January 9 and 17, 2017. Plaintiff seeks documents

relevant to establish that both his CDCR 602 regarding the February 5, 2010 assault by inmate Washington, which he claims was staged by defendants, was screened out, and that the CDCR 602 staff complaint was rejected.[1] Plaintiff also seeks documents which the Office of the Inspector General used to determine the "Staff Complaint Process is Broken," during their 2015 special review of High Desert State Prison ("HDSP"). Plaintiff contends this report is essential to prove the staff complaint process was broken. Plaintiff asks for sanctions based on defendant Weeks' motion to compel which was later withdrawn.[2] Plaintiff asks the court to dismiss defendants' motion for summary judgment[3] as a discovery sanction. Plaintiff contends, *inter alia*, that defendants' objections are improper because they are based on state law, and claims that their overbreadth objection is without merit because the documents sought are relevant to his claims raised herein.

Defendants Davey, Rodriguez, Robinette, Barton, and Probst (hereafter "defendants") argue that the motion to compel should be denied because they have produced all responsive documents in their possession and control; plaintiff failed to meet and confer in good faith because his motion was filed eight days after his purported meet and confer letter was mailed. Defendants argue plaintiff's motions for sanctions are baseless and should be denied, and seek their reasonable expenses in the amount of $1750.00 incurred in opposing this motion.

In reply, plaintiff contends that he was required to file his motion to compel before the discovery deadline because the court's last order stated the court was not inclined to grant any further extensions of time. Plaintiff then discusses discovery requests and alleges nondisclosure of discovery concerning issues not raised in the instant motion to compel. Plaintiff argues that the

---

[1] Plaintiff clarifies that he is not seeking documents relevant to the January 16, 2013 stabbing in the GED class because he concedes no 602 appeal was filed concerning such incident. (ECF No. 118 at 3.)

[2] On May 9, 2017, plaintiff's motion for sanctions against defendant Weeks was denied. (ECF No. 131.)

[3] On May 9, 2017, defendants' motion for summary judgment (ECF No. 84) was vacated without prejudice. (ECF No. 131.) Although defendant Weeks did not file the May 9, 2017 motion, he joined the motion on December 12, 2016. (ECF No. 86.)

2

alleged nondisclosure suggests that defendants cannot be relied on to produce documents, or that their claim of lack of documents cannot be relied upon. (ECF No. 133 at 2.)

Because plaintiff raised new claims in his reply, defendants were granted leave to file a sur-reply. (ECF No. 137.) Defendants contend that they produced documents demonstrating that plaintiff exhausted his claims arising from the alleged January 22, 2011 assault, and have never claimed that plaintiff failed to exhaust such claims. (ECF No. 141 at 2.) Further, defendants argue that they did not fail to produce documents responsive to the March 1, 2013 assault because rejection was not responsive to plaintiff's request, and defendants withdrew their motion for summary judgment on claims arising from the 2013 incident because plaintiff provided evidence excusing his failure to exhaust. (ECF No. 141 at 3.) Finally, regarding plaintiff's request for documents underlying the OIG's 2015 Special Review at HDSP, defendants point out that on May 1, 2017, plaintiff provided a copy of a December 2, 2016 letter he received from the OIG explaining that the OIG could not produce the documents requested by plaintiff. (ECF No. 129 at 27.) Defendants argue that the OIG's letter demonstrates that plaintiff was aware, even before he filed the instant motion to compel, that defendants would be unable to obtain the requested documents from the OIG. Further, the letter also buttresses defendants' request for costs in opposing plaintiff's motion, and raises an inference that plaintiff proceeded with the instant motion in bad faith. (ECF No. 141 at 4.)

On June 15, 2017, plaintiff filed a document entitled "Plaintiff's Supplemental to Motion to Compel." (ECF No. 142.) Plaintiff discusses documents possibly contained in habeas petitions filed in state court. (Id.)

B. Applicable Legal Standards

Under Rule 26 of the Federal Rules of Civil Procedure, [p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

With respect to requests for production, a party may propound requests for production of documents that are within the scope of Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P.

3

34(a). A party objecting to a request for production must state the reasons for the objection. Fed. R. Civ. P. 33(b)(2)(B).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3) (B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

C. Discussion

Initially, the court recognizes that plaintiff's motion to compel was prematurely filed. Although the parties were not required to comply with Local Rule 251 in dealing with discovery disputes, they were still required to comply with Federal Rule of Civil Procedure 37, which requires a good faith effort to confer prior to seeking court intervention. However, because plaintiff was concerned that the court may not grant another extension of the discovery deadline, the undersigned reviews the motion.

Plaintiff provides copies of the requests for production of documents ("RFP") and defendants' responses thereto. What plaintiff does not do is specifically identify which responses he challenges. (ECF No. 118.) Despite initially claiming he seeks an order compelling discovery of the documents requested in both RFP's (ECF No. 118 at 3), he then narrows his motion by omitting the 2013 incident, and claims he solely seeks the rejections or screening-out of his appeal regarding the February 5, 2010 incident, as well as documents supporting the OIG report. (ECF No. 118 at 3-4, 5.) But he does not direct attention to the particular responses he challenges in the first RFP. Such omission is not problematic in addressing the second RFP because the second RFP is only three pages long, addressing two requests, both of which are focused on the Office of Inspector General ("OIG") 2015 special review of HDSP. (ECF No. 118 at 140-43.) He does mention "request no. 1" of the second RFP (ECF No. 118 at 4), but it is not clear his motion is limited to request no. 1.

On the other hand, plaintiff's first RFP is 16 pages long, addresses 15 requests for production of documents, and is accompanied by 140 pages of exhibits. The requests seek all manner of documents, including some not relevant to the exhaustion of administrative remedies. (ECF No. 118 at 79-94; 96-136.) This court is not required to ferret through the entire first RFP to determine which specific response plaintiff challenges. Plaintiff's motion for further responses to his first RFP is denied on that basis.

But to the extent he seeks documents relevant to establish that both his CDCR 602 regarding the February 5, 2010 assault by inmate Washington, which he claims was staged by defendants, was screened out, and that the CDCR 602 staff complaint was rejected, the court notes that despite their objections, defendants provided plaintiff with Appeal Nos. HDSP-B-11-00234 (regarding alleged January 22, 2011 in-cell assault); 1022923 (staff complaint) (ECF No. 118 at 87, 100-30; 131); and HDSP-B-10-00278 (regarding alleged February 5, 2010 incident) (ECF Nos. 118 at 132-36; 121-1 at 2-3.)). Moreover, defendants' lawyer recounts his myriad efforts undertaken to locate possible federal and state court records to find documents vaguely identified by plaintiff. (ECF No. 121-1 at 1-3.)

Plaintiff is advised that this court cannot order a defendant to produce documents that do not exist or are not in the defendant's possession or control. See Fed. R. Civ. P. 34(a) (1); see also United States v. Int'l Union of Petroleum & Indus. Workers, 870 F.2d 1450, 1452 (9th Cir. 1989) (a party seeking production of documents bears the burden of showing the opposing party has control over them). In addition, this court will not order defendants to produce documents that are equally accessible to plaintiff in his central file. See, e.g., Quezada v. Lindsey, 2014 WL 5500800 at *3 (E.D. Cal. Oct. 30, 2014) ("Since any ordinances and laws governing health and safety are public documents, which are equally available to Plaintiff, Defendants cannot be compelled to produce them."); Ford v. Wildey, 2014 WL 4354600 at * 4 (E.D. Cal. Sept. 2, 2014) ("Defendant indicates that any such documents are located in his central file for which Plaintiff has equal access. This response complies with Rule 34 of the Federal Rules of Civil Procedure."); Valenzuela v. Smith, 2006 WL 403842 at *2 (E.D. Cal. Feb. 16, 2006) (defendants will not be compelled to produce documents that are "equally available to plaintiff in his prison

medical file or in the prison law library.").

Here, plaintiff continues to seek documents allegedly appended to state habeas petitions he filed in state court. Such documents are not within defendants' possession, custody or control, and defendants are not required to scour court records, ad nauseum, until some document comes to light. Plaintiff argues that the burden of production for the failure to exhaust administrative remedies is on defendants and that their failure to provide documents reflecting that a particular appeal was rejected or screened out would preclude prisoners from bringing any federal lawsuits. Plaintiff appears to contend that his copies of these critical documents were confiscated from his cell and not returned.

However, such arguments are not pertinent to the pending motion to compel, but rather pertain to the issue of exhaustion of administrative remedies.[4] While plaintiff is correct that defendants have the burden to demonstrate plaintiff failed to exhaust his administrative remedies, plaintiff has the burden to demonstrate that he should be excused from such requirement:

Failure to exhaust is "an affirmative defense the defendant must plead and prove." Jones v. Bock, 549 U.S. 199, 204, 216 (2007). In Albino, the Ninth Circuit agreed with the underlying

////

---

[4] The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Proper exhaustion of available remedies is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" Woodford, 548 U.S. at 90. The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. See Booth, 532 U.S. at 741 n.6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. See Woodford, 548 U.S. at 90-93. "[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [] - rules that are defined not by the PLRA, but by the prison [or jail] grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88).

panel's decision[5] "that the burdens outlined in Hilao [v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996),] should provide the template for the burdens here." Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc) (hereafter "Albino"). A defendant need only show "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino, 747 F.3d at 1172. Once the defense meets its burden, the burden shifts to the plaintiff to show that the administrative remedies were unavailable. See Albino, 747 F.3d at 1172; Draper v. Rosario, 836 F.3d 1072, 1080 (9th Cir. 2016) (inmate did not meet his burden when he failed to identify any actions prison staff took that impeded his ability to exhaust his administrative remedies, or otherwise explain why he failed to comply with the administrative remedies process).

In his un-authorized supplemental filing,[6] plaintiff continues to argue that the documents he needs are appended to one of his habeas petitions filed in state court. Thus, such documents are not in the possession, custody or control of defendants. Moreover, plaintiff's own filings in state court are equally accessible to plaintiff. Plaintiff's motion to compel further responses to the request for production of documents, set one, is denied.

Turning to the second topic, plaintiff seeks

> all documents related to the [OIG] 2015 special Review: [HDSP], Susanville, CA, by Robert A. Barton, Inspector General, on the issue of inmate appeals and staff complaints, used by the Inspector General to find that "The inmate appeals system at HDSP is not functioning adequately and the staff complaint process is broken."

(ECF No. 118 at 141.) Plaintiff also seeks all documents "concerning any of the named

---

[5] See Albino v. Baca, 697 F.3d 1023, 1031 (9th Cir. 2012). The three judge panel noted that "[a] defendant's burden of establishing an inmate's failure to exhaust is very low." Id. at 1031. Relevant evidence includes statutes, regulations, and other official directives that explain the scope of the administrative review process. Id. at 1032.

[6] Plaintiff did not seek leave of court to file a response to defendants' sur-reply. Liberal construction of pro se pleadings does not excuse pro se litigants from adhering to the rules of procedure. See U.S. v. Merrill, 746 F.2d 458, 465 (9th Cir. 1984). "Pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Plaintiff is warned that his failure to comply with the rules may result in the imposition of sanctions, including a recommendation that his action be dismissed. Fed. R. Civ. P. 11.

7

defendants in this case committing misconduct, excessive force, or criminal offenses at HDSP. (ECF No. 118 at 142.) Defendants objected on the grounds that the requests called for speculation because defendants do not know what documents are related to the OIG's special review; the request was overbroad and sought documents not relevant herein; and defendants lodged other generic objections in light of defendants' inability to determine what documents the OIG used in rendering the 2015 special report. (ECF No. 118 at 141-43.)

Defendants' objections are well-taken and sustained. Moreover, the record reflects that on December 2, 2016, Chief Counsel for the Inspector General wrote plaintiff a letter informing him that the California Public Records Act "specifically exempts certain records from disclosure: (f) records of complaints to, or investigations conducted by . . . any other state or local agency for correctional . . . purposes. . . . (k) Records, the disclosure of which is exempted or prohibited pursuant to federal or state law, including but not limited to, provisions of the Evidence Code relating to privilege." (ECF No. 129 at 27.) Further, investigation materials underlying an OIG report fall within exemption (f), and that "exemption (k) incorporates the 'official information' privilege found in Evidence Code, section 1040, which also applies to the OIG's work." (ECF No. 129 at 27.) "[C]ertain books, papers, records, and correspondence of the OIG pertaining to its work are not considered 'public records subject to' the Public Records Act," and are not subject to discovery. (ECF No. 129 at 27.) In addition, the OIG is constrained by the privacy rights of the individuals involved, and the confidentiality of the information to which the OIG has access, and the peace officer personnel files are also confidential, producible only by court order under a Pitchess motion. (ECF No. 129 at 27-28.) Finally, plaintiff was informed that it is a misdemeanor for the Inspector General or any OIG employee or former employee "to divulge or make known in any manner not expressly permitted by law to any person not employed by the Inspector General any particulars of any record, document, or information the disclosure of which is restricted by law from release to the public." (ECF No. 129 at 28.) Counsel advised plaintiff that "we are legally prohibited from producing any of the information you seek." (Id.")

Thus, this December 2, 2016 letter put plaintiff on notice that any of the records supporting the OIG 2015 special review were not in the possession, custody, or control of

defendants in this action. Yet, plaintiff included his request for such documents in his motion to compel filed in March of 2017.

Because plaintiff's motion to compel seeks documents that are not in the custody, possession or control of defendants, his motion is not well-taken and is denied.

D. Request for Expenses

The court turns now to defendants' request for their reasonable expenses, $1,750.00, incurred in responding to plaintiff's motion. Defendants' counsel, who charges $175.00 per hour, declares he has conservatively spent ten hours opposing plaintiff's motion to compel, not including time spent by support staff or his supervisor, and counsel's efforts included organizing all of the discovery requests and responses between the parties to date; assembling the requests and responses into chronological exhibits (103 pages); drafting his declaration (8 pages) and the memorandum of points and authorities (12 pages). (ECF No. 121-1 at 8.)

Plaintiff did not address defendants' request for expenses. (ECF No. 133.)

The Federal Rules of Civil Procedure provide that

> [i]f the motion [to compel] is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B). Plaintiff's pro se status does not insulate him from sanctions for failure to respond to discovery. See Sanchez v. Rodriguez, 298 F.R.D. 460, 470 (C.D. Cal. 2014) (pro se status "does not excuse intentional noncompliance with discovery rules."); Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994) (a court cannot decline to impose sanctions simply because a plaintiff is proceeding pro se); Shabazz v. Giurbino, 2016 WL 4992684, at *2 (E.D. Cal. Sept. 19, 2016) (Because plaintiff's opposition to the motion to compel was not justified, reasonable expenses of attorney's fees should be assessed against plaintiff.)

Because plaintiff's motion to compel was not substantially justified, and he did not address the issue of expenses in his reply, plaintiff shall show cause, within 21 days, why he

9

should not be required to pay defendants' reasonable attorney's fees in the amount of $1,750.00. Plaintiff's response to the order to show cause shall not exceed five pages. Failure to respond to this order will result in an order granting defendants' request.

      E. <u>Defendant Weeks</u>

On March 27, 2017, defendant Weeks filed a response to plaintiff's motion to compel. (ECF No. 119.) Defendant Weeks' filing was not required because plaintiff did not seek to compel further discovery responses from defendant Weeks, but rather the remaining defendants. However, in his motion to compel, plaintiff used the term "defendants," requiring defendant Weeks to file a statement of no position on the motion.

Predictably, yet despite plaintiff's motion to compel not addressing any discovery responses by defendant Weeks, plaintiff filed a reply to defendant Weeks' response. (ECF No. 125.) Rather than concede that plaintiff did not seek further discovery responses from defendant Weeks, plaintiff continues his attack on the earlier motion to compel filed by defendant Weeks, despite Weeks' formal withdrawal of such motion, argues the merits of plaintiff's claims, referring to another correctional officer who is not a party herein, and then seeks $1,000.00 in sanctions from defendant Weeks for filing his motion to compel. As set forth above, plaintiff's motion for sanctions against defendant Weeks for filing the motion to compel was subsequently denied. But plaintiff's filing in response to the instant motion to compel was inappropriate, impertinent, and is stricken from the record.[7]

---

[7] District courts enjoy an inherent power to manage and control their own dockets. <u>See, e.g.</u>, <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936) (affirming "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). Such inherent power includes the authority to sanction procedural impropriety in an appropriate manner. <u>See</u>, e.g., <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 44-45 (1991) (noting that "[a] primary aspect" of the courts' inherent power "is the ability to fashion an appropriate sanction for conduct which abuses the judicial process;" holding that because "outright dismissal of a lawsuit . . . is within the court's discretion," in consequence less severe sanctions are "undoubtedly within a court's inherent power as well"); <u>Atchison, T. & S.F. Ry. v. Hercules Inc.</u>, 146 F.3d 1071, 1074 (9th Cir. 1998) ("well established that district courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion") (citations, internal quotation marks omitted); <u>see also</u> <u>Lamos v. Astrue</u>, 2008 U.S. App. LEXIS 9143 (9th Cir. 2008) (unpublished disposition) (affirming inherent power of the courts to strike documents other than pleadings from the docket;

III. Subpoena

On May 30, 2017, plaintiff filed a request that the court issue a subpoena duces tecum to Robert A. Barton, Inspector General of California. (ECF No. 134.) Plaintiff seeks "[d]ocuments from December 2015 Special review of High Desert State Prison used to determine that the staff complaint process was broken and the finding related to this determination, "and appended a copy of OIG Chief Counsel's December 2, 2016 letter discussed above. (Id.) It appears from plaintiff's arguments in connection with his motion to compel that he believes the subpoenaed material is necessary to demonstrate that the administrative appeal process at HDSP is broken, rendering such administrative remedies unavailable to plaintiff.

A district court has "wide latitude in controlling discovery," and decisions governing discovery are "highly fact-intensive." In re Anonymous Online Speakers, 661 F.3d 1168, 1176 (9th Cir. 2011) (quoting White v. City of San Diego, 605 F.2d 455, 461 (9th Cir. 1979)). The Ninth Circuit has noted that judges may conduct evidentiary hearings in order to determine whether a claim has been exhausted prior to bringing suit as required by the Prison Litigation Reform Act (PLRA), codified at 42 U.S.C. § 1997e(a). Albino, 747 F.3d at 1170. The Ninth Circuit has also recognized that in doing so, "[i]f discovery is appropriate, the district court may in its discretion limit discovery to evidence concerning exhaustion, leaving until later -- if it becomes necessary -- discovery directed to the merits of the suit." Id. For example, a court may limit discovery if it determines that "the discovery is: (1) unreasonably cumulative or duplicative; (2) obtainable from another source that is more convenient, less burdensome, or less expensive; or (3) the burden or expense of the proposed discovery outweighs its likely benefit." Mailhoit v. Home Depot U.S.A., Inc., 285 F.R.D. 566, 571 (C.D. Cal. 2012) (quoting Favale v. Roman Catholic Diocese of Bridgeport, 235 F.R.D. 553, 558 (D. Conn. 2006)). In addition, courts have a duty to ensure that any Rule 45 subpoena would not impose an undue burden or expense on a third party. Fed. R. Civ. P. 45(d)(1).

////

---

Centillium Communs., Inc. v. Atl. Mut. Ins. Co., 2008 U.S. Dist. LEXIS 20719 (D. Cal. 2008) (striking a procedurally improper motion pursuant to the court's inherent power).

11

Here, plaintiff has the 2015 special report; indeed, he appended it to his motion to compel. (ECF No. 118 at 10-77.) What plaintiff seeks is the underlying investigative information on which the report is based. However, such information is, at best, tangential, and broad discovery of such information for the purpose of proving there are deficiencies in HDSP's inmate appeal process is not supportable.[8] Fed. R. Evid. 401; Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 45; Albino, 747 F.3d at 1170-71. An agency report containing findings regarding problems with the appeal process at HDSP is relevant to plaintiff's position that administrative remedies were unavailable. However, the investigative data underlying the report is too attenuated given that any order addressing the exhaustion of such remedies will not extend to general deficiencies in HDSP's appeal process. The report notes the OIG examined

> applicable laws, policies, and procedures; revisited past reports and media accounts; interviewed staff and inmates formerly assigned to HDSP; reviewed complaints filed by former HDSP staff and deposition testimony from the *Jones v. Cate* litigation; reviewed inmate appeals, disciplinary actions, confidential inmate files, and complaints against staff; reviewed misconduct allegation inquiry reports, internal affairs investigation reports, and death review reports; and actively monitored 20 misconduct investigations involving HDSP staff.

(ECF No. 118 at 14.)[9] In addition, as to inmate appeals, OIG staff reviewed "dozens of complaints, filed by both inmates and staff, related to the processing of inmate appeals," including allegations that "appeals were being destroyed or discarded," "appeals were being read by officers," "staff complaints were never addressed," and "appeals were being shredded by Appeals Office staff." (ECF No. 118 at 42.) Almost none of this information would be potentially relevant to the narrow issues of fact to be decided concerning plaintiff's administrative appeals, particularly in connection with claims that an appeal was improperly cancelled or

---

[8] See Sanchez v. City of Santa Ana, 936 F.3d 1027, 1033-34 (9th Cir. 1990) (recognizing qualified privilege for official information under federal common law); Rogers v. Giurbino, 288 F.R.D. 469, 481 (S.D. Cal. 2012) (describing balancing test for material subject to official information privilege).

[9] Calif. Office of Inspector General, 2015 Special Review: High Desert State Prison, Susanville, CA (2015), available at https://www.oig.ca.gov/media/reports/Reorts/Reviews/2015_Special Review_-_High_ Desert_ State_ Prison.

12

rejected. The burden and expense of ordering this discovery sought by plaintiff outweighs any likely benefit. Thus, plaintiff's request for the subpoena is denied.

IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 118) is denied;

2. Within 21 days from the date of this order, plaintiff shall show cause why he should not be required to pay defendants' $1750.00 reasonable attorney's fees in opposing plaintiff's motion to compel; plaintiff's response to the order to show cause shall not exceed five pages in length;

3. The Clerk of the Court shall strike plaintiff's reply to defendant Weeks' response (ECF No. 125); and

4. Plaintiff's request for subpoena (ECF No. 134) is denied.

Dated: October 18, 2017

/cran0208.mtc

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE