UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSEPH CRANE,<br><br>    Plaintiff,<br><br>    v.<br><br>RODRIGUEZ, et al.,<br><br>    Defendants. | No. 2:15-cv-0208 TLN KJN P<br><br><br><br>ORDER |

I. Introduction

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff filed a motion styled, "Motion to Leave of Court to File Plaintiff's Motion for Summary Judgment or Summary Adjudication on Exhaustion of Administrative Remedies." (ECF No. 145.) Before the court ruled on plaintiff's motion for leave, on August 16, 2017, he filed a document styled, "Plaintiff's Opposition to Defendant R. Weeks' Motion for Judgment on the Pleadings, and Plaintiff's Cross-Motion for Summary Adjudication."[1] (ECF No. 147.) Defendants Barton, Davey, Probst, Robinette, and Rodriguez filed an opposition to the cross-motion, to which defendant Weeks joined. (ECF Nos. 150, 151.) As set forth below, plaintiff's motions are denied.

////

---

[1] Defendant Weeks' motion is addressed in separate findings and recommendations.

II. Motion for Leave of Court

In his motion for leave of court, plaintiff seeks leave to file a motion for summary judgment or adjudication to resolve the remaining issues of exhaustion of administrative remedies. However, failure to exhaust is "an affirmative defense the defendant must plead and prove." Jones v. Bock, 549 U.S. 199, 204, 216 (2007). In Albino, the Ninth Circuit agreed with the underlying panel's decision[2] "that the burdens outlined in Hilao [v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996),] should provide the template for the burdens here." Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014) (*en banc*) (hereafter "Albino"). A defendant need only show "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino, 747 F.3d at 1172. Because the exhaustion of administrative remedies is an affirmative defense, plaintiff's motion for leave to file a motion for summary judgment or summary adjudication on the issue of exhaustion of administrative remedies is denied. If defendants opt not to renew their motion for summary judgment on the issue of exhaustion of administrative remedies, this action will proceed on the merits of plaintiff's claims that are not barred by the statute of limitations.[3]

III. Cross-Motion for Summary Adjudication

At the bottom of plaintiff's August 16, 2017 "cross-motion," plaintiff requested "summary adjudication of the widespread excessive force by guards on Facility B at High Desert, and failure to protect violence, and deny R. Weeks' motion for judgment on [the] pleadings." (ECF No. 147 at 8.)

////

---

[2] See Albino v. Baca, 697 F.3d 1023, 1031 (9th Cir. 2012). The three judge panel noted that "[a] defendant's burden of establishing an inmate's failure to exhaust is very low." Id. at 1031. Relevant evidence includes statutes, regulations, and other official directives that explain the scope of the administrative review process. Id. at 1032.

[3] In their motion for summary judgment, defendants argued that plaintiff had not exhausted his administrative remedies as to some claims, and that some claims are barred by the statute of limitations. (ECF No. 84.) Subsequently, defendants withdrew a portion of their motion concerning exhaustion, and the motion for summary judgment on exhaustion was vacated pending discovery. (ECF No. 131.)

As argued by defendant Weeks, plaintiff's "cross-motion" is procedurally deficient because defendant Weeks moved for judgment on the pleadings, governed by Rule 12(c) of the Federal Rules of Civil Procedure, and any motion for summary judgment is governed by Rule 56. Thus, plaintiff's filing is not properly a "cross-motion." In addition, plaintiff did not file and serve a notice of motion as required under Rule 6(c)(1) of the Federal Rules of Civil Procedure as well as Local Rule 230(l). Also, plaintiff's request fails to comply with Rule 56(a) by not identifying what claims or parts of claims on which his request is based, and wholly fails to comply with Local Rule 260(a). Although he attached declarations, he does not reference a particular declaration in connection with his cross-motion, as he did in connection with his opposition to the motion for judgment on the pleadings. As argued by defendants Barton, Davey, Probst, Robinette, Rodriguez, this action is not proceeding on a claim that there is "widespread excessive force by guards on facility B at High Desert, and failure to protect violence." (ECF No. 150 at 3-4.) The instant action proceeds solely on First and Eighth Amendment claims based on alleged retaliation and excessive force. Finally, plaintiff fails to demonstrate that there are no material disputes of fact at issue in this action. Plaintiff's motion is denied without prejudice based on the procedural grounds noted above.

As an aside, the court notes that plaintiff again relies heavily on the 2015 Special Review of High Desert State Prison issued by the Office of the Inspector General. But such report, standing alone, is insufficient to demonstrate defendants' liability herein. Rather, in order to prevail on the First Amendment claims raised herein, plaintiff must adduce evidence that each defendant set him up for assault by other inmates and/or used force against plaintiff because plaintiff exercised his First Amendment rights, and such actions chilled plaintiff's First Amendment rights and were not undertaken to advance legitimate penological purposes. See Rhodes v. Robinson, 408 F.3d 559, 567-568 (9th Cir. 2005) (setting out elements of a First Amendment retaliation claim within the prison context); see also Farmer v. Brennan, 511 U.S. 825, 833-834 (1994) (prison authorities have a duty to take reasonable measures to guarantee the safety of the inmates). Further, to succeed on a claim of excessive force, plaintiff must show that a defendant used force against him maliciously and sadistically to cause harm, rather than in a

good-faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). To determine whether the evidence establishes such a scenario, the factfinder may consider: (1) the need for force; (2) the relationship between that need and the amount of force used; (3) the threat reasonably perceived by the officer; (4) the extent of injury suffered by the plaintiff; and (5) any efforts made to temper the severity of the forceful response. Id. at 7.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave (ECF No. 145) is denied; and

2. Plaintiff's "cross-motion" (ECF No. 147) is denied without prejudice.

Dated: October 20, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cran0208.pmsj