UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSEPH CRANE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RODRIGUEZ, et al.,<br><br>　　　　Defendants. | No. 2:15-cv-0208 TLN KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

I. Introduction

Plaintiff is a state prisoner, proceeding pro se. Plaintiff's in forma pauperis status was revoked. Defendant Weeks filed a motion for judgment on the pleadings as to plaintiff's retaliation claim against defendant Weeks. As set forth below, the undersigned recommends that defendant Weeks' motion for judgment on the pleadings be denied.

II. The Parties' Positions

Defendant Weeks argues that plaintiff's allegations against Weeks are solely embodied in paragraphs 31 and 32, and are devoid of facts supporting a First Amendment retaliation claim, only including facts supporting plaintiff's Eighth Amendment claim against defendant Weeks. Defendant contends that there is no allegation that Weeks took an adverse action against plaintiff because of any protected activity by plaintiff, that such action chilled plaintiff's exercise of protected conduct, and that the action did not reasonably advance a legitimate correctional goal.

While plaintiff asserts that defendants Weeks and Robinette conspired to have plaintiff attacked, there are no facts that suggest their alleged conspiracy to have plaintiff attacked was due to any protected conduct engaged in by plaintiff. Defendant Weeks contends that the only specific factual allegations supporting retaliation pertain to defendant Robinette. (ECF No. 14-1 at 5, citing ECF No. 16 at ¶¶ 35-37.) Despite plaintiff's later claim that "defendants" violated his right to be free from reprisal for exercising his right of access to the courts, such conclusory allegation is insufficient because there are no underlying facts alleged to establish the elements of a retaliation claim.

In opposition, plaintiff argues that defendant's motion fails because defendant argues that plaintiff is purportedly required to establish that Weeks had a retaliatory motive in setting up the inmate attack against plaintiff, despite case law demonstrating that prisoners can establish retaliatory motive by circumstantial evidence, such as timing. (ECF No. 147 at 2.) Plaintiff claims that the attacks were orchestrated just after his release from administrative segregation, and plaintiff was called to the office by Weeks using plaintiff's name to identify plaintiff to the assailants. Also, plaintiff claims "Weeks was a major party to the lawsuit plaintiff was pursuing against Captain Davey, and plaintiff had filed numerous declarations accusing Weeks of assaults and staging inmate attacks" seeking injunctive relief against Weeks, Davey, and other guards. (ECF No. 147 at 3, citing his Exhibits B, C & D (ECF No. 147 at 12-20).) Plaintiff recounts that he witnessed defendant Weeks open a cell door on July 30, 2010, "on a request for an assailant to attack plaintiff's neighbor" while the inmate was sleeping. (ECF No. 147 at 3.) Plaintiff claims that defendant Weeks told other prisoners that plaintiff was a "child molester," and told plaintiff: "You need to stop telling on people." (ECF No. 147 at 4.)

Plaintiff contends that defendant Weeks was "causing a reign of terror against inmates who[] . . . assert their right to exercise free speech, and file administrative appeals," and alleges there are numerous cases in the Eastern District accusing Weeks of assaults and retaliation. (ECF No. 147 at 4-5.) Plaintiff reiterates his Eighth Amendment allegations against defendant Weeks, and references the affidavit of inmate Joseph Lopez who declares he witnessed the March 1, 2013 assault. (ECF No. 147 at 5, citing ECF No. 147 at 24.) Plaintiff contends that "overwhelming

evidence shows . . . Weeks was involved in both the January 16, 2013 attempted murder by Dolihite, and tried to secure plaintiff's silence." (ECF No. 147 at 5.) Plaintiff contends that his allegations of a conspiracy among the defendants supports his claim that defendant Weeks retaliated against plaintiff. (ECF No. 147 at 6.) Plaintiff contends that in March of 2011 he and other prisoners at HDSP testified concerning another inmate's in-cell attack, and five days later Warden McDonald was allegedly fired as warden due to these victims' statements. (ECF No. 147 at 7.) Plaintiff asks the court to take judicial notice of the 2015 Special Review: High Desert State Prison, Susanville, CA, issued by the Office of the Inspector General ("OIG") (ECF No. 147 at 8, citing ECF No. 147 at 26-145), as well as his civil rights action against Warden McDonald and Captain Davey, Crane v. McDonald, No. 2:11-cv-0663 KJM CKD (E.D. Cal.), "for denial of outdoor exercise for years, and numerous in-cell murders instigated by guards." (ECF No. 147 at 8.)

In reply, defendant argues that the OIG's report is not appropriate for judicial notice because the court may not take judicial notice of a fact that is "subject to reasonable dispute," and the report itself is not relevant to plaintiff's claims against defendant Weeks because neither Weeks' nor plaintiff's names are mentioned in the report, and the report does not address retaliation. (ECF No. 149 at 2.) Defendant does not oppose the court taking judicial notice of plaintiff having filed case No. 2:11-cv-0663 KJM CKD, and argues that such case supports his argument that the only facts alleging retaliation in plaintiff's pleading implicate only defendant Davey, inasmuch as plaintiff alleged he brought suit against Davey in the past and served various other process upon Davey in 2012 (ECF No. 16 at ¶¶ 35-37). (ECF No. 149 at 2.)

Defendant agrees that allegations of a chronology of events can raise an inference of retaliation, but contend plaintiff's second amended complaint contains no such chronology as to defendant Weeks. Defendant points out that despite plaintiff's statement that Weeks was "a major party to the lawsuit against Davey," Weeks was not named as a defendant in case No. 2:11-cv-0663 KJM CKD. In addition, plaintiff's claim that he filed numerous declarations in case No. 2:11-cv-0663 KJM CKD accusing Weeks of assaults and staging inmate attacks in a motion for injunctive relief, defendant Weeks argues that plaintiff did not include such allegations in his

3

operative pleading. (ECF No. 149 at 5.) Similarly, plaintiff's other factual allegations he set forth in his opposition are not pled in the second amended complaint. (Id.) In addition, plaintiff fails to demonstrate how Weeks' purported acts against other inmates are relevant to plaintiff's own protected activity which is at issue in a retaliation claim. Finally, defendant argues that in order to avoid dismissal, the operative pleading must have more than "naked assertions," and include sufficient factual allegations "to raise a right to relief above the speculative level;" plaintiff's two paragraphs regarding defendant Weeks are insufficient. (ECF No. 149 at 5.)

III. Request for Judicial Notice

Federal Rule of Evidence 201 permits the Court to take judicial notice at any time. A judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy reasonably cannot be questioned. Fed. R. Evid. 201(b).

Courts may take judicial notice of facts related to the case before it. Amphibious Partners, LLC v. Redman, 534 F.3d 1357, 1361-1362 (10th Cir. 2008) (district court was entitled to take judicial notice of its memorandum of order and judgment from previous case involving same parties). This Court may judicially notice the records and filing of other court proceedings. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Bennett v. Medtronic, Inc., 285 F.3d 801, 802 n.2 (9th Cir. 2002).

Defendant's objection to plaintiff's request for judicial notice of the OIG report is well-taken and sustained. The OIG special review is an investigative report and does not set forth facts not subject to reasonable dispute. The report does not specifically address the incidents plaintiff challenges in this action, does not include plaintiff's name, and does not even address the issue of retaliation. (ECF No. 147 at 28-145.) In its review of use of force incidents, the OIG examined documents from January 1, 2014, through June 30, 2015, well after the 2011 and 2013 incidents plaintiff challenges here. (ECF No. 147 at 65.) Plaintiff's request to take judicial notice of the OIG 2015 special review is denied.

////

Plaintiff's request to take judicial notice of his civil rights action, No. 2:11-cv-0663 KJM CKD, is proper, and is granted.

IV. Legal Standards: Motion for Judgment on the Pleadings

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." Id. Judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012). "Rule 12(c) is functionally identical to Rule 12(b)(6) and the same standard of review applies to motions brought under either rule." Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1053, 1054 n.4 (9th Cir. 2011) (internal quotations and citation omitted).

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings. Vega v. JPMorgan Chase Bank, N.A., 654 F.Supp.2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain" statement of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "A complaint may survive a motion to dismiss if, taking all well-pleaded factual allegations as true, it contains 'enough facts to state a claim to relief that is plausible on its face.'" Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 556 U.S. at 678). The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and

quotation marks omitted).

Judgment on the pleadings is also proper when there is either a "lack of cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (in the context of a Rule 12(b)(6) motion); Robertson v. Dean Whitter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984) (same; pro se plaintiff failed to plead any facts from which essential element could be inferred).

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted); see also Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 981 n.18 (9th Cir. 1999) (Extrinsic evidence that is subject to judicial notice may be properly considered in a Rule 12(c) motion.) If matters outside the pleadings are considered, the motion shall be treated as one for summary judgment. Fed. R. Civ. P. 12(c).

If the motion for judgment on the pleadings is granted, leave to amend should be granted unless it is clear the complaint cannot be saved by amendment. Jackson v. Barnes, 749 F.3d 755, 766-67 (9th Cir. 2014) (district court erred in granting judgment on the pleadings and not permitting amendment where it was not absolutely clear the deficiencies were not curable); Harris v. Cnty. of Orange, 682 F.3d 1126, 1131 (9th Cir. 2012) (district court erred in granting motion for judgment on the pleadings without giving leave to amend).

V. Elements of a Retaliation Claim

Under the First Amendment, prisoners have a right to "pursue civil rights litigation in the courts," and to file grievances against prison officials, and to be free from retaliation for doing so. Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995) (civil rights litigation); Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (grievances). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and

(5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). An allegation of harm may be sufficient even if an inmate cannot allege a chilling effect. Id. In order to prevail on a retaliation claim, plaintiff must demonstrate that he engaged in protected conduct and that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). In the context of a retaliation claim brought by an inmate, the plaintiff must also demonstrate an absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (citing Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985)).

VI. Discussion

Taking plaintiff's allegations as true, and liberally construing his second amended complaint, the court finds that defendant Weeks reads the pleading too narrowly. The adverse action taken by defendant Weeks is the inmate attack on plaintiff on March 1, 2013, purportedly orchestrated by defendants Weeks and Robinette. Such action could not reasonably advance a legitimate correctional goal, and would chill an inmate's exercise of his First Amendment rights, but plaintiff also alleges he was seriously injured in the attack. The sole issue then is whether plaintiff has alleged sufficient facts to demonstrate that the attack was orchestrated because of plaintiff's protected conduct.

Defendant Weeks is correct that plaintiff does not specifically identify the protected conduct in either paragraph 31 or 32 of the operative pleading. (ECF No. 16 at 7-8.) However, in his cause of action for retaliation, he alleges that all of the defendants acted in concert and through conspiracy to label plaintiff as a "snitch," and incite other prisoners to abuse and assault plaintiff "for his litigation activities, specifically for suing prison officials for outdoor exercise and for staged assaults and murders." (ECF No. 16 at 14.) Such litigation is identified as Crane v. McDonald, No. 2:11-cv-0663 KJM CKD P (E.D. Cal.).[1] Although Weeks was not named as a

---

[1] In his opposition, plaintiff refers to various declarations he allegedly filed in case No. 2:11-cv-0663 KJM CKD. However, plaintiff filed more than one motion for injunctive relief in such case, and he failed to sufficiently identify the motion to enable the court to even locate the declarations, let alone review them. Thus, the court did not consider any of the declarations filed in case No.

7

defendant in case No. 2:11-cv-0663 KJM CKD, Captain Davey was named as a defendant. In paragraph 38 of the pleading, plaintiff alleges that rather than ordering protection for plaintiff, defendant Davey "allowed, and/or sanctioned the January 16, 2013 attempted murder, and the March 1, 2013 battery with serious bodily injury by both inmates and guards, including [defendants] Robinette, and Weeks." (ECF No. 16 at 8.) Although not dispositive of plaintiff's retaliation claim, case No. 2:11-cv-0663 KJM CKD was pending on March 1, 2013, and was not terminated until September 30, 2014, when defendants were granted summary judgment. Id. Such allegations raise a possible inference that defendant Davey "allowed" or "sanctioned" the alleged staged assault on plaintiff because of plaintiff's civil rights suit against Davey. Therefore, plaintiff's cause of action for retaliation, read together with his allegations in paragraphs 31, 32 and 38, provide facial plausibility for the court to reasonably infer that defendant Weeks could be liable for such misconduct.[2] Although plaintiff's First Amendment allegations against defendant Weeks are not very detailed, they are sufficient to preclude judgment on the pleadings.

VI. Conclusion

Accordingly, IT IS HEREBY ORDERED that plaintiff's request to take judicial notice of the OIG 2015 special review is denied; and his request to take judicial notice of his civil rights action, no. 2:11-cv-0663 KJM CKD, is granted.

Further, IT IS RECOMMENDED that defendant Weeks' motion for judgment on the pleadings (ECF No. 140) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

---

2:11-cv-0663 KJM CKD in deciding the instant motion. In addition, absent facts not alleged here, plaintiff's claims that defendant Weeks took some action against a third party in 2010, or that other assault or retaliation claims have been pursued against defendant Weeks by different inmates on other occasions, are not relevant to the instant motion.

[2] Of course, to prevail at trial (or on a motion for summary judgment on the merits), plaintiff must adduce evidence, circumstantial or otherwise, that defendant Weeks set plaintiff up for assault by other inmates on March 1, 2013, because of plaintiff's litigation activity.

8

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 20, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cran0208.jop