UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSEPH CRANE, | No. 2:15-cv-0208 TLN KJN P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RODRIGUEZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. Defendants' motion requiring plaintiff to post $8500.00 in security and request to stay is pending.[1] As set forth below, the court recommends that the motion requiring security be denied, and the stay be granted pending review by the district court.

I. <u>Plaintiff's Claims</u>

In his second amended complaint, plaintiff alleges that from 2009 to 2013, defendants Davey, Rodriguez, Robinette, Weeks, Barton, and Probst staged or facilitated various inmate assaults against plaintiff in retaliation for plaintiff's litigation activities, in violation of the First Amendment, and that some defendants used excessive force or failed to take steps to protect plaintiff, in violation of the Eighth Amendment. (ECF No. 16.)

---

[1] Defendant Weeks did not join in this motion. (ECF No. 155.) All subsequent references to "defendants" are to defendants Davey, Rodriguez, Probst, Barton, and Robinette.

1

## II. Revocation of Plaintiff's In Forma Pauperis Status

Initially, plaintiff objects that defendants' motion requiring security is barred under the law of the case doctrine because defendants rely on the same filings used to revoke plaintiff's in forma pauperis status under 28 U.S.C. § 1915(g). (ECF No. 40, 50.)

Under the "law of the case" doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." Thomas v. Bible, 983 F.2d 152, 154 (9th Cir.), cert. denied, 508 U.S. 951 (1993). The doctrine is not a limitation on a tribunal's power, but rather a guide to discretion. Arizona v. California, 460 U.S. 605, 618 (1983).

Here, the legal standards governing revocation of in forma pauperis status under § 1915(g) are different from those governing whether a litigant is a vexatious litigant who is required to post security under Local Rule 151(b). In other words, a prisoner deemed to be three-strikes barred under § 1915(g) is not necessarily a vexatious litigant under Local Rule 151(b). Therefore, defendants' motion requiring security is not barred by the doctrine of law of the case.

## III. Defendants' Motion for Security

In support of defendants' motion for security, under Local Rule 151(b), defendants first assert that plaintiff is a vexatious litigant under California law, and identify seven pro se cases that have been filed by plaintiff within the past seven years that defendants claim have been unsuccessful. (ECF No. 155 at 6-7; see also Cal. Civ. Proc. Code § 391(b)(1) (vexatious litigant defined).) In addition, defendants contend that plaintiff has repeatedly submitted unmeritorious and frivolous filings in the instant action, for which the court has admonished him on two occasions (ECF Nos. 97, 131, 258). (ECF No. 155 at 7; 168 at 6.) Defendants argue that because they only seek an order requiring the posting of security, this court must look solely to state law, specifically § 391, to evaluate whether plaintiff is a vexatious litigant. In further compliance with the state statute, defendants also argue that there is no reasonable probability that plaintiff will prevail on the merits of any of his claims in this action. (ECF No. 155 at 8-13.)

Importantly, defendants expressly deny seeking a pre-filing order or an order declaring plaintiff to be a vexatious litigant; rather, defendants seek an order requiring plaintiff to post

security. (ECF No. 168 at 6.)

Plaintiff contends that California law does not provide the legal standard for Local Rule 151(b), and that the court should apply the more stringent standard for issuing a pre-filing order under the All Writs Act, 28 U.S.C. § 1651. "[B]efore a district court issues a pre-filing injunction against a pro se litigant, it is incumbent on the court to make substantive findings as to the frivolous or harassing nature of the litigant's actions." De Long v. Hennessey, 912 F.2d 1144, 1148 (9th Cir. 1990). Nevertheless, plaintiff argues that he is not a vexatious litigant under either California or federal law. (ECF No. 167 at 4.) In the first two cases relied on by defendants, plaintiff contends that his complaints were dismissed without prejudice for failure to exhaust, and there were no findings that the claims were frivolous or without merit. Plaintiff argues that three of the four cases were not found frivolous. (ECF No. 167 at 5.) Further, plaintiff contends that his inability to pay the filing fee in the appellate cases should not count as a vexatious filing.

A. Legal Standards

Local Rule 151(b) provides:

> (b) Security for Costs. On its own motion or on motion of a party, the Court *may* at any time order a party to give a security, bond, or undertaking in such amount as the Court may determine to be appropriate. The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a *procedural Rule* of this Court on the basis of which the Court *may* order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby.

L.R. 151(b) (emphasis added). California Code of Civil Procedure Title 3A, part 2, includes the following relevant portion:

> In any litigation pending . . ., at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security. . . . The motion for an order requiring the plaintiff to furnish security shall be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant.

Cal. Civ. Proc. Code § 391.1. California law defines a vexatious litigant as a person who, in the seven years immediately preceding the motion, has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been finally

3

determined adversely to the person. Id. § 391(b)(1). To order the posting of a security under § 391.1, the court must additionally conclude, after hearing evidence, "that there is no reasonable probability that the plaintiff will prevail in the litigation against the moving defendant." Id. § 391.3(a). Nevertheless, Local Rule 151(b) specifies that "the power of the Court shall not be limited [by Title 3A, part 2, of the California Code of Civil Procedure]." E.D. Cal. L.R. 151(b).

B. Vexatious Under State Law?

i. Section 391(b)(1)

To establish the first prong of the motion for security, defendants request that the court declare plaintiff a vexatious litigant pursuant to California Code of Civil Procedure § 391(b)(1). The statute defines, in relevant part, a vexatious litigant as one who "in the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations . . . that have been . . . finally determined adversely to the person." Cal. Civ. Proc. Code § 391(b)(1)(i). Under California law, "litigation" is any civil action or proceeding, commenced, maintained or pending in any state or federal court. Cal. Civ. Proc. Code § 391(a). It includes an appeal or civil writ proceeding filed in an appellate court. Garcia v. Lacey, 231 Cal. App. 4th 402, 406 (2014). A litigation is "determined adversely" to a plaintiff within the meaning of the vexatious litigant statute if he does not win the action or proceeding he began, including cases that are voluntarily dismissed by a plaintiff. Id. at 406-07; see Tokerud v. Capitolbank Sacramento, 38 Cal. App. 4th 775, 779 (1995) (stating party who repeatedly files baseless actions only to dismiss them is no less vexatious than party who follows action through to completion). A litigation is "finally determined" when avenues for direct review have been exhausted or the time for the appeal has expired. Garcia, 231 Cal. App. 4th at 407 n.5 (citing Childs v. PaineWebber Incorporated, 29 Cal. App. 4th 982, 993 (1994)). The litigation must be "finally determined" at the time the instant action is filed. See Childs, 29 Cal. App. 4th at 994.

Defendants' motion for security identifies seven pro se cases that plaintiff has commenced, prosecuted or maintained within the past seven years, which defendants assert were finally determined adversely to plaintiff. (ECF No. 155 at 6-7.) The court takes judicial notice of these cases. See Fed. R. Evid. 201(b), (c)(2); Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2

4

(9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal quotation omitted). The seven cases are:

<u>Crane v. Yarborough</u>, No. 2:05-cv-8534 (C.D. Cal.) - On March 29, 2012, plaintiff's second amended complaint was dismissed without leave to amend. (ECF No. 156-1 at 2.)

<u>Crane v. Yarborough</u>, No. 12-55840 (9th Cir.) - On August 8, 2012, the Ninth Circuit found plaintiff's appeal frivolous, and therefore plaintiff was not entitled to proceed in forma pauperis on appeal. (ECF No. 156-1 at 4-5.) On November 7, 2012, the appeal was dismissed for plaintiff's failure to pay the filing fees. (ECF No. 156-1 at 6.)

<u>Crane v. Hatton</u>, No. 5:11-cv-3900 (N.D. Cal.) - On March 19, 2014, plaintiff's case was dismissed with prejudice. (ECF No. 156-1 at 8.)

<u>Crane v. Hatton</u>, No. 14-15745 (9th Cir.) - On February 26, 2015, the Ninth Circuit found plaintiff's appeal of No. 5:11-cv-3900 was frivolous, and required plaintiff to pay the filing fees. (ECF No. 156-1 at 18-19.) On April 6, 2015, the Ninth Circuit dismissed the case for plaintiff's failure to pay the fees. (ECF No. 156-1 at 20.)

<u>Crane v. McDonald</u>, No. 2:11-cv-0663 (E.D. Cal.) - On September 30, 2014, the district court granted defendants' motion for summary judgment. (ECF No. 156-1 at 15-16.)

<u>Crane v. Evans</u>, No. 14-17131 (9th Cir.) - On October 20, 2015, the Ninth Circuit granted appellees' motion to revoke plaintiff's in forma pauperis status because he had incurred three strikes under 28 U.S.C. § 1915(g). (ECF No. 156-1 at 22.) On December 21, 2015, plaintiff's appeal was dismissed for failure to pay the filing fees. (ECF No. 156-1 at 24.)

<u>Crane v. Evans</u>, No. 5:13-cv-2937 (N.D. Cal.) - On March 26, 2014, the district court granted plaintiff's motion for voluntary dismissal. (ECF No. 156-1 at 11.)

Plaintiff argues that many of these cases were not dismissed as frivolous, and that his inability to pay the filing fee in the appellate cases should not count as a vexatious filing. Further, plaintiff argues that he has never filed a frivolous case. However, as set forth above, whether or not a particular filing is frivolous is not the standard employed in determining whether plaintiff is a vexatious litigant under California state law. Rather, if the court rules against plaintiff, such

ruling is considered in determining whether plaintiff can be deemed vexatious under California law.

The seven cases set forth above have been finally determined adversely to plaintiff and are sufficient to establish that plaintiff meets California's statutory definition of a vexatious litigant. See Cal. Civ. Proc. Code § 391(b)(1)(i) (defining vexatious litigant as one who has commenced, prosecuted or maintained in propria persona at least five litigations that have been finally determined adversely to him). Thus, defendants have satisfied the vexatious litigant prong of the motion for security under § 391(b)(1).

ii. Section 391(b)(3)

In addition, defendants argue that plaintiff is vexatious under § 391(b)(3) because he has repeatedly submitted unmeritorious and frivolous filings in the instant action, for which the court has admonished him on two occasions (ECF Nos. 97, 131). (ECF No. 155 at 7.)[2] However, because the court finds that plaintiff is a vexatious litigant under § 391(b)(1), it is not necessary to address § 391(b)(3).

C. No Reasonable Probability of Success?

Defendants assert that there is no reasonable probability that plaintiff will succeed on the merits of this case. (ECF Nos. 155 at 8-13; 168 at 7-9.)

In determining whether there is no reasonable probability of success, a court may determine whether a claim is foreclosed as a matter of law, but it may also weigh the evidence. Golin v. Allenby, 190 Cal. App. 4th 616, 642 (2010) (stating inability to prevail standard may be shown by weight of evidence or lack of merit); see Moran v. Murtaugh Miller Meyer & Nelson, LLP, 40 Cal. 4th 780, 784-85 (2007) (finding Cal. Civ. Proc. Code § 391.2 provides for weighing of evidence); see Garcia, 231 Cal. App. 4th at 408 (stating decision on inability to prevail is based on evaluative judgment in which court is permitted to weigh evidence). Such evidence may be "any evidence, written or oral, by witnesses or affidavit, as may be material to the ground of the motion." Cal. Civ. Proc. Code § 391.2.

---

[2] Despite the court's conclusion herein, the plaintiff is reminded that any future frivolous filings could result in a recommended dismissal of this action.

6

In order to meet this prong, defendants provided declarations by defendants Barton, Probst, Rodriguez, Davey, and Robinette, addressing the claims raised in plaintiff's pleading, and also provided declarations by Correctional Lieutenant F. Leckie, as well as HDSP litigation coordinator C. McConnell. (ECF No. 155-1 through 155-7.) Each of the defendants deny plaintiff's allegations against them. (ECF No. 155-1 to 3; 155-5 to 6.) All of the defendants deny having any knowledge of any conspiracy against plaintiff to incite inmates to abuse and assault plaintiff based on his litigation activities and denied taking or encouraging any adverse actions against plaintiff because of his litigation activities. (Id.) In addition, defendants provided copies of a Rules Violation Report issued to plaintiff for the February 5, 2010 fight with inmate Washington; compatibility chronos purportedly signed by plaintiff on February 5, 2010, January 22, 2011, and March 5, 2013, and a crime/incident report, part A, for the March 1, 2013 assault on plaintiff. (ECF No. 155-7.)

Discussion

The application of California's vexatious litigant statute is wholly permissive. See L.R. 151(b) (court *may* order giving of a security and that court's power shall not be limited by California's vexatious litigant statute). In other words, the court may use its discretion when determining whether to require a plaintiff who has been determined to be a vexatious litigant to post security. See Bradford v. Brooks, 2016 WL 4537900 at *1 (9th Cir. 2016) (Local Rule 151(b) is discretionary.); see generally Simmons v. Navajo County, Ariz., 609 F.3d 1011 (9th Cir. 2010) ("District courts have broad discretion in interpreting and applying their local rules.") (internal citation omitted). Because this rule is permissive, the court exercises its discretion by declining to order security for the following reasons.

First, a grant of defendants' security motion would require plaintiff to pay the $8500.00 prior to proceeding with his case or risk having his case dismissed for failure to comply with the court's order to post security. See Cal. Civ. Proc. Code § 391.4 (providing for dismissal of litigation against defendant if security not provided as ordered). Given that plaintiff is indigent, such an order would deny him access to the courts, as argued by plaintiff (ECF No. 167 at 10). Under federal law, this court must consider plaintiff's indigence. See generally Simulnet East

7

Associates v. Ramada Hotel Operating Co., 37 F.3d 573, 575-76 (9th Cir. 1994) (stating care must be taken not to deprive a plaintiff of access to the federal courts when considering motion for security, as such deprivation has "serious constitutional implications"); see generally 28 U.S.C. § 1915(a) (supporting avoidance of limitation to court access due to indigence). This court is to "avoid limitation of access to the courts because of a party's impecunious circumstance." See Simulnet, 37 F.3d at 576. The court notes that plaintiff's access to the court has already been constrained by the revocation of his leave to proceed in forma pauperis, because, absent a showing of imminent danger, plaintiff must now pay court filing fees in full before he may pursue civil rights actions in federal court.

Second, dismissal is the "ultimate sanction." See United States v. King, 200 F.3d 1207, 1214 (9th Cir. 1999) (stating dismissal is the "ultimate sanction" in dismissal of indictment case); see also Thomas v. Gerber Productions, 703 F.2d 353, 356 (9th Cir. 1983) (same statement in context of deciding failure to comply with court order under Fed. R. Civ. P. 37(b)); see also Schmidt v. Hermann, 614 F.2d 1221, 1223-24 (9th Cir. 1980) (same statement made in context of deciding whether to dismiss for failure to prosecute under Fed. R. Civ. P. 41(b)). As a result, the court abuses its discretion if it imposes a sanction of dismissal without first considering its impact as well as considering the adequacy of less drastic sanctions. United States v. National Medical Enterprises, Inc., 792 F.2d 906, 912 (9th Cir. 1986). Although a requirement for security does not operate as a dismissal, it imposes a potential financial barrier that may have the same dispositive effect. Accordingly, the court considers this possible impact in the context of the case's procedural posture.

This case has been on the court's docket since January of 2015. During this time, discovery has been propounded, and a host of motions have been filed and adjudicated. In short, time and resources have been spent which cannot be retrieved. To possibly dismiss this action on the basis of plaintiff's financial resources, rather than reaching the merits, would be inappropriate.

Third, plaintiff's claims against the remaining defendants are not substantively frivolous. The undersigned declines to exercise discretion to impose a potential financial barrier to an indigent inmate seeking access to the court with non-frivolous claims, absent a showing sufficient

to support a pre-filing order under the All Writs Act, 28 U.S.C. § 1651(a).  Such an order, which defendants do not seek, requires a heightened showing of vexatiousness.  See Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1061 (9th Cir. 2007) (federal standard is more stringent than California statute).

For all of these reasons, the undersigned declines to order plaintiff to post security.

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendants' request to stay (ECF No. 155) is granted; and

2.  Further litigation on plaintiff's underlying claims in this action is stayed pending resolution of defendants' motion requiring security.

IT IS RECOMMENDED that defendants' motion requiring security (ECF No. 155) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 6, 2018

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cran0208.sec.vex

9