UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CRANE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RODRIGUEZ, ET AL.,<br><br>　　　　　Defendants. | No. 2:15-cv-0208 TLN KJN P<br><br><br>ORDER |

I. Introduction

　　　　Plaintiff is a state prisoner, proceeding without counsel. On March 11, 2019, plaintiff filed a motion to stay discovery unrelated to the issue of exhaustion and to modify the court's scheduling order pending resolution of exhaustion issues. Plaintiff claims he was confused and misled by defendants to believe that discovery was reopened solely for exhaustion, not for discovery on the merits. On March 26, 2019, plaintiff filed a motion for extension of time to file a motion to compel. All defendants oppose plaintiff's motion to modify the scheduling order, but defendants Barton, Davey, Probst, Robinette, and Rodriguez (hereafter "group defendants") do not oppose plaintiff's motion for extension of time to file a motion to compel. Plaintiff has filed replies.

　　　　As set forth below, the undersigned partially grants plaintiff's motion to modify, and grants the request for extension of time.

II. Governing Standards

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Where a party requests to reopen discovery after discovery has closed, the request also must meet the requirements of Federal Rule of Civil Procedure 16. Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard focuses primarily on the diligence of the party seeking the amendment. Johnson, 975 F.2d at 609; Sheridan v. Reinke, 611 F. App'x 381, 384 (9th Cir. 2015) (applying Johnson "good cause" requirement to motions to reopen discovery); see also Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) ("District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" (citation omitted)). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

III. Alleged Misleading by Counsel

Defendant Weeks

Defendant Weeks objects to plaintiff's purported confusion as to whether discovery had been reopened for all purposes, rather than simply for the purpose of discovery as to exhaustion. Plaintiff propounded four sets of discovery requests to defendant Weeks. Defendant Weeks only mentioned the stay in his 2016 discovery responses, not in either of his 2019 responses. Moreover, defendant Weeks notes that plaintiff's 2019 requests for production of documents were directed at the entirety of his claims against Weeks, and were not limited to questions of exhaustion. (ECF No. 184 at 3.) Plaintiff's deposition was taken on March 8, 2019.

////

In his motion, plaintiff claimed that defendant Weeks made the same response to plaintiff's discovery requests: "on January 13, 2017, the Court stayed discovery not related to the question of exhaustion of administrative remedies," but provided no citation or copy of such discovery response by Weeks. (ECF No. 182 at 3.) In his reply, plaintiff states that his reply is to defendant Weeks' opposition, but in the body of his reply he uses the plural word, "defendants." (ECF No. 187.) In addition, the discovery responses he refers to are entitled "Defendants' Second Supplemental" and "Defendants' Third Supplemental," suggesting the responses were provided by the group defendants and not defendant Weeks. Plaintiff only provided a copy of the Second Supplemental Responses, which were, in fact, provided by the group defendants, not defendant Weeks. (ECF No. 187 at 8-21.)

Because plaintiff failed to provide a copy of defendant Weeks' discovery response that allegedly included the misleading verbiage, the undersigned finds that plaintiff has failed to rebut counsel's declaration (ECF No. 184 at 4) to the contrary. Plaintiff fails to demonstrate defendant Weeks misled plaintiff.

Group Defendants

The group defendants also oppose plaintiff's motion on multiple grounds. Defense counsel wrote letters and supplemented responses to plaintiff's prior discovery requests which confirmed that discovery was re-opened for all purposes. Group defendants provided plaintiff over a thousand pages of documents, as well as audio and video records, that were not related to the issue of exhaustion. (ECF No. 183 at 3.) In addition, plaintiff also propounded additional requests for production of documents unrelated to exhaustion in January of 2019. Importantly, defendants point out that the discovery responses on which plaintiff relies were the original February 22, 2017 responses reproduced as part of defendants' supplemental responses. Defendants argue that "plaintiff's request appears to be an obfuscated attempt to obtain additional time to conduct discovery." (ECF No. 183 at 4.) In any event, defendants argue that plaintiff's request fails because the court's scheduling order was unambiguous, plaintiff did not demonstrate good cause, identify what additional discovery he requires, or state why such discovery is necessary.

3

In his first reply, plaintiff argues he was "further confused by the lifting of the stay on discovery unrelated to the issue of exhaustion by the fact that" it would be a waste of judicial resources if a claim is later defeated for failure to exhaust. (ECF No. 187 at 3.) Plaintiff claims his confusion is evident by his request for extension of time filed December 7, 2018 (ECF No. 181). He claims he pursued discovery without knowledge of whether it was limited to exhaustion because he needed to preserve his right to discovery, and he again points to defendants' discovery responses concerning the 2017 stay of discovery. (ECF No. 187 at 5.) Finally, plaintiff argues that defendants' request for a revised scheduling order did not expressly state they were seeking to reopen discovery on the merits, but rather noted they still intend to challenge exhaustion. "Thus, plaintiff assumed merits discovery stayed." (ECF No. 187 at 6.)

In his reply to the group defendants' opposition, plaintiff complains that "defendants never contacted [him] or informed him of how discovery was proceeding, and refused to produce discovery on issues not related to exhaustion," again referring to defendants' second supplemental response to request for production of documents, set one. (ECF No. 188 at 2.) Plaintiff states that he "believed that the stay was lifted for discovery on issues related to exhaustion, but was not sure," and therefore he proceeded to preserve his right to discovery. (ECF No. 188 at 3.) He confirms that at his deposition, opposing counsel told him discovery on the merits was not stayed, yet in his second supplemental response repeated it was stayed some "ten times." (Id.)

Discussion

In neither reply did plaintiff address the letters of explanation that defense counsel allegedly wrote or the fact that defendants were clearly providing plaintiff with discovery on the merits, particularly when they began supplementing their prior discovery responses in written and document production form. Indeed, the second supplemental responses provided by plaintiff notes that the court lifted the previous discovery stay, and therefore defendants were providing supplemental responses to plaintiff's first request for production. (ECF No. 187 at 9.) Thus, plaintiff's purported belief that the group defendants were refusing to respond based on the 2017 stay (which had clearly been lifted by court order) in discovery responses clearly marked with supplemental responses and attendant document production is patently absurd. In light of this

record it is disingenuous and unpersuasive for plaintiff to argue that the group defendants misled plaintiff into believing that merits discovery remained stayed. Plaintiff fails to demonstrate that the group defendants misled him.

The court turns now to the merits of plaintiff's motion.

IV. Motion to Modify Scheduling Order/Extension to File Motion to Compel

This court issued scheduling orders on November 28, 2016 (ECF No. 82), February 15, 2017 (ECF No. 104), and December 6, 2018 (ECF No. 180). On December 6, 2018, the undersigned noted that the prior scheduling order was vacated so plaintiff could complete discovery on the issue of exhaustion. (ECF No. 180 at 1.) The undersigned then addressed the group defendants' request for an updated scheduling order, noting that although they intended to renew their summary judgment motion on exhaustion, they would do so following plaintiff's deposition. The court granted their request and set a schedule for the litigation. The court did not limit discovery to the issue of exhaustion. Rather, a fair reading of the first two paragraphs of the order is that discovery on exhaustion was completed, and the court was opening discovery and setting a litigation schedule so that this 2015 case could move forward. Whether or not plaintiff was confused by the group defendants' choice to challenge exhaustion in one dispositive motion filed after plaintiff's deposition had no bearing on the issue of discovery.[1] The reopening of discovery was unequivocal and unambiguous.

Moreover, in his motion, plaintiff fails to identify what discovery remains. Rather, in his first reply, he seeks 90 additional days to pursue requests for admissions and interrogatories, and to file "a motion(s) to compel." (ECF No. 187 at 4.) In his motion to modify the scheduling order, plaintiff does not identify the subject matter of such requests, and he does not identify what evidence he hopes to obtain through any such remaining discovery. The record reflects that plaintiff has propounded discovery, both on issues of exhaustion and the merits, and plaintiff has been provided over a thousand pages of documentary evidence. Moreover, in his motion,

---

[1] Although courts are encouraged to resolve exhaustion before reaching the merits, the Federal Rules do not require litigants to file their summary judgment motions on exhaustion before filing one on the merits. Fed. R. Civ. P. 56. Indeed, this court has addressed motions challenging both exhaustion and the merits in the very same motion.

5

plaintiff fails to demonstrate that he diligently sought such interrogatories or requests for admissions or sought to compel further discovery responses during the discovery period. Absent specific articulation of the nature of the discovery sought, as well as what evidence it might uncover, the undersigned is not inclined to extend discovery and further delay this action.

That said, the group defendants have filed a statement of nonopposition to plaintiff's request for extension of time to file a motion to compel. The group defendants state that they served responses to plaintiff's third set of discovery on February 28, 2019, and to his fourth set on March 7, 2019, and met and conferred with plaintiff concerning such responses by telephone on March 21, 2019. Discovery closed the next day, preventing plaintiff from bringing a motion to compel.

Therefore, plaintiff's motion to modify is partially granted. Discovery is reopened for the sole purpose of allowing plaintiff to file a motion to compel as to the group defendants' responses to plaintiff's third and fourth sets of discovery. No additional discovery may be propounded by any party. The dispositive motions deadline will be extended accordingly.

V. Admonitions

Plaintiff is cautioned that in any motion to compel further discovery responses, plaintiff must specifically identify the request at issue and explain why defendants' response was inadequate. In addition, he should only provide copies of the discovery requests at issue, not the entire set, and he need not provide copies of all of the produced documents. Rather, he should only provide an exhibit if it is critical in determining whether the response was adequate. Plaintiff should carefully review the court's prior orders, including the October 18, 2017 order addressing his prior motion to compel which includes the standards governing motions to compel production of documents. (See, e.g., ECF No. 158 at 5-6.) Finally, plaintiff is reminded that Local Rule 230(l) contemplates the filing of a motion, an opposition, and a reply. Parties are not allowed to file sur-replies absent leave of court.

VI. Plaintiff's Deposition

In his second reply, plaintiff complains that defendants have not provided plaintiff with a copy of his deposition transcript for his use and possible correction requests. Plaintiff states that

at the conclusion of his deposition he asked the stenographer about the method of transcription and for a copy.

Rule 30(f)(3) of the Federal Rules of Civil Procedure provides that: "When paid reasonable charges, the officer [court reporter] must furnish a copy of the transcript or recording to any party or the deponent." Id. It appears plaintiff is under the misconception that because he is indigent, he would be provided a deposition transcript without charge. Plaintiff is mistaken.

Nothing in the Federal Rules entitles plaintiff to a free copy of his deposition transcript. If plaintiff wishes to obtain a copy for his own records, he must pay for it, pursuant to Rule 30(f)(3) of the Federal Rules of Civil Procedure. The officer before whom the deposition was conducted must furnish a copy of the deposition to plaintiff upon payment of reasonable charges. Fed. R. Civ. P. 30(f)(3). Moreover, there is no provision under the Federal Rules or the Local Rules for free copies of deposition transcripts. Finally, the expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress, and the in forma pauperis statute does not authorize the expenditure of public funds for the purpose sought by plaintiff in the instant motion. See Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989) (citations omitted). Therefore, even if plaintiff were proceeding in forma pauperis, which he is not,[2] he would not be entitled to a deposition transcript at government expense. The court will not order defense counsel or the defendants to provide plaintiff with a copy of his deposition transcript. Plaintiff must obtain it from the officer before whom the deposition was taken. See Hallford v. California Dept. of Corrections, 2010 WL 921166 (E.D. Cal. 2010) (denying plaintiff's request for a court order directing the defendant to provide him with a copy of his deposition transcript).

VII. Orders

Therefore, IT IS HEREBY ORDERED that:

1. Plaintiff's motion (ECF No. 182) to modify the scheduling order is partially granted;

2. Plaintiff's request for extension of time to file a motion to compel (ECF No. 185) is granted;

---

[2] Plaintiff's in forma pauperis status was revoked on March 3, 2016. (ECF No. 50.)

7

3. Discovery is reopened solely for the purpose of resolving plaintiff's motion to compel further responses to plaintiff's third and fourth sets of discovery propounded to defendants Barton, Davey, Probst, Robinette, and Rodriguez;

4. Within thirty days from the date of this order, plaintiff may file a motion to compel further responses by defendants Barton, Davey, Probst, Robinette, and Rodriguez to plaintiff's third and fourth sets of discovery; such motion shall be briefed on the papers under Local Rule 230(l);

5. In all other respects, discovery is closed and no new discovery may be propounded by any party;

6. In light of this order, the dispositive motions deadline is continued from June 24, 2019, to September 24, 2019; and

7. Plaintiff's request for a copy of his deposition transcript at government expense is denied.

Dated: April 18, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cran0208.16b