UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSEPH CRANE, | No. 2:15-cv-0208 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| RODRIGUEZ, et al., | |
| Defendants. | |

I. Introduction

Plaintiff is a state prisoner, proceeding pro se. His in forma pauperis status was revoked, and he paid the court's filing fee. This action proceeds on plaintiff's second amended complaint against defendants Davey, Rodriguez, Robinette, Barton, Probst, and Weeks. (ECF No. 16.) By order filed October 18, 2017, plaintiff was directed to show cause why he should not be required to pay counsel for defendants Davey, Rodriguez, Robinette, Barton, and Probst (hereafter "group defendants") the sum of $1750.00 for reasonable attorney's fees incurred in opposing plaintiff's motion to compel. On November 13, 2017, plaintiff filed his response. In the meantime, defendants filed a motion to require plaintiff to post security, and further litigation on the case was stayed. On October 17, 2018, the district court denied the motion to post security, and, by separate order, the stay was lifted. As discussed below, the undersigned finds that defendants' request for expenses should be partially granted.

1   II. <u>Background – Plaintiff's Discovery Motion</u>

2         Plaintiff filed a motion to compel discovery on March 20, 2017, that he signed on March

3 14, 2017. (ECF No. 118.) The group defendants requested their reasonable expenses, $1750.00,

4 incurred in responding to plaintiff's motion to compel due to plaintiff's failure to meet and confer

5 with defendants in good faith before filing his motion only eight days after sending his purported

6 meet and confer letter. (ECF No. 121.) Group defendants' counsel, who charges $175.00 per

7 hour, declared he conservatively spent ten hours opposing plaintiff's motion to compel, not

8 including time spent by support staff or his supervisor, and counsel's efforts included organizing

9 all of the discovery requests and responses between the parties to date; assembling the requests

10 and responses into chronological exhibits (103 pages); drafting his declaration (8 pages) and the

11 memorandum of points and authorities (12 pages). (ECF No. 121-1 at 8.) Plaintiff did not

12 address the group defendants' request for expenses in plaintiff's opposition. (ECF No. 133.)

13         On October 18, 2017, the undersigned denied plaintiff's motion to compel, finding the

14 motion was not substantially justified. (ECF No. 158.) Plaintiff was also ordered to show cause

15 why he should not be required to reimburse defendants' reasonable expenses. Plaintiff filed a

16 response. (ECF No. 166.)

17   III. <u>Governing Standards</u>

18         The Federal Rules of Civil Procedure provide that:

> [if] the motion [to compel] is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

24 Fed. R. Civ. P. 37(a)(5)(B). Moreover, plaintiff's pro se status does not insulate him from an

25 order requiring the payment of such expenses. <u>See</u> <u>Warren v. Guelker</u>, 29 F.3d 1386, 1390 (9th

26 Cir. 1994) (a court cannot decline to impose sanctions simply because a plaintiff is proceeding

27 pro se); <u>Shabazz v. Giurbino</u>, 2016 WL 4992684, at *2 (E.D. Cal. Sept. 19, 2016) (Because

28 plaintiff's opposition to the motion to compel was not justified, reasonable expenses of attorney's

fees should be assessed against plaintiff.); Sanchez v. Rodriguez, 298 F.R.D. 460, 470 (C.D. Cal. 2014) (pro se status "does not excuse intentional noncompliance with discovery rules.").

IV. Discussion

In his response to the order to show cause, plaintiff argues that even though his motion to compel was unsuccessful, he had good cause and acted in good faith in bringing the motion, and therefore requests no expenses be awarded in light of his pro se indigent status. Plaintiff argues he was pressured to file his motion by the impending discovery cut-off and the court's prior warning that it was not inclined to further extend the deadlines (ECF No. 104 at 3). He cites cases he argued supported his motion to compel documents underlying the OIG report, and provided a copy of a case where the court took judicial notice of the OIG report. (ECF No. 166 at 3, 7-8.)

Sanctions under a court's inherent authority require a finding that the conduct at issue constituted bad faith. Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 (1980); Gomez v. Vernon, 255 F.3d 1118, 1134 (9th Cir. 2001). By contrast, the award of reasonable expenses incurred, as set forth above, is governed by Rule 37(a)(5)(B), which requires the court to order the moving party (plaintiff) to pay the reasonable expenses incurred by the nonmoving party (defendants) when a motion to compel is denied, unless the court finds the motion was substantially justified or other circumstances make the award unjust. Therefore, plaintiff's argument that he acted in good faith is not relevant because the court is not considering sanctions under its inherent authority.

The court previously found that plaintiff's motion to compel was not substantially justified, and his response does not change this court's view. The group defendants wrote plaintiff and advised him that they had provided plaintiff with all identifiable documents within their possession and control, and that because the OIG conducts an independent investigation, the OIG does not share supporting documents with the prison. (ECF No. 121-11.) Defendants' latter statement is supported by the OIG's December 2, 2016 letter to plaintiff informing him of the confidential nature of the underlying documents, which also put plaintiff on notice that such documents were not in the group defendants' custody or control. Moreover, plaintiff already had

3

a copy of the OIG report, so providing an order reflecting that another district court took judicial notice of such report does not demonstrate that his request for documents underlying the report was substantially justified.

It is apparent that plaintiff was aware that he had not properly met and conferred with defense counsel prior to filing the motion, and chose to prematurely file his motion to compel rather than to seek an extension of the discovery deadline, despite being aware of such deadline. The fact that plaintiff believed that the court might not grant an extension of the deadline is not a reason for plaintiff not to follow court orders or deadlines. Moreover, in his motion to compel further responses to his first request for production, plaintiff failed to identify which requests he sought further responses to, and some of those requests were not relevant to the exhaustion of administrative remedies, despite the court's order limiting discovery to the issue of exhaustion (ECF No. 104).

The court has reviewed the expenses sought by counsel for the group defendants and finds that ten hours at the rate of $175.00 per hour for a total of $1750.00 is reasonable. (See ECF No. 121-1.) Based on the instant record, the court declines to find that plaintiff's motion to compel was substantially justified or that other circumstances make an award of expenses unjust. Thus, plaintiff is required to pay $1750.00 to counsel for the group defendants. Fed. R. Civ. P. 37(a)(5)(B). However, in light of the Ninth Circuit's decision that it is an abuse of discretion to order a sanction which cannot be performed, Thomas v. Gerber Prod., 703 F.2d 353, 357 (9th Cir. 1983), as well as plaintiff's claim of indigency (see ECF No. 2), the court stays the award of expenses.

Accordingly, IT IS HEREBY ORDERED that:

1. The order to show cause (ECF No. 158) is discharged;

2. Defendants' request for expenses (ECF No. 121) is granted;

3. Expenses in the amount of $1750.00 are assessed against plaintiff;

4. The order assessing expenses in the amount of $1750.00 is stayed; and

////

////

4

5. At any time prior to the termination of this action, the group defendants may move to lift the stay and enforce the order of expenses upon a showing that plaintiff has the ability to pay $1750.00.

Dated: April 18, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cran0208.exp

5