UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CRANE, | No. 2:15-cv-0208 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| RODRIGUEZ, ET AL., | |
| Defendants. | |

I. Introduction

Plaintiff is a state prisoner, proceeding without counsel. Defendants Davey, Rodriguez, Probst, Barton and Robinette (group defendants)[1] have moved to extend the dispositive motions deadline until thirty days after the court rules on plaintiff's pending motion to compel.

As set forth below, the undersigned grants the motion.

II. Governing Standards

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Where a party requests to reopen discovery after discovery has closed, the request also must meet the requirements of Federal Rule of Civil Procedure 16. Rule 16(b)

---

[1] Defendant Weeks is represented by separate counsel.

1

provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard focuses primarily on the diligence of the party seeking the amendment. Johnson, 975 F.2d at 609; Sheridan v. Reinke, 611 F. App'x 381, 384 (9th Cir. 2015) (applying Johnson "good cause" requirement to motions to reopen discovery); see also Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) ("District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" (citation omitted)). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

III. Discussion

This court issued scheduling orders on November 28, 2016 (ECF No. 82), February 15, 2017 (ECF No. 104), and December 6, 2018 (ECF No. 180). On April 18, 2019, plaintiff's motion to modify the scheduling order was partially granted. Discovery was reopened for a limited purpose, and the dispositive motions deadline was continued from June 24, 2019, to September 24, 2019. (ECF No. 189 at 8.) The group defendants now seek to further extend the dispositive motions deadline because plaintiff's motion to compel is pending, and if further discovery is ordered, would implicate their forthcoming motion for summary judgment. On August 7, 2019, plaintiff was granted thirty days in which to file a reply to the group defendants' opposition. To date, no such reply has been received.

Because the discovery motion remains pending, defendants' motion to modify the deadline is granted. The September 24, 2019 dispositive motions deadline is extended to thirty days after the court rules on plaintiff's motion to compel (ECF No. 191).

////

////

2

IV. Conclusion

Therefore, IT IS HEREBY ORDERED that:

1. The group defendants' motion (ECF No. 201) to modify the scheduling order is granted; and

2. The September 24, 2019 dispositive motions deadline is extended to thirty days after the court rules on plaintiff's pending motion to compel. All pretrial motions shall be filed within such thirty day period and briefed pursuant to Local Rule 230(l).

Dated: September 18, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cran0208.16b.4