1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RICHARD JOSEPH CRANE,                    No.  2:15-cv-0208 TLN KJN P

12                 Plaintiff,

13          v.                                 ORDER

14    RODRIGUEZ, et al.,

15                 Defendants.

16

17          Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff's motion to compel

18    discovery is before the court.  (ECF No. 191.)  Defendant Weeks and the remaining defendants

19    ("group defendants") filed oppositions.  (ECF Nos. 192, 193.)  Plaintiff filed a reply.  (ECF No.

20    199.)  As discussed below, the motion is partially granted.

21    I.  Plaintiff's Amended Complaint

22          This action proceeds on plaintiff's second amended complaint against defendants Davey,

23    Rodriguez, Robinette, Barton, Probst and Weeks.  (ECF No. 16.)  The court found plaintiff stated

24    potentially cognizable First and Eighth Amendment claims for relief based on plaintiff's

25    allegations that such defendants conspired to violate his civil rights while plaintiff was

26    incarcerated at High Desert State Prison ("HDSP").  (ECF No. 26 at 6.)  Plaintiff alleges that on

27    multiple occasions, defendants set him up for assault by inmates because of plaintiff's litigation

28    activities.  (ECF No. 16 at 3-9.)  Plaintiff identified the inmates as Washington, Smith, Dolihite,

1   Parker and Williams, and the incidents occurred from December 31, 2009, to March 1, 2013.

2   (ECF No. 16 at 3-8.)  In addition, plaintiff alleges that defendants Robinette and Weeks used

3   excessive force on March 1, 2013.  (ECF No. 16 at 7-8.)

4       Other defendants named in the second amended complaint were subsequently dismissed.[1]

5   II.  Limits on Discovery

6       On April 18, 2019, in addressing plaintiff's motion to reopen discovery, the court noted

7   that this action has been scheduled and rescheduled numerous times.  (ECF No. 189 at 5.)  By

8   then, plaintiff had propounded multiple discovery requests and was provided over a thousand

9   pages of documentary evidence.  In light of plaintiff's failure to demonstrate his diligence in the

10  discovery process, the court noted its reluctance to extend discovery and further delay this action.

11  (ECF No. 189 at 5-6.)  However, because the group defendants filed a statement of

12  nonopposition[2] to plaintiff's request for extension of time to file a motion to compel discovery

13  responses provided too late in the discovery period to permit plaintiff time to bring a motion to

14  compel, plaintiff's motion to modify the discovery period was partially granted.  Discovery was

15  reopened for the sole purpose of allowing plaintiff to file a motion to compel as to the group

16  defendants' responses to plaintiff's third and fourth sets of discovery.  (ECF No. 189 at 6, 8.)

17  Plaintiff did not object to or seek reconsideration of the April 18, 2019 order.

18  III.  Defendant Weeks

19      Because discovery was reopened for the limited purpose of addressing challenges to the

20  group defendants' responses to plaintiff's third and fourth sets of discovery,[3] to the extent

21  ////

22

23  [1]  Defendants Peck and Hurd were dismissed on December 8, 2015.  (ECF No. 38.)  Defendant
    Madrigal was dismissed on January 12, 2016.  (ECF No. 42.)

24

25  [2]  Defendant Weeks did not file a statement of nonopposition to plaintiff's request for extension
    of time to file a motion to compel, but rather opposed plaintiff's request in its entirety.

26

27  [3]  With his motion to modify, plaintiff did not provide a copy of any challenged discovery
    response by defendant Weeks.  (ECF No. 189 at 3.)  Thus, plaintiff's motion to modify discovery
    was granted only as to the group defendants' responses to plaintiff's third and fourth sets of

28  discovery.  (ECF No. 189 at 6.)

2

plaintiff's motion to compel implicates responses by defendant Weeks or seeks further production by defendant Weeks, such motion is denied.

IV. Group Defendants

Plaintiff seeks to compel further production of documents by the group defendants.

A. Applicable Legal Standards

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Such "motion may be made if: (i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. Cnty. of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

Plaintiff bears the burden of informing the court (1) which discovery requests are the subject of his motion to compel, (2) which of the responses are disputed, (3) why he believes the response is deficient, (4) why defendants' objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, 2016 WL 3196738 at *1 (E.D. Cal. 2016); Ellis v. Cambra, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

The reach of Rule 34 of the Federal Rules of Civil Procedure, which governs requests for production, "extends to all relevant documents, tangible things and entry upon designated land or other property." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472-73 (D. Nev. 1998), citing 8A

3

C. Wright & A. Miller, Federal Practice and Procedure § 2206, at 381. "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). The responding party is responsible for all items in "the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995). "The party seeking production of the documents bears the burden of proving that the documents are in the other party's possession, custody, or control." Philippe Charriol Int'l Ltd. v. A'lor Int'l Ltd., 2016 WL 7634440, at *2 (S.D. Cal. Mar. 10, 2016) (citing United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989)).

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." U.S. ex rel. O'Connell v. Chapman University, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Id. "Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and

////

4

the burden of clarifying, explaining or supporting its objections." <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

      B.  <u>Elements of Plaintiff's Underlying Claims</u>

"To state a claim for conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific acts to support the existence of the claimed conspiracy." <u>Burns v. Cnty. of King</u>, 883 F.2d 819, 821 (9th Cir. 1989). Such conspiracy claim requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" <u>Franklin v. Fox</u>, 312 F.3d 423, 441 (9th Cir. 2002) (quoting <u>United Steel Workers of Am. v. Phelps Dodge Corp.</u>, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (en banc) (citation omitted)), and an actual deprivation of constitutional rights, <u>Hart v. Parks</u>, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting <u>Woodrum v. Woodward County, Oklahoma</u>, 866 F.2d 1121, 1126 (9th Cir. 1989)). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must share at least the common objective of the conspiracy." <u>Crow v. Cnty. Of San Diego</u>, 608 F.3d 406, 440 (9th Cir. 2010), (quoting <u>United Steel Workers</u>, 865 F.2d at 1541).

In order to prevail on the First Amendment claims raised herein, plaintiff must adduce evidence that each defendant set him up for assault by other inmates and/or used force against plaintiff because plaintiff exercised his First Amendment rights, and such actions chilled plaintiff's First Amendment rights and were not undertaken to advance legitimate penological purposes. <u>See</u> <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting out elements of a First Amendment retaliation claim within the prison context); <u>see also</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 833-34 (1994) (prison authorities have a duty to take reasonable measures to guarantee the safety of the inmates).

Further, to succeed on a claim of excessive force, plaintiff must show that a defendant used force against him maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. <u>Hudson v. McMillian</u>, 503 U.S. 1, 6-7 (1992). To determine whether the evidence establishes such a scenario, the factfinder may consider: (1) the need for force; (2) the relationship between that need and the amount of force used; (3) the threat

////

1    reasonably perceived by the officer; (4) the extent of injury suffered by the plaintiff; and (5) any

2    efforts made to temper the severity of the forceful response.  Id. at 7.

3                C. Plaintiff's Discovery Requests

4           Initially, the court finds plaintiff's assertion that the group defendants waived their

5    opposition to plaintiff's motion to compel by not opposing plaintiff's prior request for extension

6    of time (ECF No. 191 at 2) is frivolous and unfounded, and overrules such objection.

7           Second, it is unclear why plaintiff wants this court to take judicial notice of his habeas

8    filing in Lassen County No. S191383 in the context of this motion to compel.  Plaintiff claims

9    that defendant Barton was "obstructing and denying plaintiff access to the courts." (ECF No. 191

10   at 5.)  But, as set forth above, this action is not proceeding on an access to the courts claim.  In his

11   reply, plaintiff argues that the habeas case is relevant because it demonstrates defendant Barton

12   removed plaintiff's appeal, thwarting plaintiff's ability to exhaust his administrative remedies.

13   (ECF No. 199 at 3.)  Such habeas filing may become relevant if and when a defendant files a

14   motion for summary judgment on the issue of exhaustion of administrative remedies.  But such

15   motion has not yet been filed.  Therefore, plaintiff's request for judicial notice is denied without

16   prejudice to its renewal.

17          Third, plaintiff references request for production of documents set three, but without a

18   specific request number, claiming that defendants failed to produce the plaintiff's submission to

19   the Second Level of Appeal Log No. HDSP-B-10-00278, which plaintiff submitted as part of the

20   state habeas action S191383.  (ECF No. 191 at 3.)  Plaintiff then claims that the group

21   defendants' counsel "had access to these documents in their own records for years[,] [y]et . . .

22   claimed that they did not possess them." (ECF No. 191 at 4.)  In addition to noting the court's

23   prior order on such issue (ECF No. 159 at 6), defendants state that they located and produced

24   court records from plaintiff's habeas action S19183 in their July 5, 2017 supplemental response to

25   plaintiff's June 15, 2017 supplement to his motion to compel.  (ECF No. 192 at 2.)  The group

26   defendants argue that if plaintiff believes there were additional documents not provided, he

27   should seek them from the appropriate court, not defendants.  (Id. at 3.)  But it is not clear to the

28   undersigned that plaintiff is seeking additional response to this request, given his failure to

provide the request and the response as he did with the other requests at issue. Rather, it appears that plaintiff may be objecting to the delayed receipt of such documents. In any event, because plaintiff did not provide the specific request and response, and his reference to defendants' response is unclear, the court makes no order concerning such production.

The court turns now to plaintiff's specific discovery requests at issue.

**1. Plaintiff's Request for Production of Documents, Set Three**

> **Request for Production of Documents No. 7:** Produce all DOCUMENTS from Larry Washington's mental health records, including all documents from Doctor Bowers treating inmate Washington for psychiatric problems, and documentation concerning the "M" sign assigned to inmate Larry Washington's prison cell at High Desert State Prison.

> **Response:** Objection. Overbroad as to time and subject matter. Vague, ambiguous, and overbroad as to the term "concerning." Argumentative and assumes facts not in evidence as to "Doctor Bowers treating inmate Washington," inmate Washington having "psychiatric problems," and an "'M' sign assigned to inmate Larry Washington's prison cell at High Desert State Prison." Calls for documents not relevant to the claims or defenses of either party and not reasonably calculated to lead to the discovery of admissible evidence; documents protected from disclosure by the constitutional right to privacy, the psychotherapist-patient privilege, the California Information Practices Act of 1977, California Welfare & Institutions Code section 5328, California Code of Regulations, Title 15, sections 3321 and 3370, and the Health Insurance Portability and Accountability Act of 1996; and documents not within the possession, custody, or control of Defendants.

(ECF No. 191 at 6.)

A. The Parties' Positions

Plaintiff states that he needs a response to request no. 7 to prove that inmate Washington was diagnosed as mentally ill, and claims that Dr. Bowers was a witness who plaintiff asked to move plaintiff away from Washington. Plaintiff claims that Dr. Bowers asked an unidentified defendant and then returned telling plaintiff he could not help him. (ECF No. 191 at 14.) Plaintiff complains that defendants' objections are insufficient boilerplate responses and that their reliance on state law and state privilege are not proper authority in federal court. (ECF Nos. 191 at 14; 199 at 7.)

////

7

The group defendants counter that their objections are not boilerplate; Larry Washington is not a party in this action, his mental health records are protected from disclosure as set forth in their objections, but in any event, defendants do not have possession, custody, or control of such records. (ECF No. 192 at 3.) Further, group defendants argue that plaintiff's claim that the records are needed to prove Washington was mentally ill is of questionable relevance, if any. (Id.)

In reply, plaintiff argues that Washington's mental health file is relevant and admissible to prove defendants Barton and Probst moved Washington's cellmate out and forced plaintiff to move in; allowed Washington to commit violence on plaintiff, to take plaintiff's lower bunk, and gave Washington some lunches that belonged to plaintiff; refused plaintiff's repeated requests to be moved for safety reasons; allowed Washington to assault plaintiff, and then generated a false rules violation report which was used to deny plaintiff parole in 2012 and 2019. (ECF No. 199 at 5.) Finally, plaintiff argues such evidence is relevant to prove that Washington, mentally retarded and diagnosed as mentally ill, was violent and easy to manipulate by defendants, who used Washington to abuse other prisoners, as evidenced by the declarations of other inmates appended to plaintiff's operative pleading. (ECF No. 199 at 6, citing ECF No. 16-1 at 1-10; 14, 18.)

With regard to the "M" sign on Washington's cell door, plaintiff argues that such sign demonstrates defendants were aware they could manipulate Washington easily. Plaintiff argues that because Washington was engaged with state officials in assaulting other inmates, Washington was "acting under color of law for purposes of [§ 1983.]" (ECF No. 199 at 6), quoting United States v. Price, 383 U.S. 787, 794 (1966); and see also Washington v. Young, 2019 U.S. Dist. LEXIS 31576, 2019 WL 950252 (E.D. Cal. Feb. 27, 2019).

B. Discussion

Initially, the undersigned observes that plaintiff's request is not limited in time and therefore would likely include documents not relevant to this action. Plaintiff's allegation as to what Dr. Bowers did in response to plaintiff's request is wholly unrelated to Washington's mental

////

////

health records.  Also, plaintiff's reliance on Price is unavailing.[4]  While a private party who conspires with a public entity to violate a person's constitutional rights can be held liable under 42 U.S.C. § 1983, in this case, plaintiff did not name Washington as a defendant.  Thus, Washington is a nonparty as argued by defendants.[5]  Plaintiff fails to explain the application of Washington v. Young, including failing to provide a specific page cite, and such application is unclear because in Young, the court addressed a motion for terminating sanctions brought by counsel for Young, as well as the prisoner's motion for appointment of counsel.  Id.

Finally, "confidential communications between a licensed psychotherapist and [] patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence."  Jaffee v. Redmond, 518 U.S. 1, 15 (1996).  "All agree that a psychotherapist privilege covers confidential communications made to licensed psychiatrists and psychologists."  Id.  "After Jaffee, a court cannot force disclosure of [psychotherapist-patient] communications solely because it may be extremely useful to the finder of fact.  Giving weight to the usefulness of the evidence as a factor in a decision regarding the scope of the privilege would be a balancing exercise that was barred by Jaffee."  Fitzgerald v. Cassil, 216 F.R.D. 632, 636-37 (N.D. Cal. 2003) (quoting Vanderbilt v. Town of Chilmark, 174 F.R.D. 225, 229 (D. Mass. 1997)); see also Stallworth v. Brollini, 288 F.R.D. 439, 443 (N.D. Cal. Dec. 21, 2012) (same, and discussing narrow standard applied in determining whether privilege waived).  Thus, even if Larry Washington were named as a party, his mental health records would not be discoverable absent his waiver.  Because Larry Washington is not a party to this action, he has not placed his mental condition at issue in this action, and has not waived the privilege.

---

[4]  "Price is the 1960s civil rights era case in which the Supreme Court recognized that private actors could be deemed 'persons' within the purview of §§ 1983 and 1985 based on allegations that they conspired and acted jointly with a Mississippi law enforcement officer to kidnap, detain and murder two civil rights workers and their African American companion.  The specific allegations in Price were the sheriff and his private co-conspirators hatched a plan whereby the sheriff would release the three men -- who had been detained at the local jail -- late at night and then would follow them as they drove away and then join with the private actors to stop their car, assault and murder them."  Glaeser v. Acad. Sch. Dist. 20, 2005 WL 2592477, at *1 (D. Colo. Oct. 13, 2005).

[5]  Larry Washington paroled from custody on August 31, 2014.  (ECF No. 192-1 at 2.)

For all of the above reasons, plaintiff's motion to compel further response to no. 7 is denied.

> **Request for Production of Documents No. 9:** Produce all DOCUMENTS from Banner Lassen State Hospital in connection with Richard J. Crane's medical care for injuries sustained from the in cell assault at High Desert State Prison by inmate Smith, CDCR No. G-35054, including Cat-Scan of Richard Crane's head injuries.

> **Response:** Objection, Vague, ambiguous, and overbroad as to the phrase "in connection with." Calls [for] documents not within the possession, custody, or control of Defendants and/or equally available to Plaintiff. Finally, this request is duplicative of Plaintiff's request for production of documents, set one, request eleven. Without waiving this objection, Defendants previously produced all medical records obtained for this litigation, from January 1, 2009, through February 16, 2016 (Bates 184-836). If Plaintiff wants records from a third-party, he should subpoena them.

(ECF No. 191 at 7.) Inmate Smith allegedly assaulted plaintiff on January 22, 2011. (ECF No. 16 at 6.)

A. The Parties' Positions

Plaintiff argues that further response is needed to prove the severity of his injuries from the assault inflicted by inmate Smith. Plaintiff objects that these documents were not produced from Banner Lassen State Hospital, and argues that defendants have a legal right to obtain such documents for plaintiff. (ECF No. 191 at 15), citing Clark, 181 F.R.D. at 472; Allen v. Woodford, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007); Gamez v. Gonzalez, 2015 WL 6872802 (E.D. Cal. Nov. 9, 2015) (challenging gang re-validation).

The group defendants respond that they have already produced to plaintiff all the medical records they have (662 pages) in their possession, and explained to plaintiff that he should subpoena any requests for records from a third party. (ECF No. 192 at 4, citing ECF No. 192-1 at 10).

Plaintiff counters that the group defendants' objection that they do not have access to these medical records should be overruled because defendants have a legal right to obtain such documents. (ECF No. 199 at 7, citing Hunter v. Ogbuehi, 2018 WL 1243421 (E.D. Cal. Mar. 9, 2018); Jackson v. Paramo, 2019 WL 246564 (S.D. Cal. Jan. 17, 2019), and Soto, 162 F.R.D. at 619.) Plaintiff argues that the requested medical records are important to prove damages, and

may identify a potential expert witness. (ECF No. 199 at 8.)

B. <u>Discussion</u>

Plaintiff fails to demonstrate that defendants have control over plaintiff's medical records at Banner Lassen State Hospital. The burden of establishing control over the documents sought is on the party seeking production. <u>United States v. Int'l Union of Petroleum & Indus. Workers</u>, 870 F.2d 1450, 1452 (9th Cir. 1989). A party is not in "control" of records that the requesting party has equal ability to obtain from public sources. <u>See</u> <u>Estate of Young Through Young v. Holmes</u>, 134 F.R.D. 291, 294 (D. N.V. 1991). Banner Lassen State Hospital is not a party to this action, none of the defendants work for such hospital, and the instant action does not involve challenges to plaintiff's medical care at such hospital. In any event, plaintiff may obtain these records by providing a release or authorization form to Banner Lassen State Hospital and making arrangements for his records to be copied and sent to plaintiff. Defendants have produced to plaintiff the medical records that were in the actual possession of the CDCR, and are not obligated to obtain anything further in response to request no. 9.

> **Request for Production of Documents No. 14:** Produce all DOCUMENTS related to the January 16, 2013, stabbing of Richard J. Crane, CDCR No. C-44519, during GED class at High Desert State Prison, Facility B, by perpetrator Joseph Clay Dolihite, CDCR No. H-56999, including all witnesses statements, investigative reports, physical evidence, including all medical reports and medications which Joseph Clay Dolihite was taking for his psychiatric problems.

> **Response:** Vague, ambiguous, and overbroad as to the term "related." Argumentative and assumes facts not in evidence as to "medications which Joseph Clay Dolihite was taking for his psychiatric problems" and that Dolihite suffers from "psychiatric problems." Calls for documents subject to the official information and deliberative process privilege; confidential documents whose disclosure may jeopardize the safety and security of the institution; documents protected from disclosure by the rights to privacy and confidentiality, including under the California Information Practices Act of 1977, California Welfare & Institutions Code section 5328, California Code of Regulations, Title 15, sections 3321 and 3370, and the Health Insurance Portability and Accountability Act of 1996; documents not within the possession, custody, or control of Defendants; and, as phrased, documents protected by the attorney client privilege and attorney work product. Additionally, to the extent that Plaintiff is requesting his own records, those records are equally available to him via an Olson review requested by him to his Correctional Counselor. Finally, this request is duplicative of Plaintiff's request for production of documents, set one, request nine.

> Without waiving these objections, Defendants previously produced inmate Dolihite's felony plea in Lassen County Superior Court case number CH030792 (Bates 175-183); the Enemy Chrono for inmates Crane and Dolihite following the January 16, 2013 incident (Bates 174); and Incident Report Log No. HDSOP-CSO-13-01-0013 (Bates 1-173). Defendants also produced an audio interview of inmate Dolihite following the January 16, 2013 incident.[6]

(ECF No. 191 at 8.)

A. <u>The Parties' Positions</u>

Plaintiff contends that Dolihite waived any right to privacy when he stabbed plaintiff in the neck, and that defendants' reliance on state law is unavailing. Plaintiff claims he seeks only Dolihite's psychiatric history and the psychiatric medications he was taking at the time of the incident, which is needed to prove that Dolihite "was told by Defendant Probst, or one of the other Defendants, that plaintiff 'was telling on people.'" (ECF No. 191 at 16.)

The group defendants counter that because inmate Dolihite is not a party to this action, his mental health records are protected from disclosure as stated in their objections, and defendants do not have possession, custody or control of such records. (ECF No. 192 at 4-5.) Defendants argue that the cases cited by plaintiff do not support his contention that the confidentiality of mental health records is waived by a nonparty in a subsequent civil action following an assault. (ECF No. 192 at 5.) Finally, defendants contend that plaintiff's stated purpose for requesting such records is "entirely unclear." (<u>Id.</u>)

In his reply, plaintiff claims he only seeks to know what psychiatric medications Dolihite was taking, similar to his request no. 7. Plaintiff argues that defendants' reliance on state laws is not applicable in this federal case. (ECF No. 199 at 8.)

B. <u>Discussion</u>

Plaintiff's request no. 9 is denied for the same reasons as his request no. 7. Inmate Dolihite is not a party to this action; his mental health records are protected by the psychotherapist-patient privilege, and Dolihite has not waived such privilege. No further production to request no. 14 is required.

---

[6] The response included a "footnote 4" annotation, but plaintiff provided no footnote 4 text. (ECF No. 191 at 8.)

**Request for Production of Documents No. 15:** Produce all DOCUMENTS from the criminal history, and prison history of all five inmate assailants whom are alleged to have assaulted Richard J. Crane, CDCR No. C-44519, mentioned herein and in the Second Amended Complaint herein filed July 15, 2015 in this action (Doc. 16), which state acts of violence by, Larry Washington, CDCR No. H-32312; B. Smith, CDCR No. G-35054; Parker, CDCR No. AC5014; Williams, CDCR No. P-95100.

**Response:** Compound. Defendants also object to Plaintiff's request for the criminal history of inmates Washington, Parker, Smith, Dolihite, and Williams because records of their criminal convictions are publicly available and, therefore, equally available to Plaintiff. The request for "prison history" is also vague and ambiguous, overbroad and burdensome. The request calls for documents not relevant to the claims or defense of either party and not reasonably calculated to lead to the discovery of admissible evidence; documents not within the possession, custody, or control of Defendants; documents classified as confidential, including on the basis of institutional safety and security; documents protected by privilege, including attorney client, official information, and deliberative process privileges; and documents protected by the rights to privacy and confidentiality, including under the California Information Practices Act of 1977, California Welfare & Institutions Code section 5328, California Code of Regulations, Title 15, sections 3321, 3450, 3370 and 6254, and the Health Insurance Portability and Accountability Act of 1996. Without waiving these objections, Defendants previously produced inmate Dolihite's felony plea in Lassen County Superior Court case number CH030792 in response to Plaintiff's request for production of documents, set one, request nine. The other named inmates were not criminally charged as a result of the incidents in Plaintiff's complaint, and Defendants have not obtained any additional documents regarding any other criminal convictions by these inmates unrelated to the claims in this lawsuit. Therefore, after a reasonable, diligent search, Defendants have produced all responsive documents pertaining to Washington, Parker, Smith, Dolihite, and Williams' criminal history relevant to the claims in this lawsuit within their possession. Defendants also produced, after obtaining consent, inmates Parker and Williams' Rules Violation Reports for the March 1, 2013 incident.

(ECF No. 191 at 8-9.)

A. The Parties' Positions

Plaintiff seeks to prove the criminal propensity of the prisoners who assaulted plaintiff, and to prove that their history has a bearing on defendants' conspiracy with them to assault or kill the plaintiff. (ECF No. 191 at 16.) Plaintiff reiterates his argument that defendants improperly rely on boilerplate and state law objections, and note that defendants failed to submit the appropriate declaration or affidavit to support a claim of privilege. (ECF No. 191 at 16, <u>citing</u>

13

Caruso v. Solorio, No. 1:15-cv-0780 AWI EPG, 2018 U.S. Dist. LEXIS 49671 (E.D. Cal. March 26, 2018) (court overrules official information privilege as to witness statements and evidence as described in order); Singleton v. Kernan, 2018 U.S. Dist. LEXIS 84183, 2018 WL 2287444 (S.D. Cal. May 18, 2018).)

In addition to their stated objections, the group defendants counter that the fact that the nonparties listed were serving time in state prison would demonstrate criminal propensity, but note such propensity is of questionable relevance. As to the criminal history of such nonparty inmates, defendants renew their objection that criminal records are matters of public record and therefore are equally available to plaintiff. In addition, defendants produced all responsive documents in their possession that pertained to the listed nonparty inmates' criminal histories relevant to the claims in this lawsuit. (ECF No. 192 at 6.) Finally, defendants point out that they provided a privilege log identifying several responsive documents in connection with plaintiff's vague and burdensome request for "prison history," yet plaintiff failed to address such documents.

In reply, plaintiff argues that the criminal histories of the inmate assailants are highly relevant to plaintiff's claims in this action, and that the criminal records are publicly available does not preclude plaintiff's discovery of their criminal histories. (ECF No. 199 at 9, citing Gamez v. Gonzalez, 2015 WL 6872802 (E.D. Cal. Nov. 9, 2015).) Plaintiff contends that the privilege log does not provide plaintiff with information necessary to evaluate the importance of the withheld documents. Plaintiff repeats his argument that defendants cannot rely on state law to support their claims of privilege. (ECF No. 199 at 10.) Plaintiff argues that Larry Washington's central file would lead to evidence to support plaintiff's claims because Washington told plaintiff how guards "allowed [Washington] to fight other inmates repeatedly." (ECF No. 199 at 11.) In addition, plaintiff alleges that the inmates acted with the defendants to assault plaintiff, thus "evidence of violent or similar preferential treatment by guards could be very relevant to prove they were working for defendants," arguing that circumstantial evidence may be used to prove a defendant's knowledge of and participation in a conspiracy. (ECF No. 199 at 11), citing Washington v. Young, 2019 WL 950252, and Hargis v. Foster, 312 F.3d 404 (9th Cir. 2002).

Further, plaintiff argues that defendants' claim that the rules violation reports for inmates Dolihite and Washington are protected by state law privilege does not apply in federal court. As to the confidential closure memorandums from 2013, plaintiff argues that the defendants' position that such memos are responsive yet privileged solely based on California Code of Regulations Title 15 sections 3341 and 3450 is insufficient, and the privilege log "does not meet the proper standard." (ECF No. 199 at 12), citing Liberty Northwest Ins. Co. v. Dixon Valve & Coupling Co., 2017 U.S. Dist. LEXIS 34869 (D. Idaho, March 10, 2017); Sahibi v. Gonzales, 2017 U.S. Dist. LEXIS 52161 (E.D. Cal. April 5, 2017).

B. Discussion

The undersigned sustains defendants' objections as to the request for the "criminal history" of the inmates who attacked plaintiff. Plaintiff's request is vague and fails to identify a particular document that would be responsive to such a request. Moreover, as noted by defendants, the inmates were housed in state prison, confirming their conviction for a felony, and such convictions are a matter of public record. No further production is required.

As to the remaining requests, defendants objected to many of plaintiff's requests on the ground that the requested information is privileged. In support of their assertion of privilege, defendants relied largely on state law privilege grounds that are not binding on federal courts in this type of case. Kelly v. City of San Jose, 114 F.R.D. 653, 655-56 (N.D. Cal. 1987). Thus, the undersigned finds that defendants must provide plaintiff with the nonconfidential portions of the rules violation reports FB-13-01-012, Dolihite H56999, and FB-10-02-006, Washington H35312, because such reports are relevant, and the inmates' right to privacy is outweighed by plaintiff's need for the reports.

The court turns now to the specific confidential documents related to the incidents in which plaintiff was attacked. (ECF No. 192-1 at 19.) As noted in the defendants' privilege log, the official information privilege is qualified. Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990). "To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages." Id. Contrary to plaintiff's argument, defendants provided a declaration generally identifying the harm that

defendants argue would result if such confidential documents were released to plaintiff. But the declaration did not specifically address each document. Therefore, in order for the undersigned to determine whether such potential harm outweighs the benefits of disclosure, defendants are ordered to submit the following documents for in camera review:

1. March 6, 2013 Confidential Closure Memorandum for Inmate Crane.

2. March 3, 2013 Confidential Interviews.

3. January 28, 2013 Confidential Closure Memorandum.

4. January 29, 2013 Confidential Closure Memorandum.

(ECF No. 192-1 at 19.) Defendants shall submit a clean copy of these documents and a copy containing proposed redactions. The undersigned will then determine whether limited or redacted disclosure of these documents to plaintiff is appropriate, subject to a protective order.

To the extent that rules violation reports FB-13-01-012, Dolihite H56999, and FB-10-02-006, Washington H35312 also contain confidential closure memoranda and confidential interviews, defendants shall provide such confidential documents for in camera review as described above.

Finally, plaintiff's request for the entire central files of the five inmates who attacked plaintiff is overbroad. Plaintiff did not narrow his request by time or topic; he claims "relevant and important evidence <u>could</u> be contained in Washington's central file," because Washington told plaintiff how guards allowed Washington to repeatedly fight with other inmates. (ECF No. 199 at 11 (emphasis added).) But plaintiff fails to identify a specific document or type of document that would reveal such information. Also, defendants aver that each central file is thousands of pages long, which plaintiff has not rebutted. Indeed, inmate Dolihite, H56999, was admitted to CDCR custody on December 15, 1992, and inmate Parker, AC5014, was admitted on March 4, 2010, and inmates Smith, G35054, and Williams, P95100, were admitted in 2008 and 2009, respectively.[7] Therefore each central file contains myriad documents covering a period of ten and more years. Thus, it would be burdensome, time-consuming and expensive to review

_____

[7] The CDCR provides the age, admission date, and current location of inmates housed therein. https://inmatelocator.cdcr.ca.gov (accessed March 13, 2020).

5,000 pages (or more), and would likely outweigh plaintiff's need to discover generalized "evidence of violence" or "preferential treatment by guards." Plaintiff has not identified a single document that might be discovered in these central files, such that his need for the document outweighs the burden on defendants. Plaintiff's request for these central files is denied.

**2. Plaintiff's Set Four: Requests for Personnel Records (Nos. 1-6)**

Plaintiff seeks further production in response to requests nos. 1 through 6; the court will first set forth the requests and the responses, then discuss the parties' arguments thereafter.

> **Set Four: Request for Production No. 1:** Produce all DOCUMENTS from Defendant Rodriguez' Personnel File complied [sic] by the California Department of Corrections and Rehabilitation within the past ten years related to use of force, or misconduct allegations raised by other individuals. Information deemed "confidential" or "privileged," or which is considered an intrusion of privacy rights or laws, can be submitted under seal in a privilege log for the Court's in camera review and determination. See Kerr v. United States Dist. Ct. for Northern Dist. Cal., 611 F.2d 192."

> **Response:** Objection. Vague, ambiguous, and overbroad as to the term "related" and the phrase "other misconduct raised by other individuals." Calls for documents not relevant to the claims or defenses of either party and not reasonably calculated to lead to the discovery of admissible evidence; documents subject to the official information and deliberative process privileges; confidential documents whose disclosure may jeopardize the safety and security of the institution; and documents protected from disclosure by the rights to privacy and confidentiality; including under California Penal Code section 832.7, California Evidence Code sections 1043 and 1045, and California Code of Regulations, Title 15, sections 3321, 3450, and 3370, and California Government Code section 6254. Defendants assume that the phrase "other misconduct raised by other individuals" means alleged violations of CDCR policy and/or California or Federal law made by any person. Without waiving these objections, after a good faith, reasonable, and diligent search, Defendants have nothing responsive to this request. It appears that no responsive documents exist.

(ECF No. 191 at 9-10.)

> **Set Four: Request for Production No. 2:** Produce all DOCUMENTS from Defendant Barton's Personnel File complied [sic] by the California Department of Corrections and Rehabilitation within the past ten years related to the use of force, and/or misconduct allegations raised by other individuals. Information deemed "confidential" or "privileged," or which is considered an intrusion of privacy rights or laws, can be submitted under seal in a privilege log for the Court's in camera review and determination. See Baker v. Hatch, 2010 U.S. Dist. LEXIS 91974[, 2010 WL

17

1       3212859 (E.D. Cal. Aug. 12, 2010)].

2       **Response:** Objection. Vague, ambiguous, and overbroad as to the
        term "related" and the phrase "other misconduct raised by other
3       individuals." Calls for documents not relevant to the claims or
        defenses of either party and not reasonably calculated to lead to the
4       discovery of admissible evidence; documents subject to the official
        information and deliberative process privileges; confidential
5       documents whose disclosure may jeopardize the safety and security
        of the institution; and documents protected from disclosure by the
6       rights to privacy and confidentiality; including under California
        Penal Code section 832.7, California Evidence Code sections 1043
7       and 1045, and California Code of Regulations, Title 15, sections
        3321, 3450, and 3370, and California Government Code section
8       6254. Defendants assume that the phrase "other misconduct raised
        by other individuals" means alleged violations of CDCR policy
9       and/or California or Federal law made by any person. Without
        waiving these objections, after a good faith, reasonable, and diligent
10      search, Defendants have nothing responsive to this request. It
        appears that no responsive documents exist.

11

12      (ECF No. 191 at 10.)

13              **Set Four:   Request for Production No. 3:** Produce all
        DOCUMENTS from Defendant Robinette's Personnel File compiled
14      by the California Department of Corrections and Rehabilitation
        within the past ten years related to use of force, retaliation, or other
15      misconduct raised by other individuals. Information deemed
        "confidential" or "privileged," or which is considered an intrusion of
16      privacy rights or laws, can be submitted under seal in a privilege log
        for the Court's in camera review and determination. See, <u>Soto v.</u>
17      <u>Concord</u>, 162 F.R.D. 603, 615-15 (N.D. Cal. 1995).

18      **Response:** Objection. Vague, ambiguous, and overbroad as to the
        term "related" and the phrase "other misconduct raised by other
19      individuals." Calls for documents not relevant to the claims or
        defenses of either party and not reasonably calculated to lead to the
20      discovery of admissible evidence; documents subject to the official
        information and deliberative process privileges; confidential
21      documents whose disclosure may jeopardize the safety and security
        of the institution; and documents protected from disclosure by the
22      rights to privacy and confidentiality; including under California
        Penal Code section 832.7, California Evidence Code sections 1043
23      and 1045, and California Code of Regulations, Title 15, sections
        3321, 3450, and 3370, and California Government Code section
24      6254. Defendants assume that the phrase "other misconduct raised
        by other individuals" means alleged violations of CDCR policy
25      and/or California or Federal law made by any person. Without
        waiving these objections, after a good faith, reasonable, and diligent
26      search, Defendants have no relevant documents responsive to
        Plaintiff's request.

27

28      (ECF No. 191 at 11.)

**Set Four:    Request for Production No. 4:**    Produce all DOCUMENTS from Defendant Probst's Personnel File compiled by the California Department of Corrections and Rehabilitation within the past ten years related to use of force, retaliation, or other misconduct raised by other individuals.    Information deemed "confidential" or "privileged," or which is considered an intrusion of privacy rights or laws, can be submitted under seal in a privilege log for the Court's in camera review and determination.  See, <u>Soto v. Concord</u>, 162 F.R.D. 603, 615-15 (N.D. Cal. 1995).

**Response:**  Objection.  Vague, ambiguous, and overbroad as to the term "related" and the phrase "other misconduct raised by other individuals."    Calls for documents not relevant to the claims or defenses of either party and not reasonably calculated to lead to the discovery of admissible evidence; documents subject to the official information and deliberative process privileges; confidential documents whose disclosure may jeopardize the safety and security of the institution; and documents protected from disclosure by the rights to privacy and confidentiality; including under California Penal Code section 832.7, California Evidence Code sections 1043 and 1045, and California Code of Regulations, Title 15, sections 3321, 3450, and 3370, and California Government Code section 6254.  Defendants assume that the phrase "other misconduct raised by other individuals" means alleged violations of CDCR policy and/or California or Federal law made by any person.  Without waiving these objections, after a good faith, reasonable, and diligent search, Defendants have no relevant documents responsive to Plaintiff's request.

(ECF No. 191 at 11-12.)

**Set Four:    Request for Production No. 5:**    Produce all DOCUMENTS from Defendant Davey's Personnel File complied [sic] by the California Department of Corrections and Rehabilitation within the past ten years related to the use of force, retaliation, or misconduct raised by other individuals.    Information deemed "confidential" or "privileged," or which is considered an intrusion of privacy rights or laws, can be submitted under seal in a privilege log for the Court's in camera review and determination.  See, <u>Soto v. Concord</u>, 162 F.R.D. 603, 615-15 (N.D. Cal. 1995).

**Response:**  Objection.  Vague, ambiguous, and overbroad as to the term "related" and the phrase "other misconduct raised by other individuals."    Calls for documents not relevant to the claims or defenses of either party and not reasonably calculated to lead to the discovery of admissible evidence; documents subject to the official information and deliberative process privileges; confidential documents whose disclosure may jeopardize the safety and security of the institution; and documents protected from disclosure by the rights to privacy and confidentiality; including under California Penal Code section 832.7, California Evidence Code sections 1043 and 1045, and California Code of Regulations, Title 15, sections 3321, 3450, and 3370, and California Government Code section 6254.  Defendants assume that the phrase "other misconduct raised

by other individuals" means alleged violations of CDCR policy and/or California or Federal law made by any person. Without waiving these objections, after a good faith, reasonable, and diligent search, Defendants have nothing responsive to this request. It appears that no responsive documents exist.

(ECF No. 191 at 12.)

**Set Four: Request for Production No. 6:** Produce all DOCUMENTS from Defendant Weeks' Personnel File complied [sic] by the California Department of Corrections and Rehabilitation within the past ten years related to the use of force, retaliation, or misconduct raised by other individuals. Information deemed "confidential" or "privileged," or which is considered an intrusion of privacy rights or laws, can be submitted under seal in a privilege log for the Court's in camera review and determination. See, <u>Soto v. Concord</u>, 162 F.R.D. 603, 615-15 (N.D. Cal. 1995).

**Response:** Objection. Vague, ambiguous, and overbroad as to the term "related" and the phrase "other misconduct raised by other individuals." Calls for documents not relevant to the claims or defenses of either party and not reasonably calculated to lead to the discovery of admissible evidence; documents subject to the official information and deliberative process privileges; confidential documents whose disclosure may jeopardize the safety and security of the institution; and documents protected from disclosure by the rights to privacy and confidentiality; including under California Penal Code section 832.7, California Evidence Code sections 1043 and 1045, and California Code of Regulations, Title 15, sections 3321, 3450, and 3370, and California Government Code section 6254. Defendants assume that the phrase "other misconduct raised by other individuals" means alleged violations of CDCR policy and/or California or Federal law made by any person. Without waiving these objections, Defendants Davey, Rodriguez, Probst, Barton, and Robinette do not have a legal right to obtain documents from Defendant Weeks' personnel file, and he is represented by separate counsel. Plaintiff should direct his request for records from Weeks' personnel file to Defendant Weeks and his counsel.

(ECF No. 191 at 13.)

A. The Parties' Positions

Plaintiff argues that he "has alleged that repeated complaints about misconduct, and mistreatment of inmates have been made about at least three of the six defendants, and that nothing was done to stop their abuse and assaults." (ECF No. 191 at 17.) Plaintiff claims that such evidence about defendant Weeks "would be highly relevant to the claim of supervisory liability against defendant Davey, Captain of the Facility B, where these assaults and murders were happening," and argues this lead to the Office of the Inspector General responding to

20

complaints by plaintiff and other witnesses. (Id.) Further, such evidence may support plaintiff's claims against the defendant officers and argues that courts have ordered the production of personnel files over the government's privilege objection. (ECF No. 191 at 18.) Plaintiff notes that defendant Weeks has had civil rights actions filed against him since 2007, and was a co-defendant with defendant Davey in at least one case.

Without waiving their objections, the group defendants point out that after a good faith, reasonable, and diligent search, it appears no responsive documents exist as to defendants Rodriguez, Barton, and Davey. Defendants contend they have no legal right to obtain documents from the personnel file of defendant Weeks, who is represented by separate counsel.

As to responses to requests nos. 3 and 4, group defendants located two documents within the personnel files of defendants Robinette and Probst that were responsive to plaintiff's broad request for documents "related" to "misconduct," identified in defendants' privilege log. (ECF No. 192 at 10.) Defendants acknowledge that federal law controls with respect to privilege in section 1983 cases, but argue that the court should consider state privileges when not inconsistent with federal law. (ECF No. 192 at 10), citing Pagano v. Oroville Hosp., 145 F.R.D. 683, 687-88 (E.D. Cal. 1993); see also Soto, 162 F.R.D. at 616. Group defendants argue that the identified documents are outside the scope of discovery because they are not relevant or admissible for any purpose under the Federal Rules of Evidence. (ECF No. 192 at 10.)

In reply, plaintiff argues that all of the defendants have civil rights cases filed against them in federal court, primarily for the use of excessive force and denial of due process, but also for other misconduct. (ECF No. 199 at 13) (citing three Eastern District cases). Plaintiff reiterates his argument that defendants' objections are without merit because discovery is based on federal law in civil rights cases. (ECF No. 199 at 13.) In addition, plaintiff notes that the production of such documents can be governed by a protective order.

B. Discussion

The group defendants' argument as to defendant Weeks' personnel file is well-taken, and no further action on Weeks' personnel file, or the personnel files of defendants Rodriguez, Barton, and Davey is required. In an abundance of caution, the group defendants shall submit for

in camera review the February 14, 2018 personnel document and the March 4, 2012 personnel document discovered within the personnel files of defendants Robinette and Probst (ECF No. 192-1 at 37).

### 3. Set Four:  Request No. 7 (Dolihite's Criminal History)

> **Set Four:   Request for Production No. 7:**   Produce all DOCUMENTS from the criminal history of Joseph Clay Dolihite CDCR No. H-56999, who had committed an attempted murder on Richard Joseph Crane, CDCR No. C44519, on January 16, 2013, in GED Class at High Desert State Prison.  Produce Joseph Dolihite's CDCR C-File for copying of records of violence, or mental health history.
>
> **Response:**   Objection.   This request is duplicative of Plaintiff's request for production of documents, set three, request fifteen and is compound.  Defendants further object to Plaintiff's request for the criminal history of inmate Dolihite because records of his criminal convictions are publicly available and, therefore, equally available to Plaintiff.  Defendants also object to Plaintiff's request for Dolihite's C-file because this request is overbroad and burdensome.   The request calls for documents not relevant to the claims or defenses of either party and not reasonably calculated to lead to the discovery of admissible evidence; documents not within the possession, custody, or control of Defendants; documents classified as confidential, including on the basis of institutional safety and security; documents protected by privilege, including attorney client, official information, and deliberate process privileges; and documents protected by the rights to privacy and confidentiality, including under California Information Practices Act of 1977, California Welfare & Institutions Code section 5328, California Code of Regulations, Title 15, sections 3321, 3450, 3370 and 6254, and the Health Insurance Portability and Accountability Act of 1996.   Without waiving these objections, Defendants refer Plaintiff to their response to Plaintiff's request for production of documents, set three, request fifteen.

(ECF No. 191 at 13-14.)

A.  The Parties' Positions

Plaintiff included no specific arguments in support of his motion to compel further response to request no. 7.  (ECF No. 191, *passim*.)

The group defendants point out that although plaintiff included this request in his motion, he did not address it within the motion.  Defendants object that this request duplicates plaintiff's request for production of documents, set three, request no. 15, which sought production of "the criminal history, and prison history of all five inmate assailants whom are alleged to have

////

22

assaulted [plaintiff]." (ECF No. 199 at 10, citing ECF No. 191 at 7, compare ECF No. 191 at 6 to ECF No. 191 at 11.)

Plaintiff also failed to specifically address request no. 7, set four, in his reply. (ECF No. 199, *passim*.)

B. Discussion

Due to the duplicative nature of plaintiff's request, as well as his failure to separately argue concerning this request, no further production in response to No. 7 is required.

V. Further Scheduling

Because additional production is required by this order and includes an in camera review of certain documents, the deadline for filing pretrial motions is extended until thirty days beyond the court's ruling on the in camera review. "The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 191) any further response by defendant Weeks is denied;

2. Plaintiff's request for judicial notice (ECF No. 191 at 4) is denied without prejudice;

3. Plaintiff's motion to compel (ECF No. 191) is partially granted, as follows:

A. In response to Plaintiff's Request for Production of Documents, Set Three, Request for Production of Documents No. 15, the group defendants shall provide plaintiff with the nonconfidential portions of the rules violation reports FB-13-01-012, Dolihite H56999, and FB-10-02-006, Washington H35312, within thirty days.

B. Within thirty days from the date of this order, defendants shall submit the following documents to the undersigned for in camera review:

1. March 6, 2013 Confidential Closure Memorandum for Inmate Crane.

2. March 3, 2013 Confidential Interviews.

3. January 28, 2013 Confidential Closure Memorandum.

4. January 29, 2013 Confidential Closure Memorandum.

5.  Any confidential closure memoranda and confidential interviews included in rules violation reports FB-13-01-012, Dolihite H56999, and FB-10-02-006, Washington H35312.

6.  The February 14, 2018 personnel document and the March 4, 2012 personnel document discovered within the personnel files of defendants Robinette and Probst.

The group defendants shall submit a clean copy of each document and a copy containing proposed redactions to the undersigned, clearly marked for in camera review.  The undersigned will then determine whether limited or redacted disclosure of these documents to plaintiff is appropriate, subject to a protective order.

C.  In all other respects, the motion to compel is denied.

4.  The deadline for filing pretrial motions is extended until thirty days beyond the court's ruling on the in camera review.

Dated:  March 19, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cran0208.mtc