UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSEPH CRANE, | No. 2:15-cv-0208 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| RODRIGUEZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. By order filed March 20, 2020, defendants Davey, Rodriguez, Probst, Barton and Robinette (hereafter "group defendants") were ordered to submit certain documents for in-camera review.[1] (ECF No. 206.) Counsel submitted the documents on April 13, 2020. Following in camera review, plaintiff's request for further production is partially granted, as set forth below. Further scheduling of this action is stayed pending plaintiff's review of pertinent discovery documents.

I. Plaintiff's Allegations

This action proceeds on plaintiff's second amended complaint against defendants Davey, Rodriguez, Robinette, Barton, Probst and Weeks. (ECF No. 16.) The court found plaintiff stated

---

[1] Defendant Weeks is represented by separate counsel. Defendants Peck and Hurd were dismissed on December 8, 2015. (ECF No. 38.) Defendant Madrigal was dismissed on January 12, 2016. (ECF No. 42.)

potentially cognizable First and Eighth Amendment claims for relief based on plaintiff's allegations that such defendants conspired to violate his civil rights while plaintiff was incarcerated at High Desert State Prison ("HDSP").  (ECF No. 26 at 6.)  Plaintiff alleges that on multiple occasions, defendants set him up for assault by inmates because of plaintiff's litigation activities.  (ECF No. 16 at 3-9.)  Plaintiff identified the inmates as Washington, Smith, Dolihite, Parker and Williams, and the incidents occurred from December 31, 2009, to March 1, 2013.  (ECF No. 16 at 3-8.)  In addition, plaintiff alleges that defendants Robinette and Weeks used excessive force on March 1, 2013.  (ECF No. 16 at 7-8.)

II. <u>In Camera Review</u>

As noted above, group defendants submitted documents for in-camera review as required by the court's March 20, 2020 order.

    A.  <u>Personnel Records</u>

The undersigned reviewed the documents from the personnel records of defendants Robinette and Probst (DEF 1084-088; 1089-096).  Such documents are not relevant to plaintiff's claims in this action.  Therefore, no further production is required in response to plaintiff's set four:  requests for personnel records (Nos. 3-4).

    B.  <u>Rules Violation Report FB-13-01-012, Part C</u>

Following review of Part C of Rules Violation Report FB-13-01-012 against inmate Dolihite, the undersigned finds such document is relevant to plaintiff's claims herein.  Group defendants shall produce to plaintiff the redacted copy of such document (redacted DEF 1066) in response to plaintiff's request for production of documents No. 15.

    C.  <u>Confidential Memos</u>

Defendants submitted the confidential memorandums sought in request for production of documents no. 15, specifically, the January 28 and 29, 2013 confidential closure memos (DEF 1097-102), and the March 3 and 6, 2013 confidential interviews and closure memos (DEF 1103-107).  Defendants provided proposed redactions for the January 2013 confidential closure memos (DEF 1097-102).

////

The official information privilege is qualified. <u>Sanchez v. City of Santa Ana</u>, 936 F.2d 1027, 1033-34 (9th Cir. 1990). "To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages." <u>Id</u>.

After reviewing these memos, the undersigned finds that these documents are relevant to this action. These documents largely contain other inmates' statements concerning what took place during the attacks on plaintiff. The proposed redactions in the confidential closure memo for inmate Dolihite are appropriate as the release of the redacted information could cause harm. Counsel shall redact such memo as proposed. The remaining unredacted portions are relevant and should be disclosed as set forth below.

The memos concerning inmates Parker and Williams are based on the interviews of the inmates involved in the attack on plaintiff. Such witness statements report their view of the incident and do not appear to include any confidential information that would cause harm if disclosed.

The disclosure of such redacted and unredacted versions of these memos will not discourage the institution's investigative process.

Recognizing the privacy rights of witnesses in the reports and the interests of prison security, the undersigned finds that it is appropriate to permit plaintiff to review the redacted version of the documents concerning inmate Dolihite (DEF 1097-098; 1099-102), and the unredacted memos concerning inmates Parker and Williams (DEF 1103-104; 1106-107). Defendants are directed to make arrangements with the California State Prison-Los Angeles County ("CSP-LAC") Litigation Coordinator for plaintiff to review these redacted and unredacted documents. The review shall be two hours in length, and plaintiff shall be provided with paper and writing material and be permitted to take notes. Plaintiff shall not be permitted to take possession of the reviewed documents. Such precautions address defendants' institutional security concerns.

In light of the current COVID-19 pandemic, a lengthy period of time is set to provide for such review.

////

III. Plaintiff's Request for Extension of Time

On April 16, 2020, plaintiff filed a motion for extension of time to file and serve objections to the March 20, 2020 order.

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. See Fed. R. Civ. P. 72(a).

Plaintiff's motion for extension of time is untimely. Under the mailbox rule, plaintiff's motion for extension was filed on April 9, 2020, when presented to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 275-76 (1988). However, under Rule 72(a), plaintiff's request for extension of time to file his objections to the March 20, 2020 order was due on or before April 3, 2020, the deadline to file such objections. Thus, plaintiff's motion for extension of time was filed six days too late.[2]

IV. Further Scheduling

As previously noted, discovery is closed. (ECF No. 189.)

In light of this order, the parties shall refrain from filing dispositive motions until further order of the court.

V. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Following in camera review:

    A. The group defendants shall produce to plaintiff the redacted copy of Part C of Rules Violation Report FB-13-01-012 against inmate Dolihite (redacted DEF 1066) in response to plaintiff's request for production of documents No. 15.

    B. Group defendants shall allow plaintiff to review the unredacted portions of confidential memos concerning inmate Dolihite (DEF 1097-098; 1099-102), and the confidential memos as to inmates Parker and Williams (DEF 1103-104; 1106-107), as set forth above. Counsel for defendants shall schedule such review within the next sixty days.

---

[2] The undersigned has considered whether plaintiff's motion should be granted due to the current pandemic. However, the record reflects that plaintiff is aware of his obligation to timely seek extensions of time, and his instant motion reflects his ability to file a request for extension of time.

4

C. No less than fourteen days following plaintiff's review of these documents, plaintiff shall file a notice acknowledging that he has completed the review. At that time, the court will issue a revised scheduling order for this action.

D. In all other respects, plaintiff's motion for further production of documents (ECF No. 191) is denied.

2. Plaintiff's motion for an extension of time (ECF No. 208) is denied.

3. The parties shall refrain from filing dispositive motions pending further order of the court.

Dated: April 22, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cran0208.icr