UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSEPH CRANE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RODRIGUEZ, et al.,<br><br>　　　　Defendant. | No. 2:15-cv-00208-TLN-KJN<br><br>**ORDER** |

This matter is before the Court on Plaintiff Richard Joseph Crane's ("Plaintiff") Request for Reconsideration of the magistrate judge's order filed April 22, 2020 (ECF No. 209), partially-denying Plaintiff's Motion to Compel. (ECF No. 213.) For the reasons set forth below, Plaintiff's motion is DENIED.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a state prisoner proceeding *pro se*, filed this civil rights action seeking relief under 42 U.S.C. § 1983.  Plaintiff alleges that on multiple occasions, Defendants Davey, Rodriguez, Robinette, Barton, Probst, and Weeks set him up for assault by other inmates in retaliation for Plaintiff's litigation activities.[1]  (ECF No. 16 at 3–9.)  Plaintiff also alleges Defendants Robinette and Weeks used excessive force against him on March 1, 2013.  (*Id.* at 7–8.)  This action is proceeding on Plaintiff's Second Amended Complaint based on Plaintiff's claims for violations of his First and Eighth Amendment rights.  (*See* ECF No. 26.)

After discovery closed, Plaintiff filed a motion to reopen discovery so that he could file a motion to compel.  (*See* ECF Nos. 182, 185.)  On April 18, 2019, the magistrate judge reopened discovery for the sole purpose of allowing Plaintiff to file a motion to compel as to the Group Defendants' responses to Plaintiff's third and fourth sets of discovery.  (ECF No. 189.)  On May 23, 2019, Plaintiff filed a motion to compel.  (ECF No. 191.)  Defendant Weeks and the Group Defendants filed separate oppositions to Plaintiff's motion.  (ECF Nos. 192–193.)

On March 20, 2020, the magistrate judge partially granted Plaintiff's motion to compel, ordering the Group Defendants to submit certain documents for *in camera* review.  (ECF No. 206.)  Counsel for the Group Defendants submitted the documents on April 13, 2020.  On April 22, 2020, following the *in camera* review, the magistrate judge partially granted Plaintiff's request for further production.  (ECF No. 209.)  The magistrate judge granted Plaintiff's request for a specific Rules Violation Report and confidential prison memorandums, but with redactions.  However, the magistrate judge denied Plaintiff's request for personnel records.  (ECF No. 209 at 2–3.)  The magistrate judge further denied Plaintiff's request to the extent he sought documents relating to Defendant Weeks or previously dismissed defendants.  (*See* ECF No. 209 at 1 n.1; *see also* ECF No. 206 at 2–3.)

/ / /

---

[1]   Defendant Weeks is represented by different counsel from Defendants Davey, Rodriguez, Robinette, Barton, and Probst.  For purposes of this Order, Defendants Davey, Rodriguez, Robinette, Barton, and Probst will hereinafter be referred to as the "Group Defendants."

On May 4, 2020, Plaintiff filed the instant Request for Reconsideration of the magistrate judge's April 22, 2020 discovery order. (ECF No. 213.)

## II. STANDARD OF LAW

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. *See* Fed. R. Civ. P. 72(a). The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A). The objecting party has the burden of showing that the magistrate judge's ruling is clearly erroneous or contrary to law. *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2009 WL 3613511, at *1 (N.D. Cal. Oct. 28, 2009). "A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision." *Martinez v. Lawless*, No. 1:12-CV-01301-LJO-SKO, 2015 WL 5732549, at *1 (E.D. Cal. Sept. 29, 2015) (citing *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987)).

"The 'clearly erroneous' standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters." *Comput. Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) (citing *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990)). Under the "clearly erroneous" standard, "the district court can overturn the magistrate judge's ruling only if the district court is left with the 'definite and firm conviction that a mistake has been committed.'" *E.E.O.C. v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (quoting *Burdick v. C.I.R.*, 979 F.2d 1369, 1370 (9th Cir. 1992)). "Thus, review under the 'clearly erroneous' standard is significantly deferential.'" *Concrete Pipe and Products of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993).

The magistrate's legal conclusions are reviewed *de novo*. *See Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Cochran v. Aguirre*, No. 1:15-cv-01092-AWI-SAB (PC), 2017 WL 2505230, at *1 (E.D. Cal. June 9, 2017). However, the district court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991). Rather, "a magistrate judge's decision is contrary to law

only where it runs counter to controlling authority." *Pall Corp. v. Entegris, Inc.*, 655 F. Supp. 2d 169, 172 (E.D. N.Y. 2008).  Consequently, "a magistrate judge's order simply cannot be contrary to law when the law itself is unsettled." *Id.*

### III.    ANALYSIS

Plaintiff seeks reconsideration of the magistrate judge's April 22, 2020 order (ECF No. 209) denying Plaintiff's request to "produce all DOCUMENTS from [each defendant's] Personnel File [compiled] by the California Department of Corrections and Rehabilitation within the past ten years related to the use of force, retaliation, or misconduct raised by other individuals." (ECF No. 213 at 3–5; *see also* ECF No. 191 at 9–13.)  Plaintiff claims the personnel files are relevant because they will establish most or all Defendants have a history of assaulting inmates, which in turn supports Plaintiff's claims or shows "proof of motive, opportunity, intent, [p]reparation, plan, knowledge, identity, or absence of mistake or accident." (ECF No. 213 at 4–5; *see also* ECF No. 191 at 17.)

However, the Group Defendants responded to Plaintiff's request by stating that "after a good faith, reasonable, and diligent search, Defendants have nothing responsive to Plaintiff's request with respect to Defendants Rodriguez, Barton, and Davey because it appears no such documents exist." (*See* ECF No. 192 at 9.)  This response is legally sufficient, and Plaintiff is required to accept it.

Furthermore, counsel for the Group Defendants was unable to access the file for Defendant Weeks because Weeks is represented by separate counsel.  Regardless, the magistrate judge's April 18, 2019 order reopened discovery for the limited purpose of addressing challenges to the Group Defendants' — and not Defendant Weeks' — responses.  (*See* ECF No. 189 at 6.)  Therefore, no further response from Defendant Weeks was required.

Finally, Defendants Robinette and Probst did produce documents from their personnel files, which were reviewed *in camera*.  Following *in camera* review of the documents located within the personnel files of Defendants Robinette and Probst, the magistrate judge found such documents were not relevant and declined to order the production of such documents.  (ECF No. 209 at 2.)

In sum, Plaintiff has not shown that the magistrate judge's denial of his request for the Group Defendants' personnel files was clearly erroneous or contrary to law. *In re eBay Seller Antitrust Litig.*, 2009 WL 3613511, at *1; *Martinez*, 2015 WL 5732549, at *1. Therefore, the magistrate judge's April 22, 2020 order (ECF No. 209) is affirmed and Plaintiff's Motion for Reconsideration is DENIED.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Request for Reconsideration (ECF No. 213) is hereby DENIED.

IT IS SO ORDERED.

DATED: June 16, 2020

                                                                Troy L. Nunley
                                                                United States District Judge