UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSEPH CRANE,<br><br>    Plaintiff,<br><br>    v.<br><br>RODRIGUEZ, et al.,<br><br>    Defendants. | No. 2:15-cv-0208 TLN KJN P<br><br>ORDER AND REVISED SCHEDULING ORDER |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel. On June 29, 2020, defendants filed a response. Following extensions of time, plaintiff filed a reply on September 21, 2020. As discussed below, the undersigned denies the motion, and sets a further schedule for this case.

I. <u>Plaintiff's Complaint</u>

This action proceeds on plaintiff's second amended complaint against defendants Davey, Rodriguez, Robinette, Barton, Probst and Weeks based on incidents in 2011 and 2013. (ECF No. 16.) The court found plaintiff stated potentially cognizable First and Eighth Amendment claims for relief based on plaintiff's allegations that such defendants conspired to violate his civil rights while plaintiff was incarcerated at High Desert State Prison ("HDSP"). (ECF No. 26 at 6.) Plaintiff alleges that on multiple occasions, defendants set him up for assault by inmates because of plaintiff's litigation activities. (ECF No. 16 at 3-9.) Plaintiff identified the inmates as

1

Washington, Smith, Dolihite, Parker and Williams, and the incidents occurred from December 31, 2009, through March 1, 2013. (ECF No. 16 at 3-8.)  In addition, plaintiff alleges that defendants Robinette and Weeks used excessive force on March 1, 2013.  (ECF No. 16 at 7-8.)

II.  Discovery

Despite plaintiff including various alleged discovery disputes in support of his motion for appointment of counsel, discovery in this matter is closed.  Indeed, on May 4, 2020, the district court denied plaintiff's motion to reconsider the undersigned's last order on discovery.  (ECF No. 213.)  To the extent plaintiff attempts to re-litigate discovery disputes within his motion for appointment of counsel, such efforts are unavailing.[1]

---

[1] As noted by defendants, the in-camera review addressed by the April 22, 2020 order did not involve the issue of plaintiff being unable to listen to a recording of inmate Dolihite's statement. Moreover, the underlying motion to compel also did not include such contention, but rather focused on plaintiff's attempt to obtain Dolihite's psychiatric records. (ECF No. 191 at 16.) Although plaintiff now relies on defendants' footnote 4, which advised plaintiff to make arrangements with his correctional counselor to listen to the audio recording, the undersigned previously noted that plaintiff omitted such footnote from his motion to compel (ECF No. 206 at 12).

Defendants' supplemental response to request for production no. 14 advised plaintiff that the two video interviews of plaintiff would be mailed to the litigation coordinator, and plaintiff could make arrangements with his correctional counselor to view them. (ECF No. 217 at 18 (dated February 4, 2019).) Subsequently, on March 4, 2019, T. Trenda, Correctional Counselor I, signed a CDC 128-B form stating Trenda provided plaintiff "the opportunity to review evidence . . . consist[ing] of (2) DVD viewable videos, and one recorded interview." (ECF No. 217 at 23.) The CDC 128-B also signed by plaintiff on March 4, 2019, includes a handwritten note stating that "the DVDs pertaining to Parker and Williams didn't have either inmate's statement, but were videos of plaintiff only." (ECF No. 217 at 23.) There is no handwritten notation as to Dolihite, or objection that no audio recording was produced. Finally, the chrono signed by both plaintiff and Trenda stated that Trenda informed plaintiff that the DVD will be returned to the assigned Deputy Attorney General and plaintiff could request future viewing of the DVD by contacting such Attorney General. (ECF No. 217 at 23.)

Now, over fifteen months later, plaintiff claims that he asked Trenda "where is the audio" and Trenda responded that he "[did not] have an audio." (ECF No. 216.) But plaintiff did not seek relief from the court at that time, despite filing multiple other documents. (ECF Nos. 182, 185, 187, & 188.) Plaintiff cites nothing in the record to demonstrate he complained to counsel for defendants or the courts concerning this alleged lack of access until he filed the instant motion long after discovery closed. While plaintiff makes much of not receiving a copy of the February 4, 2019 letter routing the CD with two video interviews and an audio interview to Daniel Sanchez, litigation coordinator, plaintiff fails to address the subsequent informational chrono signed by plaintiff. (ECF No. 222 at 2.)

Nevertheless, because plaintiff is incarcerated and unable to retain such recordings in his cell, he is allowed access to such recordings throughout this litigation in order to prepare his case.

Similarly, plaintiff's arguments that defendants are thwarting discovery are unavailing. Plaintiff cites Caruso v. Solorio, 2018 U.S. Dist. LEXIS 49671 (E.D. Cal. 2018) to support his claim. However, in Caruso, the court found that the defendants had withheld all discovery from the pro se plaintiff. Id. Such is not the case here. Rather, "the record reflects that plaintiff has propounded discovery, both on issues of exhaustion and the merits, and plaintiff has been provided over a thousand pages of documentary evidence." (ECF No. 189 at 5.) And, following the court's in camera review of withheld documents, plaintiff was allowed to review certain documents, which review he acknowledged on June 25, 2020. (ECF Nos. 209, 210, 215.) The undersigned finds no evidence that defendants have "thwarted" plaintiff's ability to obtain discovery in this action.

III. Request for Judicial Notice

Plaintiff asks the court to take judicial notice of the report issued by the Office of the Inspector General ("OIG"), entitled "2015 Special Review: High Desert State Prison, Susanville, California," a letter written to plaintiff from the OIG's office, and certain cases filed in federal courts. (ECF No. 216 at 8.)

A. Governing Standards

Federal Rule of Evidence 201 permits the Court to take judicial notice at any time. A judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy reasonably cannot be questioned. Fed. R. Evid. 201(b). "Facts are indisputable, and thus subject to judicial notice, only if they are either "generally known" under Rule 201(b)(1) or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned" under Rule 201(b)(2)." United States v. Ritchie, 342 F.3d 903, 909 (9th Cir. 2003)

---

Whether or not plaintiff has previously listened to the audio recording of inmate Dolihite, or needs to again listen to or view any audio or digital recording relevant to the instant claims, plaintiff may ask counsel for the assigned Deputy Attorney General, who will make arrangements for plaintiff to do so. (ECF No. 217 at 2.) But plaintiff must seek access through a request to the assigned Deputy Attorney General, who retained the recordings, not through prison staff who may at one time had possession of such recordings.

3

Proper subjects of judicial notice include "court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004). Courts may also take judicial notice of some public records, including the "records and reports of administrative bodies." Ritchie, 342 F.3d at 909; Marsh v. San Diego County, 432 F. Supp. 2d 1035, 1043-44 (S.D. Cal. 2006) (courts may take judicial notice of records and reports of administrative bodies, including the VCGCB, but not the truth of the facts cited therein).

"As a general rule, a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it." M/V Am. Queen v. San Diego Marine Constr. Corp., 708 F.2d 1483, 1491 (9th Cir. 1983). This court "'may take judicial notice of undisputed matters of public record,' including documents on file in federal or state courts." Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001), and citing see Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002).). Thus, while "a court may take judicial notice of the existence and content of court files in another court, it cannot take judicial notice of factual findings made by that court. They are not facts 'not subject to reasonable dispute' within the meaning of [Federal Rule of Evidence] 201(b)." E. Matters Constituting Proof, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 14-E, citing Taylor v. Charter Med. Corp., 162 F.3d 827, 830 (5th Cir. 1998).

    B. Specific Requests for Judicial Notice

        1. OIG Special Review

Here, solely for purposes of plaintiff's motion for appointment of counsel, the undersigned takes judicial notice of the 2015 Special Review: High Desert State Prison, Susanville, California, to the extent that plaintiff requests the court take judicial notice of "reports of administrative bodies." Ritchie, 342 F.3d at 909; (ECF No. 147 at 27-119 (OIG 2015 Special Review).)

////

////

## 2. Letter from OIG Office

The court declines to take judicial notice of a December 16, 2016 letter from the Office of the Inspector General. Contrary to plaintiff's claim that this letter proves he "was instrumental in the OIG investigating HDSP, and finding their flawed practices," (ECF No. 216 at 8), the undersigned does not so find. Although plaintiff requested records pertinent to the 2015 OIG review referenced above, the letter addressed a 2011 interview plaintiff claimed he had with an OIG representative. The letter confirmed that the OIG conducted an authorized review of High Desert State Prison in 2012, in response to reports of alleged staff misconduct, and states "[i]t is our belief [plaintiff was] interviewed as part of that review." (ECF No. 216 at 52.) But the letter does not state plaintiff was interviewed in connection with the 2015 Special Review set forth above; rather, such review was submitted in a report provided to Darrell Steinberg on May 4, 2012. (ECF No. 216 at 52.) Plaintiff's request for judicial notice of such letter is denied.

## 3. Plaintiff's Lawsuits

a. Crane v. Runnels, No. 2:02-cv-2203 MCE KJM (E.D. Cal.) (granting summary judgment to defendant Runnels, Warden at HDSP, finding no evidence suggesting Runnels was involved in housing decisions concerning plaintiff, or indicating Runnels "implemented an inherently flawed policy that resulted in plaintiff being subjected to a substantial risk of serious harm.").[2] (Id.) In his operative pleading, plaintiff claimed that when he arrived at HDSP in May of 2001, he had a reputation among some other inmates as being a snitch, and believed that there was an agreement among CDCR inmates who are gang members to stab other inmates identified as "snitches." (Id.) Despite this fact, for at least some of his stay at HDSP, plaintiff was housed in general population, which caused him severe emotional and psychological distress, and caused him to serve ten months in administrative segregation. Id. (ECF No. 40 at 4, 5-6, 9-10). Plaintiff alleged that Runnels knew inmates such as plaintiff were being attacked constantly at HDSP, and should have made sure plaintiff was housed in protective custody at HDSP or transferred plaintiff

---

[2] Plaintiff's remaining claims against defendant Kuhn, and all but the first claim against Runnels were dismissed based on plaintiff's failure to exhaust administrative remedies. (ECF Nos. 90, 97.)

to another facility. Id. at 12-13. In opposition to Runnels' motion for summary judgment, plaintiff submitted affidavits from fellow inmates declaring they had been attacked by other inmates at HDSP. Id. (ECF No. 117 (Pl.'s Exs. 5, 7 & 8.).)

    b. The court already took judicial notice of plaintiff filing Crane v. McDonald, 2:11-cv-0663 KJM CKD (E.D. Cal.). (ECF No. 160.) In this case, plaintiff challenged, *inter alia*, lockdowns at Salinas Valley State Prison and High Desert State Prison from 2007 to February 2010. The court granted defendant Davey qualified immunity, and found plaintiff failed to demonstrate a triable issue of material fact as to the remaining defendants. (Id. (ECF Nos. 94, 103.)

    c. Plaintiff refers to an out-of-district petition for writ of habeas corpus filed under 28 U.S.C. § 2254, in which he challenged the denial of parole. Crane v. Beard, 2:15-cv-5647 DSF (JC) (C.D. Cal.). (ECF No. 216 at 54-55.) On January 13, 2017,[3] the Central District court granted plaintiff's motions to take judicial notice of the "2015 Special Review: High Desert State Prison, Susanville, CA" investigative report, "to the extent they request that the Court take judicial notice of the Report as the Court may take judicial notice of 'reports of administrative bodies." Beard, 2:15-cv-5647 (ECF No. 46 at 1) (citation omitted). (ECF No. 216 at 54.) The Central District court also took judicial notice of plaintiff's filings in state court. (ECF No. 216 at 55.) On April 3, 2017, the petition was dismissed; the court found plaintiff failed to state a cognizable habeas claim in ground one because it challenged conditions of confinement; ground two, challenging an adverse parole decision, lacked merit; and grounds three and four, challenging state court decisions, failed to state a cognizable federal habeas corpus claim. Beard, 2:15-cv-5647 (ECF No. 49.)

    d. Discussion

Plaintiff's request that the court take judicial notice of the three cases he filed is granted to the extent that plaintiff filed such actions and certain documents therein.

---

[3] The Central District's minute order references the date, "January 13, 2016," which is clearly a typographical error because it cites events that occurred after that day, and was docketed on January 13, 2017. Id. (ECF No. 46).

### 4. Olivas v. Davey Lawsuit

Plaintiff also asks the court to take judicial notice of a civil rights case plaintiff was allegedly pursuing on behalf of inmate Olivas, Olivas v. Davey. However, plaintiff did not provide a case number or other document demonstrating that plaintiff was filing documents on behalf of Mr. Olivas. (ECF No. 216 at 10.) Thus, plaintiff's request is denied.

## IV. Motion for Appointment of Counsel

### A. Standards Governing Motions for Counsel

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

### B. Discussion

The instant record reflects that plaintiff is articulate and capable of litigating this, and other cases filed in this court, as well as other courts. While he did not graduate high school, by his own account, plaintiff has a 12.9 grade level education. (ECF No. 216 at 43.) Plaintiff has obtained numerous affidavits of victims and witnesses. (ECF No. 216 at 45.) Plaintiff has won summary judgment on exhaustion of administrative remedies, and exhausted habeas claims through the California Supreme Court. (ECF No. 216 at 47.) Plaintiff has propounded discovery requests and been granted relief on a motion to compel. (ECF No. 209.) This case involves First and Eighth Amendment challenges, but plaintiff has a firm grasp of what is required to pursue

1  such claims. The undersigned is not persuaded that this action is so complex that plaintiff is
2  unable to continue without counsel.

3  While plaintiff asserts his claims have merit, at this stage of the proceedings, the court is
4  unable to ascertain the likelihood of success on the merits. Discovery recently closed, and
5  dispositive motions have not yet been filed.

6  Having considered the factors under Palmer, the court finds that plaintiff has failed to
7  meet his burden of demonstrating exceptional circumstances warranting the appointment of
8  counsel at this time.

9  V.  Revised Scheduling Order

10  As noted in footnote one, it appears that plaintiff has not had an opportunity to review all
11  of the witness statements in this action. Thus, in an abundance of caution, and because of the
12  Covid-19 pandemic resulting in modified programming of state prisons, plaintiff shall forthwith
13  identify to opposing counsel the audio or digital recordings plaintiff needs to review, and
14  defendants' counsel shall arrange timely access to such audio or digital recordings plaintiff needs
15  to review or re-review. Counsel for defendants is encouraged to work with prison staff to ensure
16  such review is timely arranged. The parties are granted sixty days for the review to be completed.

17  As noted above, discovery is closed. No dispositive motion shall be filed prior to plaintiff
18  viewing the audio or digital recordings. The dispositive motion deadline is continued to May 21,
19  2021. In all other respects, the court's prior scheduling order remains in effect. (ECF No. 180.)

20  Accordingly, IT IS HEREBY ORDERED that:

21  1. Plaintiff's request for judicial notice (ECF No. 216) is granted in part and denied in
22  part, as set forth above.

23  2. Plaintiff's motion for the appointment of counsel (ECF No. 216) is denied without
24  prejudice.

25  3. Discovery is closed.

26  4. Plaintiff shall forthwith identify to opposing counsel the audio or digital recordings
27  plaintiff needs to review, and defendants' counsel shall arrange timely access to such audio or
28  ////

digital recordings plaintiff needs to review or re-review.  The parties are granted sixty days for such review to be completed.

     5.  The dispositive motion deadline is continued to May 21, 2021.

Dated:  December 7, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cran0208.31f.rjn