UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. CRANE, | No. 2:15-cv-0208 TLN KJN P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RODRIGUEZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, currently housed at California State Prison, Lancaster ("CSP-Lancaster"). He proceeds pro se in an action brought under 42 U.S.C. § 1983. Plaintiff's March 22, 2021, motion for injunctive relief is before the court. As discussed below, the undersigned recommends that plaintiff's motion be denied.

I. Plaintiff's Motion for Injunctive Relief

Plaintiff declares that while preparing his objections, due April 9, 2021, he was standing in front of the law library and was attacked by an inmate employed by prison officials to assault plaintiff to obstruct and hinder plaintiff's access to the court in this case. (ECF No. 231 at 2.) Plaintiff seeks a Martinez report, and argues that without one, the agents of defendants will "prohibit his access to the court and endanger his life due to plaintiff[] exercising access to the courts," citing Martinez v. Aaron, 570 F.2d 317, 319 (10th Cir. 1978). (ECF No. 231 at 2.) He
////

1

claims these retaliatory actions are being taken against him due to the instant civil rights action and numerous state court actions. (ECF No. 231 at 3.)

Following the assault, plaintiff claims that prison officials laughed with the inmate assailant, who was not punished and was allowed to stay in building one. On March 18, 2021, plaintiff received a false rules violation report alleging he was fighting, yet plaintiff has numerous witnesses to the falsity of such charges. Plaintiff claims that a fair hearing under Martinez would prove his claims.

Plaintiff does not set forth his injuries, but claims his blood was spattered on a motion he was carrying to photocopy for his new cellmate, and that his blood "profusely flow[ed]" into legal folders he was holding. Plaintiff was scheduled for two medical appointments on March 23, 2021.

II. Plaintiff's Underlying Claims

This action proceeds on plaintiff's second amended complaint against defendants Davey, Rodriguez, Robinette, Barton, Probst and Weeks. (ECF No. 16.) Plaintiff alleges violations of his First and Eighth Amendment rights based on plaintiff's claims that such defendants conspired to violate his civil rights while plaintiff was incarcerated at High Desert State Prison ("HDSP"). (ECF No. 26 at 6.) Plaintiff alleges that on multiple occasions, defendants set him up for assault by inmates because of plaintiff's litigation activities. (ECF No. 16 at 3-9.) Plaintiff identified the inmates as Washington, Smith, Dolihite, Parker and Williams, and the incidents occurred from December 31, 2009, to March 1, 2013. (ECF No. 16 at 3-8.) In addition, plaintiff alleges that defendants Robinette and Weeks used excessive force on March 1, 2013. (ECF No. 16 at 7-8.)

III. Martinez Report

In 2008, the Ninth Circuit addressed, for the first time, whether a district court in the Ninth Circuit has the authority to require a defendant to prepare a Martinez report:

> The purpose of the report "is to give the court the benefit of detailed factual information that may be helpful in identifying a case involving a constitutional challenge to an important, complicated correctional practice, particularly one that may affect more than the inmate who has filed the 1983 action." Lewis v. Fong, Nos. 86-3465, 86-4011 and 86-4616, 1986 WL 12781, *1-2, 1986 U.S. Dist. LEXIS 17837, at *5 (E.D. Pa. Nov. 12, 1986). In Martinez, the court

2

> indicated that a "record" could be created by requiring state authorities to use administrative or grievance procedures. 570 F.2d at 319-20. The court also explained that the record is especially important to develop the facts as to the color of state law and to enable the trial court to make preliminary decisions on issues like jurisdiction. Id.
>
> The Federal Judicial Center has also acknowledged the utility of Martinez reports: "By ordering a defendant to file a Martinez report early in the litigation, the court can in some cases save time and effort -- either that required to dispose of frivolous cases on motion or that required to deal formally with a problem the penal institution might be able and willing to address informally." Federal Judicial Center, Resource Guide for Managing Prisoner Civil Rights Litigation § III.C.3.c.3 at 33 (1996).

In re Arizona, 528 F.3d 652, 656 (9th Cir. 2008)

IV.  Discussion

Here, plaintiff proposes a novel use of the Martinez report, purportedly under the All Writs Act, to engage nonparties to investigate plaintiff's claim that other nonparties are retaliating against plaintiff, purportedly based on the instant litigation as well as other cases plaintiff is pursuing in state court. But the Ninth Circuit identified the purpose of a Martinez report as "helpful in identifying a constitutional challenge to an important, complicated correctional practice, particularly one that may affect more than the inmate who has filed the 1983 action." Arizona, 528 F.3d at 656 (citations omitted). Here, the purpose of the proposed Martinez report pertains solely to complaints unique to plaintiff. Similarly, discovery in this case is closed, and jurisdiction is not an issue.

The Ninth Circuit's alternative purpose also does not apply. Plaintiff did not seek the Martinez report "early in the litigation" and his pleading was screened long ago and determined not to be frivolous. Indeed, this case has been pending over six years. Moreover, the purpose for which plaintiff seeks the report is wholly unrelated to management of the instant case. In any event, case management is not an issue at this time.

Finally, even assuming a Martinez report could be beneficial at a later stage of litigation, the undersigned finds that such a report would not be beneficial here. Rather, the use of a Martinez report to involve nonparties at a different prison from where defendants allegedly violated plaintiff's rights back in 2009 to 2013 would only confuse the record. Plaintiff provides

no facts demonstrating that any of the defendants or inmates involved in the incidents at HDSP were involved in the recent assault at CSP-Lancaster.  Rather, plaintiff claims that agents of the Secretary of the CDCR are conspiring to falsely charge plaintiff with fighting and to cover up the assault.  (ECF No. 231 at 4.)

In addition, the court is not persuaded that plaintiff has no other remedy.  Plaintiff may call his witnesses at the hearing on the March 18, 2021 RVR at CSP-Lancaster.  With regard to his claim that he is denied access to the court in this action, plaintiff could seek an extension of time to file his objections based on the assault.  Although plaintiff has previously been granted two extensions of time, the assault constitutes good cause for an additional extension.  In fact, because the April 9, 2021 deadline is imminent, the court *sua sponte* grants plaintiff an extension of time.

For all of the above reasons, the undersigned finds that a Martinez report is not appropriate in this action.  Plaintiff's motion should be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff is granted thirty days from the date of this order in which to file a motion for reconsideration and objections.  Absent a showing of substantial cause, no further extensions of time will be granted.

Further, IT IS RECOMMENDED that plaintiff's motion (ECF No. 231) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 9, 2021

/cw/cran0208.Martinez.rept

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE