|  |  |
|---|---|
| RICHARD JOSEPH CRANE, | No. 2:15-cv-00208-TLN-KJN |
| Plaintiff, |  |
| v. | **ORDER** |
| RODRIGUEZ, et al., |  |
| Defendants. |  |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

This matter is before the Court on Plaintiff Richard Joseph Crane's ("Plaintiff") motion for reconsideration of the magistrate judge's December 7, 2020 order denying Plaintiff's motion for appointment of counsel (ECF No. 225). (ECF No. 233.) For the reasons set forth below, Plaintiff's Motion is DENIED.

///
///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a state prisoner proceeding *pro se*, brings this civil rights action under 42 U.S.C. § 1983. The operative Second Amended Complaint ("SAC") is proceeding on claims for violations of Plaintiff's First and Eighth Amendment rights. (*See* ECF No. 16.) Plaintiff claims that Defendants Davey, Rodriguez, Robinette, Barton, Probst, and Weeks (collectively, "Defendants") retaliated against him for his litigation activities by setting him up to be assaulted by other inmates on multiple occasions and that Robinette and Weeks used excessive force. (*See id.* at 3–9.)

Following the first Scheduling Order (ECF No. 82), Plaintiff has conducted discovery and filed motions to reopen discovery and motions to compel discovery, some of which were partially granted by the magistrate judge. (*See* ECF Nos. 182, 185, 189, 191, 206; *see also* ECF No. 209 (April 22, 2020 order in which, following an *in camera* review, the magistrate judge partially granted Plaintiff's request for further production of documents but denied Plaintiff's request for personnel records and documents relating to dismissed Defendants).) Plaintiff additionally sought reconsideration of the magistrate judge's April 22, 2020 order (*see* ECF No. 213), which this Court denied, finding that Plaintiff failed to demonstrate the magistrate judge's order was clearly erroneous or contrary to law (ECF No. 214).

On June 25, 2020, Plaintiff filed a motion to appoint counsel. (ECF No. 216.) The motion was opposed, and Plaintiff filed a reply. (ECF Nos. 217, 222.) On October 19, 2020, Plaintiff sought an extension of time to acquire documents to prove, via surreply, that "counsel is essential to present this complex case involving conspiracy by [California Department of Corrections and Rehabilitation] members, denial of discovery, obstruction of access to the courts," and other constitutional violations, as well as to show he was retaliated against by nonparty Correctional Counselor P. Beltran during the discovery process ordered by the magistrate judge on April 22, 2020. (ECF No. 223 at 1–2.) The magistrate judge denied Plaintiff's extension on the basis that no surreply was authorized or required. (ECF No. 224.)

On December 7, 2020, the magistrate judge denied Plaintiff's motion to appoint counsel. (ECF No. 225.) In denying Plaintiff's motion, the magistrate judge noted Plaintiff included

2

various alleged discovery disputes in his motion, but that discovery in this matter is closed and any attempts to re-litigate discovery disputes within the motion for appointment of counsel were unavailing. (*Id.* at 2.) The magistrate judge also analyzed the considerations set forth under *Palmer v. Valdez*, 560 F.3d 965 (9th Cir. 2009), and found Plaintiff failed to demonstrate any "exceptional circumstances" warranted appointing counsel at that time. (*Id.* at 7–8.) More specifically, the magistrate judge found Plaintiff's First and Eighth Amendment legal issues were not overly complex, and that Plaintiff had demonstrated his firm grasp of the issues and ability to litigate them *pro se* through his multiple discovery filings. (*Id.*) The magistrate judge additionally commented on Plaintiff's capacity to articulate and litigate matters *pro se* not only in the instant matter, but also in other cases filed before this Court and other courts, as demonstrated by Plaintiff's ability to obtain numerous affidavits of victims and witnesses, win summary judgment based on exhaustion of administrative remedies, and exhaust his habeas claims. (*Id.* at 7 (citing ECF No. 216 at 45, 47).)

On April 12, 2021, Plaintiff filed the instant motion seeking reconsideration of the magistrate judge's denial of Plaintiff's motion to appoint counsel. (ECF No. 233.)

## II. STANDARD OF LAW

The standard of review on a motion for reconsideration of a magistrate judge's ruling on a non-dispositive matter is "clearly erroneous or contrary to law." *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); E.D. Cal. L.R. 303(f). Under that standard, "[a] party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision." *Martinez v. Lawless*, No. 1:12-cv-01301-LJO-SKO (PC), 2015 WL 5732549, at *1 (E.D. Cal. Sept. 29, 2015) (citing *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987)). Indeed, the court must accept the magistrate judge's decision unless it has a "definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Const. Laborers Pension Trust for So. Cal. (Concrete Pipe)*, 508 U.S. 602, 622 (1993); *Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002). Hence, the standard is "significantly deferential." *Concrete Pipe*, 508 U.S. at 623.

The magistrate judge's decisions on dispositive issues are reviewed *de novo*. *See Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Cochran v. Aguirre*, No. 1:15-cv-01092-AWI-SAB (PC), 2017 WL 2505230, at *1 (E.D. Cal. Jun. 9, 2017) (internal citation and quotations omitted). However, the district court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991). Rather, "a magistrate judge's decision is contrary to law only where it runs counter to controlling authority." *Pall Corp. v. Entegris, Inc.*, 655 F. Supp. 2d 169, 172 (E.D. N.Y. 2008). Consequently, "a magistrate judge's order simply cannot be contrary to law when the law itself is unsettled." *Id.* (internal citation and quotations omitted).

Further, where the motion for reconsideration pertains to an order granting or denying a prior motion, Local Rule 230(j) requires the moving party to "[identify] what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and [explain] why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)–(4).

### III.   ANALYSIS

Plaintiff seeks reconsideration of the magistrate judge's order denying Plaintiff's request for appointment of counsel. (ECF No. 233.) Plaintiff contends his circumstances are exceptional in that he has not been able to obtain necessary documents that he believes an attorney could help him obtain. (*See generally id.*) However, in support of this contention, Plaintiff appears to merely rehash the arguments set forth in his original motion to appoint counsel, his prior discovery filings, and the underlying claims of the operative complaint.[1] In so arguing, Plaintiff fails to identify any new or different circumstances as required under Local Rule 230(j) to warrant reconsideration. E.D. Cal. L.R. 230(j)(3)–(4).

---

[1]  Plaintiff also includes an objection that he was denied certain documents by the Office of the Inspector General, and argues such withheld documents show Defendants have records of complaints against them for similar types of civil rights violations which may have been withheld during the discovery process. (ECF No. 233 at 3–4.) However, to the extent Plaintiff seeks resolution of such a discovery dispute, Plaintiff is advised that the instant motion for reconsideration is not the appropriate motion by which to resolve this issue.

4

Furthermore, the Court is not persuaded that the magistrate judge's denial of the motion to appoint counsel was "clearly erroneous or contrary to law." District courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 301–03 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970 (district court did not abuse discretion in declining to appoint counsel where plaintiff "was well-organized, made clear points, and presented the evidence effectively"); *see also Wood*, 900 F.2d at 1335–36 (denying appointment of counsel where plaintiff complained he had limited access to law library and lacked legal education); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (upholding district court's denial of appointment of counsel to indigent litigant who had no background in practice of law, yet who had thoroughly presented issues in pleading). The burden of demonstrating exceptional circumstances is on the plaintiff. *Palmer*, 560 F.3d at 970. And, as the magistrate judge previously explained to Plaintiff in this case, circumstances common to most prisoners — such as lack of legal education and limited law library access — do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel. (*See* ECF No. 225 at 7); *see also Wood*, 900 F.2d at 1335–36; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues.").

Here, the Court finds the magistrate judge's order was based on a careful consideration of the aforementioned *Palmer* factors with respect to Plaintiff's demonstrated ability to articulate his claims *pro se*. As explained by the magistrate judge, the record amply demonstrates Plaintiff is articulate and capable of representing himself. As to the likelihood of success on the merits, at the time Plaintiff filed his motion, discovery had closed and dispositive motions had not yet been

5

filed.  Thus, the magistrate judge correctly noted he could not yet ascertain the likelihood of Plaintiff's success on the merits.  (*See* ECF No. 225 at 8.)  Since the magistrate judge denied Plaintiff's motion, Defendants have filed motions for summary judgment raising statute of limitations and exhaustion issues, as well as challenging the merits of Plaintiff's claims.  (*See* ECF Nos. 236, 240.)  Plaintiff's oppositions to those motions are still pending.  (*See* ECF No. 243.)  Thus, it remains unclear whether Plaintiff is likely to succeed on the merits of this action.  For these reasons, the magistrate judge's decision not to appoint counsel is not "clearly erroneous or contrary to law."  Plaintiff's motion for reconsideration is therefore DENIED.

**IV.     CONCLUSION**

For the foregoing reasons, the magistrate judge's December 7, 2020 order denying Plaintiff's motion to appoint counsel (ECF No. 225) is AFFIRMED.  Plaintiff's Motion for Reconsideration (ECF No. 233) is hereby DENIED.

IT IS SO ORDERED.

DATED: July 12, 2021

```
                              Troy L. Nunley
                              United States District Judge
```