UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. CRANE, | No. 2:15-cv-00208-TLN-KJN |
| Plaintiff, | |
| v. | **ORDER** |
| RODRIGUEZ, et al., | |
| Defendants. | |

Plaintiff Richard J. Crane ("Plaintiff"), a state prisoner proceeding *pro se*, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 9, 2021, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. Following extensions of time, on June 11, 2021, Plaintiff filed a document styled, "Motion for Injunctive relief . . . and Motion for Reconsideration of Order of Magistrate Judge and Objections." (ECF No. 244 at 1.)[1]

---

[1] Plaintiff's reference to a motion for reconsideration is unclear. Plaintiff was granted an extension of time to file a motion for reconsideration of the Court's Order denying his motion for appointment of counsel, which Plaintiff filed on April 12, 2021 (ECF No. 233), and which is addressed separately. Plaintiff identifies no other order for which he seeks reconsideration. (*See* ECF No. 244.)

1

In his objections, Plaintiff claims to move for injunctive relief, again based on the March 18, 2021 assault outside the law library at California State Prison, Los Angeles ("CSP-LAC"), and addressed in the April 9, 2021 findings and recommendations at issue here. In his earlier motion, Plaintiff claimed that while he was standing in front of the law library, he was attacked by an inmate employed by prison officials to assault Plaintiff in order to obstruct and hinder Plaintiff's access to the Court in this case. (ECF No. 231 at 2.) Plaintiff now claims that on March 11, 2021, he assisted lawyers Rosen and Bien with a class action prisoner civil rights case under the Americans with Disabilities Act ("ADA") and sought personal medical supplies from guards at CSP-LAC. (ECF No. 244 at 2.) The court in *Armstrong* had issued an injunction, and guards allegedly had Plaintiff assaulted on March 18, 2021, which was planned the day before (March 17, 2021). (ECF No. 233 at 2 (citing *Armstrong v. Newsom*, 94-cv-02307 CW, 2021 WL 933106 (N.D. Cal. Mar. 11, 2021)).)[2] Plaintiff now contends the assault was planned in retaliation for Plaintiff assisting the lawyers in the *Armstrong* case. (ECF No. 244 at 2.) Plaintiff seeks relief under the All Writs Act, 28 U.S.C. § 1651, and asks the Court to allow him to file further declarations in support thereof.

Legal Standards

"A plaintiff seeking a preliminary injunction must establish that he "is likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in his favor, and . . . an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Ninth Circuit has held that, even if the moving party cannot show a likelihood of success on the merits, injunctive relief may issue if "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for*

---

[2] The district court in *Armstrong* found that "additional remedial measures are necessary to end the ongoing violations of the [*Armstrong* Remedial Plan] and ADA," and "requiring [the California Department of Corrections and Rehabilitation] to take steps to stop retaliation in violation of the ADA at [CSP-LAC, CSP-Corcoran, Substance Abuse Treatment Facility, California Institute for Women], and [Kern Valley State Prison] is necessary." *Armstrong*, 2021 WL 933106, at *19, 23.

*the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation omitted). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. *See Johnson v. California State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.'") (quoting *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984)). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. *Caribbean Marine Serv. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*, 555 U.S. at 24 (citation omitted).

Finally, the pendency of an action does not give the court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Id.* An injunction against individuals who are not parties to the action is strongly disfavored. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969).

Discussion

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis. The undersigned agrees that the use of a *Martinez* report is not appropriate, as explained by the magistrate judge. (*See* ECF No. 232 at 3–4.)

Plaintiff's renewed motion for injunctive relief is again based on the March 18, 2021 assault by nonparties at CSP-LAC. Plaintiff now alleges that the assault occurred because Plaintiff assisted the lawyers in *Armstrong*.[3] But the instant action involves incidents that took

---

[3] In connection with a prior motion, Plaintiff provided declarations from two inmates who witnessed the assault; both inmates declare that "it is well known throughout the facility" that female Correctional Officer Garcia paid the perpetrator to assault Plaintiff "due to words they had earlier in the week in housing unit one." (ECF No. 233 at 12–13.)

3

place in 2009 to 2013 by defendants at High Desert State Prison ("HDSP"), and Plaintiff alleges no facts demonstrating that any of the Defendants or inmates involved in the incidents at HDSP were involved in the March 18, 2021 assault at CSP-LAC.  In addition to establishing imminent irreparable harm, a request for injunctive relief sought must be related to the claims brought in the complaint.  *See Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").  Because Plaintiff fails to demonstrate any connection between the March 18, 2021 assault by nonparties at CSP-LAC and his underlying claims concerning incidents at HDSP over eight years ago, his renewed motion for injunctive relief is DENIED.

Accordingly, IT IS HEREBY ORDERED that:

1. The April 9, 2021 Findings and Recommendations (ECF No. 232) are ADOPTED IN FULL;

2. Plaintiff's Motion for Preliminary Injunction (ECF No. 231) is DENIED; and

3. Plaintiff's renewed Motion for Injunctive Relief (ECF No. 244) is DENIED.

IT IS SO ORDERED.

DATED:  July 12, 2021

Troy L. Nunley
United States District Judge