UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. CRANE,<br><br>    Plaintiff,<br><br>    v.<br><br>RODRIGUEZ, et al.,<br><br>    Defendants. | No. 2:15-cv-0208 TLN KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff's motion to strike defendants' motions for summary judgment and his motion to modify the scheduling order are before the court.[1] As discussed below, both motions are denied.

<u>Motion to Strike</u>

Plaintiff filed a motion to strike defendants' motions for summary judgment, claiming that "the court made a decree that plaintiff had won summary judgment on exhaustion," and thus is barred by the "law of the case" doctrine. (ECF No. 253 at 5.) The motion is fully briefed. (ECF Nos. 255, 262.)

////

---

[1] Defendant Weeks filed a motion for summary judgment on May 21, 2021; the remaining defendants, sometimes referred as the "group defendants," filed their motion on May 7, 2021. (ECF Nos. 236, 240.)

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

As argued by defendants, no ruling on a motion for summary judgment has yet issued in this case. Therefore, there is no "law of the case" for this court to apply. Plaintiff's claim that he won summary judgment on the issue of exhaustion of administrative remedies in this action is false. Plaintiff identifies no findings and recommendations in which the undersigned recommended granting plaintiff summary judgment on exhaustion grounds, and no district court order granting plaintiff summary judgment on exhaustion grounds. Rather, plaintiff refers to orders addressing his request for appointment of counsel, neither of which addressed a motion for summary judgment or the issue of exhaustion of administrative remedies in this case. In the December 7, 2020 order, the undersigned reiterated plaintiff's own words written on a 1983 intake sheet apparently submitted to a prospective lawyer. (ECF No. 225 at 7:24-26, citing ECF No. 216 at 47.)[2] In the July 13, 2021 order, the district court referred to the same quotes by plaintiff in addressing his motion for reconsideration of the order denying counsel, which cannot reasonably be interpreted as the district court granting plaintiff summary judgment on the issue of exhaustion. (ECF No. 246 at 3:11-13.) Indeed, the district court's order clearly affirmed the denial of plaintiff's motion to appoint counsel and denied plaintiff's motion for reconsideration. (ECF No. 246 at 6.) Plaintiff's effort to transmogrify such references into a court order concerning exhaustion is patently absurd and frivolous. Rulings on motions for appointment of counsel do not constitute "law of the case" on the issue of exhaustion of administrative remedies.

It is true that "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim." Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014). But contrary to plaintiff's claim that the defendants "withdrew their motion for summary judgment" (ECF No. 253 at 5), such motion for summary judgment was vacated by the court "without prejudice to its

---

[2] Although plaintiff claimed he had exhausted claims in the California Supreme Court, the 1983 intake sheet did not identify a specific case number or court in which plaintiff allegedly "won" summary judgment. (ECF No. 216 at 47.)

renewal or re-filing after the discovery disputes are resolved." (ECF No. 131 at 4.)[3] Here, discovery disputes required postponing consideration; the defendants timely-filed their motion based on exhaustion and statute of limitations grounds, and their right to re-file such motion was preserved by the court's order granting them leave to renew such motion. Therefore, defendants did not waive such defenses. There was no substantive ruling on such motion.

In his reply, plaintiff asks the court to *sua sponte* grant him summary judgment. (ECF No. 262 at 8-9.) Such request fails for several reasons. First, the request was not included in his motion, thereby depriving defendants an opportunity to respond. Second, plaintiff failed to adequately brief the exhaustion issues, under either Rule 56 of the Federal Rules of Civil Procedure, or the court's local rules. Third, all of the defendants have moved for summary judgment, demonstrating that a *sua sponte* ruling is inappropriate.

Finally, some of plaintiff's arguments address the substance of the defendants' pending motions for summary judgment. It would be inappropriate for the court to address such arguments in the context of plaintiff's motion to strike. Plaintiff should include such arguments in his opposition to the motions for summary judgment filed by defendants.

For all of the above reasons, plaintiff's motion to strike the defendants' motions for summary judgment is denied.

Sanctions

The group defendants contend that plaintiff should be sanctioned because the motion to strike is harassing, needlessly increased the cost of litigation, and was brought in bad faith to waste counsel and the Court's time. (ECF No. 255 at 3.) Defendants point out that plaintiff's conduct continues despite multiple admonitions by the Court. (Id. citing ECF Nos. 97 [cautioning Plaintiff regarding filing baseless motions for sanctions], 131 [admonishing Plaintiff for unnecessarily burdening the court and the parties, and increasing the cost of this litigation], 189 [admonishing Plaintiff for his disingenuous argument], 190 [granting Defendants' request for expenses, and assessing Plaintiff $1,750, the costs Defendants incurred in responding to

---

[3] Defendant Weeks joined in the group defendants' motion for summary judgment. (ECF No. 84, 86.)

3

Plaintiff's frivolous motion to compel].)  Defendants ask the court to prohibit plaintiff from filing any further motions or requests unrelated to opposing summary judgment.  In reply, plaintiff argues that defendants' request for sanctions should be viewed as "opening the door" for plaintiff to seek sanctions because a party requesting sanctions for an improper reason can be sanctioned.  (ECF No. 262 at 4.)

Defendants' request for sanctions is evaluated under the court's inherent authority.  Goodyear Tire & Rubber Co. v. Haeger, 137 S. Ct. 1178, 1186 (2017).  A court may impose sanctions under its inherent power "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose."  Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 45-47 & n.10 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980)).  In Fink, the Ninth Circuit used the term "bad faith" to refer to "a broad range of willful improper conduct."  Fink, 239 F.3d at 992.  On the other hand, in the case of a chronically late attorney, for example, "mere tardiness does not demonstrate the improper purpose or intent required for inherent power sanctions."  Id. (citation omitted).  Similarly, a court "may not sanction mere 'inadvertent' conduct" under its inherent authority.  Id. at 993 (citing Zambrano v. City of Tustin, 885 F.2d 1473, 1485 (9th Cir. 1989)).  Sanctions are permitted under a court's inherent authority "when an attorney has acted recklessly if there is something more such as an improper purpose."  Id.; see id. at 993-94 (recklessness plus frivolousness, harassment or improper purpose).

The undersigned finds that plaintiff's claim that he "won" summary judgment on the issue of exhaustion was frivolous and made in bad faith because it had no legitimate support in the record.  Such motion wasted counsel and the Court's time, as well as increased defendants' litigation costs.  Moreover, plaintiff's counter motion for sanctions violates the Court's prior order admonishing plaintiff to refrain from bringing baseless motions for sanctions.

Accordingly, defendants' motion for sanctions is granted.  Plaintiff shall file his opposition to the pending motions for summary judgment within thirty days from the date of this order, and shall file no additional motions or requests that are unrelated to pending motions for

summary judgment until the court has ruled on the pending motions.  The undersigned finds that such sanction is the least drastic sanction that can be imposed at this juncture.  Plaintiff is cautioned that his continued filing of baseless or frivolous motions may result in a recommendation that this case be terminated.  Fed. R. Civ. P. 41(b).

<u>Motion to Modify the Time Schedule</u>

On October 29, 2021, plaintiff filed a motion to modify the scheduling order to allow him additional time to file a motion for summary judgment.

"The district court is given broad discretion in supervising the pretrial phase of litigation." <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted).  Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" <u>Zivkovic v. Southern California Edison Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting <u>Johnson</u>, 975 F.2d at 607).

This action was filed on January 26, 2015, and the scheduling order in this case has been modified multiple times.  (<u>See</u>, <u>e.g.</u>, ECF Nos. 189, 203, 206.)  On December 7, 2020, the pretrial motions deadline was extended to May 21, 2021.  (ECF No. 225.)  The group defendants timely-filed their motion for summary judgment on May 7, 2021, and defendant Weeks filed his motion on May 21, 2021.  (ECF Nos. 236, 240.)  Plaintiff fails to demonstrate his diligence in bringing his own motion for summary judgment.  He has now had almost six months in which to prepare his oppositions to such motions, yet chose to file a frivolous motion to strike the motions rather than file his oppositions.  The court finds no good cause to further modify the scheduling order.  Plaintiff may include his arguments in his oppositions to the pending motions for summary judgment and therefore should not be prejudiced by the inability to bring his own motion.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to strike (ECF No. 253) is denied;

2. The group defendants' motion for sanctions (ECF No. 255) is granted;

////

3. As a sanction for bringing a baseless motion, plaintiff is prohibited from filing any motion or request that is not related to the pending motions for summary judgment until the court rules on the pending motions for summary judgment;

4. Plaintiff's motion to modify the scheduling order (ECF No. 263) is denied;

5. Plaintiff is granted thirty days in which to file oppositions to the pending motions for summary judgment (ECF Nos. 236, 240).

Dated: November 12, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cran0208.mts