UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. CRANE, | No. 2:15-cv-0208 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| RODRIGUEZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court assign William Dresser as plaintiff's attorney.

Plaintiff's Motion

Plaintiff's verified motion is based on his conversations with Mr. Dresser over the past four years, and "on January 18, 2022, Mr. Dresser advised plaintiff: 'inform the Court that I accept appointment in this case.'" (ECF No. 276 at 1.) Although Mr. Dresser is scheduled for jury trial commencing January 24, 2022, he allegedly "is fully prepared to be assigned as counsel for plaintiff now." (Id.) In addition, Mr. Dresser can address that witness Juan Munoz was never interviewed as alleged in an appeal inquiry report regarding the March 1, 2013 assault,[1] which

---

[1] The March 1, 2013 assault is one of four assaults raised in this action. In their opposition to plaintiff's motion for reconsideration, defendants argued that whether or not inmate Munoz challenges the accuracy of information in the April 17, 2013 appeal response does not amount to a discovery violation by defendants. (ECF No. 273 at 4-5.) The district court affirmed this

1

would support plaintiff's position that Lt. Leckie's declaration submitted in support of the pending motion for summary judgment is false. (Id. at 2.) Plaintiff submitted these discovery violations to the district court on reconsideration, and counsel is needed to present the many issues involved in this case. (Id.)

Standards

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Discussion

At this time, the court does not find exceptional circumstances warrant appointment of counsel. First, the record amply demonstrates plaintiff's ability to advocate for himself. Second, given the pending motions for summary judgment, which plaintiff has not yet opposed, the court is unable to determine the likelihood of success. Third, motions for summary judgment only determine whether there are material disputes of fact, not whether a particular witness is credible.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. If plaintiff's case survives summary judgment, he may renew his motion for appointment at

---

court's November 12, 2021 order without addressing either party's arguments. (ECF No. 278.)

that time. However, nothing herein precludes plaintiff from reaching an agreement to retain Mr. Dresser or other counsel.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 276) is denied without prejudice.

Dated: February 2, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cran0208.31