UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. CRANE, | No. 2:15-cv-0208 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| RODRIGUEZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se. On February 18, 2022, plaintiff filed a motion for preliminary injunction. Plaintiff claims that due to COVID-19 and staffing shortages, the law library is closed, and the only way he can obtain photocopies of his opposition to the motions for summary judgment is to send it in a manilla envelope, unsealed without a receipt, which plaintiff contends is unsafe and not secure. As an example, he points to his cellmate's efforts to obtain copies of a P.C. § 1054.9 motion, which his cellmate did not receive until he wrote several letters to Steven Fama, attorney at the Prison Law Office. And then, ten days after his cellmate sent the request to the law library, the motion and copies were found in an envelope on the ground in front of their cell. Given that this court has informed plaintiff that no additional extensions of time will be granted, plaintiff states that he cannot risk sending his opposition to the law library in an unsealed envelope without a receipt.

////

1

On February 25, 2022, defendants Davey, Rodriguez, Probst, Barton, and Robinette (hereafter "group defendants") filed an opposition to plaintiff's motion for injunctive relief, stating that plaintiff is able to access the law library through paging to make copies.

Plaintiff's reply to group defendants' opposition to the motion for injunctive relief is not due until March 10, 2022.  However, on February 28, 2022, plaintiff filed a 40-page document responding to the group defendants' "Separate Statement of Undisputed Facts in Opposition to Summary Judgment for Defendants," and appended four declarations.  (ECF No. 283.)  On March 3, 2022, plaintiff filed a 21-page document styled, "Plaintiff's Responses to Defendant Weeks' Separate Statement of Undisputed Material Facts in Opposition to Defendant Weeks' Motion for Summary Judgment," and appended three declarations.  (ECF No. 286.)

In addition, on February 25, 2022, the court received a declaration from inmate Michael A. Reed, but plaintiff has filed nothing to indicate how Reed's declaration should be considered.  Reed's declaration is not cited in either "separate statement" filed by plaintiff.

On March 4, 2022, plaintiff filed a motion for relief from default based on his claim that he has been denied law library access since January 7, 2022, and had to copy and file the documents he did by using old carbon paper.  Plaintiff states that on February 28, 2022, he was able to have a gate officer call the law librarian, who said he would try to get plaintiff into the library on March 1 or 4, 2022.  Plaintiff did not mention whether he intended to file additional documents in connection with the pending dispositive motions.  However, because his filing suggested he would be attending law library on March 1 or 4, an inference is raised that plaintiff does intend to do so.

Meanwhile, on March 7, 2022, group defendants filed a motion for extension of time to reply to plaintiff's response (ECF No. 283).

In light of plaintiff's recent filings, it is unclear whether his filings made to date constitute the entirety of his oppositions to the pending motions for summary judgment, and it remains unclear how he intends inmate Reed's declaration to be used.[1]  Moreover, in light of his motion

---

[1] The undersigned recognizes that oppositions and supporting documents should be submitted at the same time.  Local Rule 230(l).

for relief from default, it appears he may intend to withdraw his motion for preliminary injunction in light of his subsequent filings.

Therefore, plaintiff is provided fourteen days from the date of this order to clarify the following:  (a) whether his February 28, 2022, and March 3, 2022 filings are all of the documents he intended to file to oppose the pending motions for summary judgment; if plaintiff did not intend to file anything further, he should so state; (b) how inmate Reed's declaration is to be considered in connection with the pending motions for summary judgment; and (c) whether plaintiff intends to withdraw his motion for injunctive relief.  All defendants shall refrain from filing a reply until after plaintiff has responded to this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for relief from default (ECF No. 288) is granted; plaintiff's February 28, 2022, and March 3, 2022 filings will be considered in connection with the pending motions for summary judgment;

2. Within fourteen days from the date of this order, plaintiff shall file a response to this order, as detailed above;

3. Group defendants' request for extension of time (ECF No. 287) is partially granted;

4. Group defendants and defendant Weeks are granted thirty days from the date plaintiff responds to this order in which to file their replies; and

5. The Clerk of the Court is directed to send plaintiff a copy of inmate Michael Reed's declaration (ECF No. 285).

Dated:  March 8, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cran0208.pi.fb