UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. CRANE,<br><br>              Plaintiff,<br><br>      v.<br><br>RODRIGUEZ, et al.,<br><br>              Defendants. | No.  2:15-cv-0208 TLN KJN P<br><br><br>ORDER |

Plaintiff, a state prisoner currently housed at RJ Donovan State Prison ("RJD"), proceeds pro se with an action brought under 42 U.S.C. § 1983.  On June 2, 2022, plaintiff filed a document styled, "Supplement to Motion for Preliminary Injunction."  (ECF No. 309.)  Plaintiff states he was issued a rules violation report by a non-party GED teacher for not attending classes, which plaintiff argues was in retaliation for plaintiff's pending motion for preliminary injunction and is allegedly part of a conspiracy by prison staff to have plaintiff attacked and targeted due to his litigation against staff.

Defendants move to strike plaintiff's filing because plaintiff's motion for preliminary injunction was already fully briefed and therefore violates the Federal Rules of Civil Procedure and this court's local rules, neither of which provides for the right to supplement a motion.  In addition, defendants argue that plaintiff's filing violates this court's prior sanction which

1

"prohibited [plaintiff] from filing any motion or request that is not related to the pending motions for summary judgment until the court rules on the pending motions for summary judgment." (ECF No. 266 at 6.)

As set forth below, defendants' motion to strike plaintiff's supplemental filing is denied, but plaintiff's "supplement" is disregarded.

<u>Plaintiff's Second Amended Complaint</u>

Plaintiff alleges that defendants at High Desert State Prison conspired to violate plaintiff's First and Eighth Amendment rights by setting him up for assaults by inmates on four separate occasions because of plaintiff's litigation activities. (ECF No. 16.) Plaintiff also alleges that defendants Robinette and Weeks used excessive force on plaintiff on March 1, 2013. (ECF No. 16 at 8.)

<u>Motion to Strike</u>

Under Rule 12(f), this "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f); <u>see also</u> <u>Whittlestone, Inc. v. Handi Craft Co.</u>, 618 F.3d 970, 973 (9th Cir. 2010) ("The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial").

<u>Plaintiff's Pending Motions</u>

Plaintiff's pending motion for injunctive relief asserts that he has been unable to attend the law library at RJD in order to prepare his opposition to defendants' motion for summary judgment. Defendants Davey, Rodriguez, Probst, Barton and Robinette moved for summary judgment on multiple grounds: statute of limitations, failure to exhaust administrative remedies, and on the merits of plaintiff's claims, and seek qualified immunity. (ECF No. 236.) Defendant Weeks seeks summary judgment on the merits. (ECF No. 240.)

////

////

Discussion

As argued by defendants, Local Rule 230(j) contemplates the filing of a motion, an opposition and a reply. Id.  Plaintiff's motion for preliminary injunction is fully briefed, and plaintiff did not seek leave of court to file a sur-reply or other material in connection therewith. Moreover, plaintiff's "supplement" violates this court's express sanction that plaintiff was to file no other "motion or request" unless it was related to the pending motions for summary judgment until the court rules on such pending motions.  (ECF No. 266 at 6.)  While plaintiff's "supplement" is not styled as a "motion or request," it is wholly unrelated to the pending motions for summary judgment which address incidents at High Desert State Prison from 2009 to 2013. Moreover, contrary to plaintiff's effort to relate his "supplement" to his pending motion for injunctive relief, the undersigned finds that the issuance of a rules violation report at RJD is wholly unrelated to plaintiff's claim that he was unable to attend the law library at RJD to prepare his opposition to defendants' motions for summary judgment.  Because plaintiff's filing is not a pleading, as defined under Rule 7(a) of the Federal Rules of Civil Procedure, defendants' motion to strike plaintiff's "supplement" is denied.  However, because plaintiff's filing violates this court's November 12, 2021 order, defendants are relieved of any obligation to address plaintiff's "supplement," and the "supplement" is disregarded.

The motions for summary judgment and plaintiff's motion for injunctive relief are now fully briefed and submitted for decision.  Plaintiff shall file nothing further until rulings have issued on such pending motions.  Plaintiff is cautioned that failure to comply with this order will result in a recommendation that this action be terminated based on plaintiff's failure to comply with court orders.  Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to strike (ECF No. 310) is denied;

2. Defendants are relieved of any obligation to respond to plaintiff's "supplement" (ECF No. 309);

3. Plaintiff's "supplement" is disregarded; and

////

4. Plaintiff shall file nothing further pending this court's findings and recommendations on defendants' motions for summary judgment (ECF Nos. 236, 240) and plaintiff's motion (ECF No. 281).

Dated:  June 9, 2022

*(signature)*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cran0208.sup