UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. CRANE,<br><br>Plaintiff,<br><br>v.<br><br>RODRIGUEZ, et al.,<br><br>Defendants. | No. 2:15-cv-0208 TLN KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff's fully-briefed motion for injunctive relief is before the court. As discussed below, plaintiff's motion should be denied.

Plaintiff's Allegations

This action proceeds on plaintiff's second amended complaint against defendants Davey, Rodriguez, Robinette, Barton, Probst and Weeks. (ECF No. 16.) The court found plaintiff stated potentially cognizable First and Eighth Amendment claims for relief based on plaintiff's allegations that such defendants conspired to violate his civil rights while plaintiff was incarcerated at High Desert State Prison ("HDSP"). (ECF No. 26 at 6.) Plaintiff alleges that on multiple occasions from December 31, 2009, to March 1, 2013, defendants set him up for assault by inmates Washington, Smith, Dolihite, Parker and Williams because of plaintiff's litigation activities. (ECF No. 16 at 3-9.) Plaintiff also alleges that defendants Robinette and Weeks used excessive force on March 1, 2013. (ECF No. 16 at 7-8.)

Background

Plaintiff is housed at RJ Donovan Correctional Facility, where he has been housed since filing this action. On February 18, 2022, plaintiff filed a motion for preliminary injunction. (ECF No. 281.) Plaintiff claims that due to COVID-19 and staffing shortages, the law library is closed, and the only way he can obtain photocopies of his opposition to the motions for summary judgment is to send it in a manilla envelope, unsealed without a receipt, which plaintiff contends is unsafe and not secure. On February 24, 2022, defendants Davey, Rodriguez, Probst, Barton, and Robinette filed an opposition to plaintiff's motion for injunctive relief, stating that plaintiff is able to access the law library through paging to make copies. (ECF No. 282.)

On March 7, 2022, plaintiff filed an opposition to the motions for summary judgment. (ECF No. 289.) On March 8, 2022, plaintiff was provided the opportunity to clarify the following: (a) whether his February 28, 2022 (ECF No. 283), and March 3, 2022 (ECF No. 286) filings were all of the documents he intended to file to oppose the pending motions for summary judgment; if plaintiff did not intend to file anything further, he should so state; (b) how inmate Reed's declaration should be considered in connection with the pending motions for summary judgment; and (c) whether in light of his opposition plaintiff intended to withdraw his motion for injunctive relief. (ECF No. 290.)

On March 28, 2022, plaintiff filed a document styled "Plaintiff's Response to Court's Order [ECF No. 290]." (ECF No. 294.)

On April 14, 2022, plaintiff was granted an extension of time to file and serve his supplemental opposition to defendant's May 21, 2021 motion for summary judgment. (ECF No. 297.) On April 18, 2022, plaintiff filed a "supplemental" opposition to defendant's motion for summary judgment. (ECF No. 298.) In this document, plaintiff responded to the March 8, 2022 order clarifying that his prior opposition briefing was not complete, and supplemented his opposition to the motion for summary judgment. On April 22, 2022, plaintiff filed a declaration in support of his opposition to the motion for summary judgment. (ECF No. 300.)

On May 31, 2022, plaintiff filed a reply to the opposition to his motion for injunctive relief. (ECF No. 308.) Plaintiff asserted that while prison officials operated dayroom and yard

access, claiming it was necessary to close the law library, the defendants violated confidentiality of legal documents by copying legal documents during such closure. (ECF No. 308 at 1.) He claims such closure was a pretext to deny access to the courts. Plaintiff also argued that he has shown that he was denied law library access for two months, demonstrating that prison officials violated plaintiff's access to the courts. (ECF No. 308 at 2-3.)

Plaintiff's Motion for Injunctive Relief

    Governing Standards

    "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citations omitted); Epona v. Cty. of Ventura, 876 F.3d 1214, 1227 (9th Cir. 2017). The party seeking a preliminary injunction must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 555 U.S. at 20 (citations omitted); see also American Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20); Fed. R. Civ. P. 65 (governing both temporary restraining orders and preliminary injunctions). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. See Winter, 555 U.S. at 22 (citation omitted). A presently existing actual threat must be shown, although the injury need not be certain to occur. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997); Caribbean Marine Services Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988). Also, an injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp., 395 U.S. at 110 ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party. . . . ").

    Further, a plaintiff seeking preliminary injunctive relief must demonstrate a sufficient nexus between the injury claimed in the motion and the conduct asserted in the underlying complaint. Pacific Radiation Oncology, LLC v. Queen's Medical Ctr., 810 F.3d 631, 636 (9th Cir. 2015). "The relationship . . . is sufficiently strong where the preliminary injunction would grant relief of the same character as that which may be granted finally." Id. (quotation marks

omitted). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." Id.; see Saddiq v. Ryan, 703 F. App'x 570, 572 (9th Cir. 2017) (unpublished) (affirming denial of preliminary injunction because the prisoner did not establish a nexus between the claims of retaliation in his motion and the claims set forth in his complaint).

Discussion

March 28, 2022 Response

Initially, the undersigned observes that plaintiff's March 28, 2022 response failed to address the issues set forth in the March 8, 2022 order or in his pending motion for injunctive relief. Rather, plaintiff raised new allegations concerning assaults that took place in 2016, 2021 and 2022, all of which took place after the instant action was filed in 2015. Such allegations are not relevant to plaintiff's pending motion for injunctive relief, and were wholly unresponsive to the March 8, 2022 order. Therefore, plaintiff's March 28, 2022 response (ECF No. 294) is disregarded.

Motion for Injunctive Relief

While housed at RJ Donovan, plaintiff sought "very limited prospective relief to gain access to the law library, and make photocopies of his opposition to defendants' motion for summary judgment." (ECF No. 281 at 6.) In his prayer for relief, plaintiff asked the court to grant him "a preliminary injunction to gain access to the law library to prepare, copy, and file his oppositions to defendants' motions for summary judgment." (ECF No. 281 at 10.) Plaintiff has now filed such opposition; indeed, he was also granted leave to file a supplemental opposition. Thus, plaintiff's motion for injunctive relief should be denied as moot.

Despite his ability to file such oppositions, plaintiff filed a reply claiming he was denied access to the courts for two months. However, plaintiff fails to demonstrate a nexus between the alleged denial of access to the courts at RJ Donovan and his underlying retaliation and Eighth Amendment excessive force claims based on incidents at High Desert State Prison pursued herein. Absent such nexus, plaintiff's motion should be denied. Pacific Radiation Oncology, LLC., 810 F.3d at 636. Moreover, this action proceeds on plaintiff's claims against defendants employed at High Desert State Prison; no prison staff at RJ Donovan are named as defendants

herein. Thus, any action challenging access to the courts while housed at RJ Donovan is more appropriately brought in the United States District Court for the Southern District of California against the responsible prison staff. However, in addition to first exhausting his administrative remedies as to such access to the court claim, plaintiff must demonstrate an actual injury to state a cognizable civil rights claim.[1]

For all of the above reasons, plaintiff's motion for injunctive relief should be denied.

Continued Filing Restrictions

Finally, on November 12, 2021, the undersigned sanctioned plaintiff for filing a baseless motion and prohibited plaintiff from filing any motion or request unrelated to the pending motions for summary judgment until the court ruled on the pending motions for summary judgment. (ECF No. 266 at 2.) Subsequently, plaintiff violated such order, and on June 9, 2022, plaintiff was restricted from filing anything further pending this court's findings and recommendations on defendants' motions for summary judgment and plaintiff's motion for injunctive relief. (ECF No. 312.) As set forth below, plaintiff is now permitted to file objections to the instant findings and recommendations on his motion for injunctive relief. However, plaintiff continues to be restricted from filing any additional motion or request until after findings and recommendations are issued on the pending motions for summary judgment. Violation of such filing restrictions will result in a recommendation that this action be terminated based on plaintiff's failure to comply with court orders. Fed. R. Civ. P. 41(b).

////

---

[1] Prisoners have a constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977), limited in part on other grounds by Lewis, 518 U.S. at 354. The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. See Lewis, 518 U.S. at 353 n.3, 354-55. In order to frame a claim of a denial of the right to access the courts, a prisoner must establish that he has suffered "actual injury," a jurisdictional requirement derived from the standing doctrine. Lewis, 518 U.S. at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348 (citation and internal quotations omitted); see also Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (noting that "[f]ailure to show that a 'non-frivolous legal claim had been frustrated' is fatal" to a claim for denial of access to legal materials) (citing Lewis, 518 U.S. at 353 & n.4).

Accordingly, IT IS HEREBY ORDERED that plaintiff's March 28, 2022 response (ECF No. 294) is disregarded, and the restrictions on plaintiff's filings continue, as set forth above.

Further, IT IS RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 281) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 27, 2022

/cw/cran0208.pi

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE