1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD J. CRANE,

             Plaintiff,

    v.

RODRIGUEZ, et al.,

             Defendants.

No.  2: 15-cv-0208 TLN KJN P

ORDER AND FINDINGS AND
RECOMMENDATIONS

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are plaintiff's motions for clarification and for extension of time to file a reply to defendants' opposition to plaintiff's motion for clarification. (ECF No. 325, 329.)  Also pending is the request for sanctions filed by defendants Barton, etc. (ECF Nos. 327.)

For the reasons stated herein, plaintiff's motions for clarification and for extension of time are denied, and the undersigned recommends that defendants' motion for sanctions be denied.

Plaintiff's Motion for Extension of Time (ECF No. 329)

In the opposition to plaintiff's motion for clarification, defendants request that plaintiff be sanctioned.  (ECF No. 327.)  Plaintiff requests an extension of time to file a reply/response to defendants' opposition/request for sanctions.  (ECF No. 329.)

1

The undersigned finds that a reply/response by plaintiff to defendants' opposition/request for sanctions is not required.  Accordingly, plaintiff's motion for extension of time is denied.

Motion for Clarification (ECF No. 325)

In the motion for clarification, plaintiff claims that on July 27, 2022, the Attorney General's Office removed a related case from state court, i.e., case 1:22-cv-0922 ADA HBK P, in which they waived administrative exhaustion as an affirmative defense.  (ECF No. 325 at 2.) Plaintiff appears to claim that he brought this matter to the court's attention in a request for judicial notice filed in the instant action on November 1, 2022.  (Id. at 3.)  Plaintiff also argues that defendants improperly removed case 22-cv-0922 from state court.  (Id. at 5-12.)  Further, plaintiff argues that collateral estoppel does not apply to one of the defendants named in case 22-cv-0922, i.e., defendant Lopez.  (Id. at 13-14.)

The arguments raised in plaintiff's motion for clarification do not concern the instant action.  Accordingly, plaintiff's motion for clarification is denied.[1]

Defendants' Request for Sanctions (ECF No. 327)

In the opposition to plaintiff's motion for clarification, defendants move for sanctions against plaintiff on the grounds that plaintiff repeatedly engaged in inappropriate conduct in this case, resulting in the court admonishing him and awarding costs to defendants.  (ECF No. 327 at 2.)  Defendants contend that the court previously sanctioned plaintiff, ordering that he "shall file no additional motions or requests that are unrelated to pending motions for summary judgment until the court has ruled on the pending motions."  (Id., citing ECF No. 266 at pp. 4-5.) Defendants contend that plaintiff violated that order once without consequences, and violated that order again when he filed his current motion for clarification.  (Id.)  Defendants contend that plaintiff's actions are abusive, waste defense counsel and the court's time, and violate the court's

---

[1] On January 5, 2023, the undersigned recommended that defendants Barton, etc. be granted summary judgment as to plaintiff's claim regarding the January 16, 2013 incident based on plaintiff's failure to exhaust administrative remedies.  (ECF No. 322.)  In an abundance of caution, the undersigned reviewed plaintiff's request for judicial notice filed November 1, 2022, and finds that it contains no evidence demonstrating that defendants waived administrative exhaustion as an affirmative defense to the claims raised in the instant action.  (See ECF No. 264.)

1   prior order.  (Id.)  For these reasons, defendants request that this action be dismissed as a sanction

2   against plaintiff.  (Id.)

3        Federal courts have the inherent authority to sanction conduct abusive of the judicial

4   process.  See Chambers v. NASCO, Inc., 501 U.S. 32, 43–45 (1991).  In determining whether to

5   dismiss an action as a sanction, the court must weigh "(1) the public's interest in expeditious

6   resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

7   defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

8   availability of less drastic sanctions."  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460

9   F.3d 1217, 1226 (9th Cir. 2006).

10       The undersigned agrees with defendants that plaintiff filed numerous frivolous pleadings

11  in this action, including the pending motion for clarification, that delayed expeditious resolution

12  of this action and impeded the court's ability to manage its docket.  The undersigned also finds

13  that plaintiff's frivolous pleadings prejudiced defendants.  Therefore, to alleviate additional

14  prejudice to defendants, the undersigned orders that no defendant is required to respond to any

15  pleading filed by plaintiff unless ordered by the court.  The availability of this less drastic

16  sanction, as well as the public policy favoring disposition of cases on their merits, outweigh the

17  other factors favoring dismissal.  For these reasons, defendants' request to dismiss this action as a

18  sanction should be denied.

19       Plaintiff is cautioned that if he continues to file frivolous pleadings, the undersigned will

20  impose additional sanctions, including potentially dismissal of this action.

21       Accordingly, IT IS HEREBY ORDERED:

22       1.  Plaintiff's motion for extension of time (ECF No. 329) is denied;

23       2.  Plaintiff's request for clarification (ECF No. 325) is denied;

24       3.  No defendant is required to respond to any pleading filed by plaintiff following the

25           filing of this order unless ordered by the court; and

26       IT IS HEREBY RECOMMENDED that defendants' request to dismiss this action as a

27  sanction (ECF No. 327) be denied.

28  ////

1    These findings and recommendations are submitted to the United States District Judge

2    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

3    after being served with these findings and recommendations, any party may file written

4    objections with the court and serve a copy on all parties.  Such a document should be captioned

5    "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

6    objections shall be filed and served within fourteen days after service of the objections.  The

7    parties are advised that failure to file objections within the specified time may waive the right to

8    appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9    Dated:  March 20, 2023

10

11                                   KENDALL J. NEWMAN
                                     UNITED STATES MAGISTRATE JUDGE
12

13   Crane208.57

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4