UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. CRANE, | No. 2:15-cv-0208 TLN CSK P |
| Plaintiff, | |
| v. | ORDER |
| RODRIGUEZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. This action proceeds on plaintiff's verified second amended complaint against defendants Davey, Rodriguez, Robinette, Barton, Probst, and Weeks.[1] (ECF No. 16.) This matter is before the Court for pretrial conference on the papers. However, before the Court is able to issue a pretrial order, the following issues must be resolved.

I.  Procedural Background

This action proceeds on plaintiff's second amended complaint against defendants Weeks, Barton, Probst, Robinette, and Rodriguez, based on incidents in 2011 and 2013.[2] (ECF No. 16.)

On January 5, 2023, the previously assigned U.S. Magistrate Judge recommended that

---

[1] Defendant Weeks is represented by private counsel. The remaining defendants are represented by the Office of the Attorney General of California.

[2] On December 8, 2015, the district court dismissed defendants Peck and Hurd without prejudice. (ECF No. 38.) On January 12, 2016, the district court dismissed defendant Madrigal without prejudice. (ECF No. 42.)

1

defendant Weeks' motion for summary judgment (ECF No. 240) be denied.  (ECF No. 322 at 3.)  The magistrate judge also recommended that the remaining defendants' motion for summary judgment (ECF No. 236) be granted on the following claims:  1) plaintiff's claims regarding the January 16, 2013 incident (involving inmate Dolihite) based on plaintiff's failure to exhaust administrative remedies (including the related claim against defendant Davey); 2) plaintiff's claims against defendant Robinette regarding the January 22, 2011 incident as without merit; and 3) plaintiff's claims against defendant Davey regarding the March 1, 2013 incident as without merit; in all other respects, the magistrate judge recommended that the motion be denied.  (ECF No. 322 at 3.)  On March 28, 2023, the district court denied plaintiff's second motion for extension of time to file objections and adopted the January 5, 2023 findings and recommendations in full.  (ECF No. 331 at 2.)

Following an unsuccessful settlement conference on February 15, 2024, an Order and Further Scheduling Order was issued.  (ECF No. 348.)  Plaintiff then filed a motion for extension of time to file a motion for appointment of counsel.  (ECF No. 350.)  On May 9, 2024, plaintiff's motion was denied, and the Court issued an Amended Further Scheduling Order.  (ECF No. 351.)

All of the parties filed timely pretrial statements.  (ECF Nos. 352-54.)

II. Putative Witnesses

Defendant Weeks listed 16 witnesses, all of whom appear to be included in the remaining defendants' list of 41 witnesses,[3] with the possible exception of witness Shaver.  The Court needs clarification as to whether "Sgt. D. Shaver," listed in defendant Weeks' pretrial statement (ECF No. 354 at 6), is the same witness as "Officer D. Shaver," listed in the remaining defendants' pretrial statement (ECF No. 353 at 17).

Plaintiff's list of 25 witnesses is problematic because he failed to file a motion for the attendance of such witnesses, as required in the Court's Further Scheduling Order.[4]  (ECF No.

---

[3] Remaining defendants noted they "will make every effort to narrow down their witness list in advance of trial."  (ECF No. 353 at 16 n.5.)  The Court encourages them to do so.

[4] Plaintiff has been on notice since November 28, 2016, of his obligation to file a motion for the attendance of witnesses at trial.  (ECF No. 82 at 1-4; see also December 6, 2018 Discovery and Scheduling Order (ECF No. 180 at 1-4).)  Despite plaintiff's failure to comply with the March 5,

348 at 2-4.) Specifically, "[i]f the plaintiff wants to call witnesses to testify, plaintiff must follow certain procedures to ensure that the witnesses will be at the trial and available to testify." (Id. at 2.) In his verified pretrial statement, plaintiff failed to indicate whether any of the witnesses are willing to testify and did not state when and where the prospective witness informed plaintiff of his or her willingness to testify. Such information is critical because it will determine whether or not the witness is willing to testify without being subpoenaed. (ECF No. 348 at 3.)

Defendants identified three inmates they intend to call as witnesses: Christon Parker (AC5014); John Harrell (K81198); and James Williams (P95100). Plaintiff named both John Harrell and James Williams as potential witnesses. Each party may call any witnesses designated by another party. But if plaintiff intends to call any of these three inmates, plaintiff should provide the information required in the Further Scheduling Order as to each of them.

It is also important that plaintiff identify the status of each witness. For example, plaintiff does not identify the status of the following proposed witnesses: Ernest Shoemaker, Luis E. Leon, Jose Vasquez, Bill T. Coats, Pedro Olivas, Juan Munoz, and Joseph Lopez.[5] Such information is important to determine whether a writ of habeas corpus ad testificandum ("writ") must issue for his or her attendance at trial. For those witnesses who are inmates, plaintiff should provide as much information as possible (i.e., inmate identification number, birthdate, etc.). For example, the California Department of Corrections and Rehabilitation inmate locator has multiple inmates named Jose Vasquez, Juan Munoz, and Joseph Lopez. Absent additional information as to such witnesses, no writ for their attendance at trial may issue.

///

---

2024 order, the Court will grant plaintiff additional time to comply. However, plaintiff is cautioned that the Court is not inclined to further extend such deadline.

[5] In his pretrial statement, plaintiff did not identify the following prospective witnesses as inmates, but the record reflects their status. On November 4, 2015, plaintiff provided a declaration by inmate Shaunta Ray, T-30713, concerning the March 1, 2013 incident. (ECF No. 30 at 6.) On August 30, 2021, plaintiff provided a declaration by inmate Donald Boutte, H-15439. (ECF No. 256 at 4.) On January 18, 2024, plaintiff submitted a declaration by inmate Donald Bradish, T-54056. That said, their declarations do not indicate whether they are willing to voluntarily testify at trial.

In addition, in the motion for attendance of witnesses, plaintiff must clearly demonstrate that each prospective witness has actual knowledge of relevant facts. (ECF No. 348 at 2.) For example, plaintiff claims that Pedro Olivas was witness to Sgt. Bond showing paper saying, 'This Mother Fucker!' and 'Crane!' and saw prior staged assault on 9-26-2008." (ECF No. 352 at 16.) However, Sgt. Bond is not a defendant in this action, and an alleged assault on September 26, 2008, was not included in plaintiff's second amended complaint. (ECF No. 16.) Indeed, in plaintiff's pretrial statement, plaintiff states that defendants "began a campaign of retaliation against the plaintiff in approximately December of 2009." (ECF No. 352 at 1.) As provided in the March 5, 2024 Order and Further Scheduling Order, plaintiff may swear by affidavit that the prospective witness has actual knowledge "only if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts." (ECF No. 348 at 4.) Plaintiff's pretrial statement does not provide sufficient facts to demonstrate Pedro Olivas has such firsthand knowledge.

In an abundance of caution, plaintiff is granted thirty days to file a motion for the attendance of witnesses as required by the March 5, 2024 Order and Further Scheduling Order.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days from the date of this order, counsel for defendants shall clarify whether "Sgt. D. Shaver," listed in defendant Weeks' pretrial statement (ECF No. 354 at 6), is the same witness as "Officer D. Shaver," listed in the remaining defendants' pretrial statement (ECF No. 353 at 17).
2. Plaintiff is granted thirty days from the date of this order to file a motion for the attendance of witnesses.
3. The pretrial conference is continued to October 28, 2024, before the magistrate judge. The pretrial conference shall be conducted on the file only.

Dated: September 13, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/cran0208.fb

4