UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. CRANE, | No. 2:15-cv-0208 TLN CSK P |
| Plaintiff, | |
| v. | ORDER RE PLAINTIFF'S PROSPECTIVE TRIAL WITNESSES |
| RODRIGUEZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. This action proceeds on plaintiff's verified second amended complaint against defendants Rodriguez, Robinette, Barton, Probst, and Weeks.[1] (ECF No. 16.) Plaintiff's motion for attendance of witnesses at trial is before the Court.

I.   OPERATIVE COMPLAINT

Plaintiff alleges that on four occasions, between December 31, 2009, and March 1, 2013, defendants conspired to set him up for assault by inmates Washington, Smith, Dolihite, Parker and Williams in retaliation for plaintiff's litigation activities. (Id. at 3-9.) Plaintiff also alleges that defendants Robinette and Weeks used excessive force on March 1, 2013. (Id. at 7-8.)

II.   PROCEDURAL BACKGROUND

On December 8, 2015, the district court dismissed defendants Peck and Hurd without

---

[1] Defendant Weeks is represented by private counsel. The remaining defendants are represented by the Office of the Attorney General of California.

1

1  prejudice.  (ECF No. 38.)  On January 12, 2016, the district court dismissed defendant Madrigal

2  without prejudice.  (ECF No. 42.)  A settlement conference was held on September 22, 2016, but

3  the case did not settle.

4        On January 5, 2023, the previously assigned magistrate judge recommended that

5  defendant Weeks' motion for summary judgment (ECF No. 240) be denied.  (ECF No. 322 at 3.)

6  The magistrate judge also recommended that the remaining defendants' motion for summary

7  judgment (ECF No. 236) be granted on the following claims:  1) plaintiff's claims regarding the

8  January 16, 2013 incident (involving inmate Dolihite) based on plaintiff's failure to exhaust

9  administrative remedies (including the related claim against defendant Davey); 2) plaintiff's

10  claims against defendant Robinette regarding the January 22, 2011 incident as without merit; and

11  3) plaintiff's claims against defendant Davey regarding the March 1, 2013 incident as without

12  merit; in all other respects, the magistrate judge recommended that the motion be denied.  (ECF

13  No. 322 at 3.)  On March 28, 2023, the district court denied plaintiff's second motion for

14  extension of time to file objections, adopted the January 5, 2023 findings and recommendations in

15  full, and defendant Davey was terminated.  (ECF No. 331.)

16        Thus, following summary judgment, this action proceeds on plaintiff's claims against

17  defendants Weeks, Barton, Probst, Robinette, and Rodriguez, including claims based on incidents

18  that took place at High Desert State Prison ("HDSP") on February 5, 2010, January 22, 2011, and

19  March 1, 2013.  (ECF No. 16.)

20        Another settlement conference was held on February 15, 2024, but the case did not settle.

21        On March 5, 2024, the Court issued a further scheduling order, reminding plaintiff of the

22  requirements for bringing inmate witnesses to trial.[2]  (ECF No. 348 at 2-4.)  Plaintiff was

23  informed that the Court must issue an order before plaintiff's incarcerated witnesses can be

24  brought to court to testify.  (Id. at 2.)  Plaintiff was reminded that, with his pretrial statement,

25  plaintiff must file a motion for attendance of incarcerated witnesses, providing the name, address

26

27  [2]  The initial discovery and scheduling order was vacated.  (ECF No. 82.)  On December 6, 2018
an updated discovery and scheduling order was issued, and plaintiff was informed of his
28  obligation to file a motion for the attendance of inmate witnesses at trial.  (ECF No. 180 at 1-4.)

2

and prison identification number of each witness, accompanied by declarations by plaintiff or each witness, showing whether each witness is willing to testify and has actual knowledge of relevant facts. (Id. at 2-3.) Plaintiff was also advised that the declaration must show that the prospective witness was an eyewitness or ear-witness to relevant facts, and must be specific about the incident at issue in this case, including when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or hear what occurred at the time it occurred. (Id. at 3.)

Plaintiff then filed a motion for extension of time to file a motion for appointment of counsel. (ECF No. 350.) On May 9, 2024, plaintiff's motion was denied, and the Court issued an amended further scheduling order. (ECF No. 351.)

All of the parties filed timely pretrial statements. (ECF Nos. 352-54.)

On September 13, 2024, defendants were directed to confirm whether witness Sgt. D. Shaver was the same witness as "Officer Shaver." (ECF No. 355.) In that same order, plaintiff was directed to file a motion for the attendance of witnesses, and the pretrial conference was continued to October 28, 2024. (Id.) On September 24, 2024, defendants confirmed that Sgt. D. Shaver is the same witness identified as Officer Shaver, and that Officer Shaver was a sergeant at the time of the March 1, 2013 incident. (ECF No. 356.) The Court will refer to this witness as Sgt. D. Shaver.

On October 15, 2024, plaintiff filed his motion for attendance of witnesses. (ECF No. 357.) Defendants filed oppositions. (ECF Nos. 358, 359.) After extensions of time were granted, plaintiff filed a reply on February 10, 2025. (ECF No. 365.) In his reply, plaintiff did not address defendants' oppositions, but rather contends their oppositions are untimely. (Id.)

III. MOTION FOR ATTENDANCE OF INMATE WITNESSES AT TRIAL

A. Governing Standards

"Both sides in a trial have the right to call witnesses, and the power to compel witness testimony is essential to our system of justice." Barnett v. Norman, 782 F.3d 417, 422 (9th Cir. 2015) (citations omitted). However, the right to call witnesses is not unlimited, and "trial judges have discretion on the presentation of witness testimony, including decisions regarding the

3

competency of a person to testify, the number of witnesses a party may call, and the allowable purposes of the testimony." Id. (citing Geders v. United States, 425 U.S. 80, 86-87 (1976)).

To determine whether to grant plaintiff's motion for the attendance of incarcerated witnesses, the Court considers the following factors: (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

A witness's unwillingness to testify is not grounds to preclude him from being called to testify. A judge cannot "allow a witness to refuse to testify because he would prefer not to answer a question." Barnett, 782 F.3d at 422. "The public's interest in full disclosure and the fair administration of justice overrides concerns that testimony might be inconvenient, burdensome, or harmful to a witness's social or economic status." Id.

B. Plaintiff's Requests for Witnesses

In his motion, plaintiff seeks the testimony of the following 14 inmate witnesses to testify at trial: (1) Larry Washington, CDCR #H35312; (2) Arthur Richards, CDCR #T58486, believed to have paroled in 2010; (3) Ernest Shoemaker, CDCR #E82138; (4) Luis E. Leon, CDCR #K75474; (5) Jose Vasquez, CDCR #F59732; (6) William T. Coats, CDCR #F97267; (7) Miguel Rosales, CDCR #T51617; (8) Branden Kyle Smith, CDCR #G35054; (9) Raymond Vallejo, CDCR #F35976; (10) Pedro J. Olivas, CDCR #F92862;[3] (11) Joseph Lopez, CDCR #G15227, believed to have paroled; (12) Juan Munoz, CDCR #D52837; (13) Donald Bradish, CDCR

---

[3] Plaintiff did not provide inmate Pedro J. Olivas' CDCR # in his motion, but the CDCR inmate locator reflects only one Pedro J. Olivas in state custody at this time, identified as Pedro Joaquin Olivas.

4

#T54056; and (14) John Harrell, CDCR #K81198.  (ECF No. 357.)  Plaintiff's motion was signed under penalty of perjury.  Plaintiff provides very brief versions of most of the witnesses' proposed testimony, but he did not provide with his motion any declarations or affidavits from any of his proposed witnesses,[4] and claims he does not know if the witnesses are willing to testify "because most prisoners are afraid of retaliation by prison officials."  (ECF No. 357 at 3.)

### C. Discussion

#### 1. Purported Untimeliness

In his reply, plaintiff argues that defendants' oppositions to the motion for attendance of witnesses was untimely.  (ECF No. 365.)  While not entirely clear, it appears that plaintiff contends defendants' oppositions are untimely because they did not initially object to plaintiff's list of witnesses.  (Id. at 2.)  But plaintiff identifies no specific motion that defendants purportedly failed to timely oppose, and there was no requirement for defendants to object to plaintiff's pretrial statement; rather, the parties will be provided an opportunity to object to the pretrial order once it issues.  Here, on October 15, 2024, plaintiff filed a motion for attendance of witnesses, which was ordered to be filed by the Court.  Thus, under Local Rule 230(l), upon which plaintiff also relies, defendants' oppositions to the motion were due on or before November 5, 2024.  Defendants filed their oppositions on October 22, 2024, and October 25, 2024, and thus were filed well within the deadline to oppose plaintiff's motion.  Plaintiff's untimeliness argument is without merit, and his request that the Court disregard defendants' oppositions is denied.

#### 2. Inmate Joseph Clay Dolihite

As noted by defendants, plaintiff began his motion by discussing inmate Joseph Clay Dolihite.  (ECF No. 357 at 1-3.)  However, inmate Dolihite is not a party to this action, and plaintiff identifies no facts tying inmate Dolihite to the claims remaining in this action following summary judgment.  Plaintiff does not seek inmate Dolihite's testimony at trial, but rather seeks to "use Dolihite's default from Crane v. Dolihite as res judicata to the January 16, 2013, attempted murder conspiracy with defendants agents and affiliates."  (ECF No. 357 at 2.)

---

[4] As discussed below, witness declarations have been previously filed in this case.

1  However, as pointed out by defendants, plaintiff raised this argument in his motion for

2  clarification (ECF No. 325), which the court denied (ECF No. 330).[5]

3  Thus, plaintiff's request concerning inmate Dolihite was inappropriately included in his

4  motion for the attendance of witnesses.  Moreover, the court previously found that plaintiff failed

5  to exhaust his administrative remedies as to the January 16, 2013 incident.  (ECF No. 331 at 2.)

6  Thus, the January 16, 2013 incident is no longer at issue in this action.  Accordingly, plaintiff's

7  request concerning inmate Joseph Clay Dolihite (ECF No. 357 at 1-3) is denied.

               3. *Inmate Witnesses Sought by Plaintiff in His Motion*

                    a. <u>Incarcerated Witnesses</u>

10  The CDCR inmate locator reflects that the following inmates remain in state custody, and

11  are addressed below.

12  Pedro J. Olivas, CDCR #F92862, is located at Mule Creek State Prison.  Plaintiff provided

13  inmate Olivas' declaration, but the incidents recounted by inmate Olivas took place in 2008 and

14  2009; none of them relate to the incidents remaining at issue here.  (ECF No. 16-1 at 54.)  In his

15  motion, plaintiff claims that Pedro Olivas was witness to Sgt. Bond showing paper saying, 'This

16  Mother Fucker!' while the plaintiff did nothing.  (ECF No. 357 at 5.)  But plaintiff provided no

17  additional facts to demonstrate that the incident he cites is related to any of the claims remaining

18  following summary judgment.  Indeed, his pretrial statement claims inmate Olivas "was witness

19  to Sgt. Bond showing paper saying[,] 'This Mother fucker!' and 'Crane!' and saw prior staged

20  assault on 9-26-2008."  (ECF No. 352 at 16.)  Inmate Olivas' own declaration states this took

21  place on November 14, 2008.  (ECF No. 16-1 at 53).  Moreover, Sgt. Bond is not a defendant in

---

[5] Defendants noted that the court also sanctioned plaintiff, noting that plaintiff had filed "numerous frivolous pleadings," including the motion for clarification, and relieved defendants of their obligation to respond to any further filing by plaintiff unless ordered to do so. (ECF No. 358 at 3 (quoting ECF No. 330 at 3; and citing ECF No. 97 (cautioning plaintiff regarding filing baseless motions for sanctions); ECF No. 131 (admonishing plaintiff for unnecessarily burdening the court and the parties, and increasing the cost of this litigation); ECF No. 189 (admonishing plaintiff for his disingenuous argument); ECF No. 190 (granting defendants' request for expenses, and assessing plaintiff $1750 for defendants' costs incurred in responding to plaintiff's frivolous motion to compel); ECF No. 266 at 4 (finding that plaintiff "wasted counsel and the Court's time, as well as increased defendants' litigation costs.").)

this action, and alleged assaults in 2008 were not included in plaintiff's second amended complaint. (ECF No. 16, *passim*.) Rather, in plaintiff's pretrial statement, plaintiff states that defendants "began a campaign of retaliation against the plaintiff in approximately December of 2009." (ECF No. 352 at 1.) As provided in the prior orders addressing prospective witnesses, plaintiff may swear by affidavit that the prospective witness has actual knowledge "only if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts." (See, e.g., ECF No. 348 at 4.) Plaintiff's motion for the attendance of witnesses does not provide sufficient facts to demonstrate Pedro J. Olivas has firsthand knowledge of any of the claims remaining after summary judgment. Thus, the Court denies plaintiff's request to have inmate Pedro J. Olivas testify at trial.

Donald Bradish, CDCR #T54056, is located at Richard J. Donovan Correctional Facility in San Diego. On January 18, 2024, plaintiff filed the declaration of Donald Bradish, claiming plaintiff was doing so as part of his reciprocal discovery obligation, and to use during the upcoming settlement conference. (ECF No. 342 at 1-2.) Inmate Bradish declares that on July 30, 2010, while housed at HDSP, he observed another inmate known as "Stranger" ask defendant Weeks to open cell number 114; defendant Weeks opened the door and allowed inmate "Stranger" to assault inmate Herrera, CDCR #F28313, who appeared to be asleep inside cell 114. (ECF No. 342 at 4.) After the assault, inmate Bradish declared that inmate Stranger exited the cell and went upstairs to his own cell; inmate Herrera exited the cell and informed defendant Barton that inmate Herrera had been attacked, and defendant Barton replied, "Go back to your cell." (ECF No. 342 at 4.) Inmate Bradish declares that on July 10, 2010 [sic], plaintiff was standing in the dayroom watching the assault and was living in building four with inmates Herrera and Bradish. (Id.)   In his motion, plaintiff claims that inmate Bradish "appeared willing to voluntarily testify." (ECF No. 357 at 5.) Defendants object that inmate Bradish's declaration pertains to allegations that plaintiff is not proceeding on in this case. (ECF No. 358 at 5.) Plaintiff did not rebut defendants' objection in his reply. (ECF No. 365.) The Court agrees with defendants and finds that defendant Bradish's proposed testimony is not relevant to the claims pending after summary judgment. Thus, the Court denies plaintiff's request to have inmate

7

Donald Bradish testify at trial.

William T. Coats, CDCR #F97267, is located at Mule Creek State Prison, and plaintiff previously provided inmate Coats' declaration signed on March 31, 2011 (ECF No. 16-1 at 16). Defendants object that inmate Coats' declaration does not establish any knowledge of relevant facts for the remaining claims. (ECF No. 358 at 8.) However, inmate Coats declares that he was housed at HDSP since January 29, 2009, and witnessed three separate inmate assaults on plaintiff, as well as correctional officers housing plaintiff with inmates known to be violent, and claims that at times it seemed staff at HDSP took extra delight in plaintiff's pain and suffering, and certain correctional officers singled plaintiff out for punitive and retaliatory behavior. (ECF No. 16-1 at 16.) While inmate Coats did not identify prison staff by name, he claims he would identify them at trial to avoid the risk of retaliation if named in writing. In addition, inmate Coats was housed at HDSP from at least 2009 to March 31, 2011, so inmate Coats is likely to have relevant testimony as to the February 5, 2010 or January 22, 2011 incidents remaining at issue here. Also, inmate Coats expressed his willingness to testify. (Id.) The Court finds that inmate Coats' testimony would further the resolution of the case, and therefore, inmate Coats will be permitted to testify on plaintiff's behalf.

Ernest Verdell Shoemaker, CDCR #E82138, is located at California State Prison, Corcoran, and plaintiff previously provided inmate Shoemaker's declaration (ECF No. 16-1 at 8-9). In his motion, plaintiff claims inmate Shoemaker "witnessed the December 31, 2009 move of inmate Arthur Richards into his cell and forced move of plaintiff with Washington." (ECF No. 357 at 4.) In his pretrial statement, plaintiff claimed inmate Shoemaker "witnessed Barton and Probst force move to stage assault of February 5, 2010." (ECF No. 352 at 16.) Inmate Shoemaker declares that on December 31, 2009, defendant Barton informed inmate Shoemaker he was getting a new cellmate, and Shoemaker heard defendants Barton and Probst force inmate Arthur Richards to move out of cell 113 and up to Shoemaker's cell 246. (ECF No. 16-1 at 9.) Shoemaker heard the guards claim "they had to move someone into cell 113." (Id.) Shoemaker declares there was a great deal of emotion and threatening behavior to force this cell move, and it was clear there was an evil motive behind the guards' actions." (Id.) Shoemaker further declares

8

that the two inmates in cell 113 were involved in a violent confrontation. (Id.) The Court finds that inmate Shoemaker's testimony is relevant and would further the resolution of the case, and therefore, inmate Shoemaker is permitted to testify on plaintiff's behalf.

Inmate Luis E. Leon, CDCR #K75474, is located at Valley State Prison, Chowchilla. Plaintiff previously provided inmate Leon's declaration. (ECF No. 16-1 at 11-12.) In his motion and pretrial statement, plaintiff claims inmate Leon witnessed plaintiff requesting a move away from inmate Washington prior to February 5, 2010. (ECF No. 357 at 4, 352 at 16.) Inmate Leon declares that he was housed next to plaintiff and inmate Larry Washington, and heard plaintiff ask the correctional officer numerous times to move plaintiff out of the cell with Washington because he was in fear for his safety. (ECF No. 16-1 at 11.) Inmate Leon declares he heard and witnessed the guards refuse to help plaintiff. (Id.) Inmate Leon also declares that on February 5, 2010, he heard the incident when Washington beat plaintiff, and observed injuries to plaintiff's face. (Id.) Thus, inmate Leon has relevant testimony which would further the resolution of the case, and therefore, inmate Leon is permitted to testify on plaintiff's behalf.

Juan Munoz, CDCR #D52837, is located at Richard J. Donovan Correctional Facility in San Diego. Plaintiff previously provided the declaration of Munoz with plaintiff's briefing on defendant Weeks' motion for summary judgment. (ECF No. 283 at 37.) Inmate Munoz declares that he witnessed inmates beating plaintiff on March 1, 2013, and "after a long time observing" the beating, defendant Weeks and other correctional officers began beating plaintiff while he was face down and prone on the ground. (Id.) Inmate Munoz saw defendant Weeks beat plaintiff on the back of his head with the baton while other guards viciously beat plaintiff. (Id.) In his pretrial statement, plaintiff claims inmate Munoz witnessed the March 1, 2013 assault by inmates Williams and Parker and defendants Weeks and Robinette. (ECF No. 352 at 17.) Thus, inmate Munoz has relevant testimony which would further the resolution of the case, and therefore, inmate Munoz is permitted to testify on plaintiff's behalf.

Branden Kyle Smith, CDCR #G35054, is now located at Calipatria State Prison. Plaintiff did not provide a declaration or affidavit signed by inmate Smith. However, in plaintiff's motion for attendance of witnesses, plaintiff did explain what testimony inmate Smith would offer. (ECF

9

1   Nos. 352 at 16, 357 at 4.)  In both his pretrial statement and his motion for witnesses, signed

2   under penalty of perjury, plaintiff claims that inmate Smith witnessed plaintiff's request to move

3   from their shared cell and Smith later assaulted plaintiff on January 22, 2011.  (Id.)  This

4   demonstrates Smith has eyewitness testimony as to plaintiff's claims concerning the January 22,

5   2011 incident.  Thus, inmate Smith has relevant testimony which would further the resolution of

6   the case and is permitted to testify.

7        John Harrell, CDCR #K81198, is located at the Correctional Training Facility in Soledad

8   and is identified as a witness by both plaintiff and defendants.  Plaintiff previously provided

9   inmate Harrell's declaration.  (ECF No. 16-1 at 25.)  In his motion, plaintiff claims inmate John

10  Harrell witnessed plaintiff threatened by defendant Rodriguez when plaintiff asked for a cell

11  move in January 2011.  (ECF No. 357 at 4.)  In his pretrial statement, plaintiff claimed inmate

12  John Harrell witnessed defendant Rodriguez threaten, "I'll drag you out of that cell and beat your

13  ass, and throw you back in there."  (ECF No. 352 at 16.)  Inmate John Harrell's April 2011

14  declaration demonstrates he has relevant testimony.  On May 7, 2021, in support of defendants'

15  motion for summary judgment, defendants submitted a second declaration by inmate John Harrell

16  claiming he did not read the April 2011 declaration he signed for plaintiff, and that plaintiff

17  changed the subject of the declaration from plaintiff's complaint about not receiving his mail to

18  an alleged threat by defendant Rodriguez.  (ECF No. 238-12 at 1-2.)  Inmate John Harrell now

19  declares that he did not hear defendant Rodriguez threaten plaintiff, and would have no testimony

20  in support of plaintiff's claims.  (Id. at 2.)  In their pretrial statement, defendants included inmate

21  John Harrell as a witness.  Neither declaration signed by John Harrell states that he is unwilling to

22  testify.  (ECF Nos. 357 at 4; 238-12 at 2.)  Therefore, inmate Harrell has relevant testimony

23  which would further the resolution of the case and is permitted to testify.

24       The declarations of inmates Ernest Verdell Shoemaker, Luis E. Leon, Juan Munoz, and

25  John Harrell do not address their willingness to testify voluntarily, and it is unknown whether

26  inmate Branden Kyle Smith is willing to testify voluntarily.  In his motion, plaintiff explains that

27  he does not know if his witnesses are willing to testify because most prisoners are afraid of

28  retaliation by prison officials.  (ECF No. 357 at 3.)  Plaintiff's statement is supported by inmate

1   Coats' declaration expressing the same concern. (ECF No. 16-1 at 16.) Thus, in an abundance of
2   caution, and to short-circuit any delays that would occur in obtaining permission for plaintiff to
3   correspond with his incarcerated witnesses, the Court will, under separate cover inquire of inmate
4   witnesses Ernest Verdell Shoemaker, Luis E. Leon, Juan Munoz, John Harrell and Branden Kyle
5   Smith whether they are willing to testify voluntarily. If the inmate witness responds he is
6   unwilling to testify voluntarily, or fails to respond to the Court's inquiry, plaintiff will be required
7   to subpoena the witness to testify at trial. After these inmate witnesses respond to the Court's
8   inquiry, the Court will issue a separate order. If any are unwilling to testify voluntarily, the Court
9   will provide instructions on how to subpoena unwilling incarcerated witnesses.

b. <u>Inmate Witnesses No Longer Incarcerated</u>

11  The CDCR inmate locator confirms that the following inmates are no longer in state
12  custody, and are discussed below.
13  Plaintiff provided the declaration of former inmate Miguel Rosales, CDCR #T51617.
14  (ECF No. 16-1 at 18-19.) Former inmate Rosales provides facts as to incidents in 2009, none of
15  which are relevant to the claims remaining in this case following summary judgment. Therefore,
16  plaintiff's motion for the attendance of former inmate Miguel Rosales is denied.
17  Plaintiff provided the declaration of former inmate Raymond Vallejo, CDCR #F35976,
18  who provided facts as to the state of the cell he moved into on January 22, 2011, but he includes
19  no facts as to plaintiff's Eighth Amendment claims against defendant Rodriguez arising from the
20  January 22, 2011 incident. (ECF No. 16-1 at 41.) Plaintiff contends Raymond Vallejo "saw
21  destroyed typewriter and TV on the cell floor with liquid having been poured into them following
22  the assault by Smith on January 22, 2011" (ECF No. 357 at 4-5), but plaintiff fails to show
23  Raymond Vallejo witnessed the property destruction or the assault by Smith. Raymond Vallejo's
24  declaration fails to support any claim remaining in this action. The Court finds that former
25  inmate Raymond Vallejo's proposed testimony would not further the resolution of the case.
26  Plaintiff's motion for the attendance of former inmate Raymond Vallejo is denied.
27  Plaintiff submitted the declaration of former inmate Larry Washington, CDCR #H35312,
28  who was housed in the same cell as plaintiff and has relevant eyewitness testimony as to the

events of February 5, 2010. (ECF No. 16-1 at 2-3.) The Court finds that former inmate Larry Washington's testimony would further the resolution of the case, and he is permitted to testify on plaintiff's behalf.

Plaintiff provided the declaration of former inmate Arthur Richards, CDCR #T58486, who was previously celled with Larry Washington, and claims defendant Barton told Richards that "it wasn't [Barton's] call to move [Richards.] The person who was going in your old cell had to be dealt with." (ECF No. 16-1 at 6.) Arthur Richards later learned the person being moved in was plaintiff Crane. (Id.) Arthur Richards concluded that the February 5, 2010 altercation between Washington and plaintiff was planned. (Id.) Former inmate Arthur Richards has relevant testimony that would further resolution of the case, and former inmate Arthur Richards is permitted to testify on plaintiff's behalf.

Plaintiff filed the declaration of former inmate Jose Vasquez, CDCR #F59732, who witnessed defendant Barton and others set up plaintiff to be assaulted by former inmate Washington. (ECF No. 16-1 at 14.) Jose Vasquez has relevant testimony that would further resolution of this case. Thus, former inmate Jose Vasquez is permitted to testify on plaintiff's behalf.

In plaintiff's motion for the attendance of witnesses, plaintiff names former inmate Joseph Lopez, CDCR #G15227. (ECF No. 357 at 5.) As the court observed in addressing the defendants' motion for summary judgment, plaintiff did not provide a declaration by Joseph Lopez. (See ECF No. 322 at 68 n.36.) In their opposition, defendants claim plaintiff previously filed a declaration on behalf of Joseph Lopez, but the citation provided by defendants (ECF No. 358 at 6) is to a different inmate's declaration (ECF No. 24). Unlike plaintiff's explanation regarding inmate Smith in plaintiff's motion for attendance of witnesses, plaintiff did not explain what testimony Joseph Lopez would offer. (ECF No. 357 at 5.) Earlier, in plaintiff's pretrial statement, plaintiff declares that Joseph Lopez "witnessed Weeks and Robinette assault the plaintiff on March 1, 2013." (ECF No. 352 at 17.) But this vague statement is insufficient. In addition, as discussed above, Juan Munoz has detailed testimony to offer as to the March 1, 2013 incident. (ECF No. 283 at 37.) Absent former inmate Joseph Lopez's declaration and an

12

explanation of what testimony Lopez would offer, the importance of his testimony cannot be determined. Plaintiff's motion for the attendance of former inmate Joseph Lopez is therefore denied.

Former inmates Larry Washington, Arthur Richards, and Jose Vasquez did not indicate their willingness to testify. Because these three former inmates are no longer incarcerated, plaintiff must obtain their testimony, and if they are unwilling to testify voluntarily, plaintiff must subpoena them to testify at trial. Plaintiff has been provided the information necessary to obtain such testimony by subpoena. (See, e.g., ECF No. 82 at 4.) However, because plaintiff is incarcerated, he is likely unable to freely communicate with paroled prisoners, even if he had their addresses. Cal. Code Regs. tit. 15, § 3139 (inmates and parolees are not permitted to communicate with one another). Thus, the Court directs counsel for defendants Rodriguez, Robinette, Barton, and Probst to provide to the Court, under seal, the last known addresses for former inmates Larry Washington, Arthur Richards, and Jose Vasquez, and to inform the Court whether they object to the Court providing plaintiff with the former inmates' addresses for service of the subpoenas if the witness does not respond or indicates his unwillingness to testify. Upon receipt of the addresses, the Court will send a notice to each former inmate to inquire whether he will voluntarily testify at trial. If these former inmates fail to respond, the Court will consider such failure as their unwillingness to testify voluntarily. In that event, or if a former inmate indicates his unwillingness to testify, plaintiff must subpoena that witness, as previously explained to plaintiff and provided again here to assist plaintiff:

> IV. Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily
>
> If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, not earlier than four weeks and not later than two weeks before trial, the party must prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the witness. Also, the party seeking the witness' presence must tender an appropriate sum of money to the witness through the United States Marshal. In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness' travel expenses.
>
> A subpoena will not be served by the United States Marshal upon an unincarcerated witness unless the subpoena is accompanied by a

>money order made payable to the witness for the full amount of the witness' travel expenses plus the daily witness fee of $40.00. As noted earlier, because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.

(ECF No. 348 at 4.)

### 4. Non-Inmate Witnesses

In his motion, plaintiff names Dr. Bowers, psychiatrist, as a witness. (ECF No. 357 at 5.) Plaintiff asked Dr. Bowers for help to move out from Washington's cell. Because Dr. Bowers is not incarcerated, if Dr. Bowers has not agreed to testify on behalf of plaintiff, plaintiff must subpoena Dr. Bowers to testify. Plaintiff was given the information necessary to obtain testimony by subpoena previously and also above. (See also, ECF No. 348 at 4.)

IV.   OTHER WITNESSES IDENTIFIED IN PLAINTIFF'S PRETRIAL STATEMENT

   A.   <u>Inmate Witnesses</u>

Plaintiff did not include in his motion for the attendance of witnesses (ECF No. 357 at 16-17) the following inmate witnesses identified in his pretrial statement: Donald Boutte, Herrera, Batres, or Shaunta Ray. (ECF No. 352 at 17.)

Plaintiff was informed of his obligation to file a motion for the attendance of inmate witnesses at trial on several occasions. (ECF No. 180 at 1-4; ECF No. 348 at 2-4.) On September 13, 2024, the Court granted plaintiff additional time to comply. (ECF No. 355.) On October 15, 2024, plaintiff filed his motion for the attendance of inmate witnesses. (ECF No. 357.) Thus, plaintiff is not permitted to call inmates Boutte, Herrera, Batres, or Ray as witnesses at trial.

In addition, it was improper for plaintiff to include inmate Donald Boutte as a prospective witness in plaintiff's pretrial statement. On January 5, 2023, the court disregarded inmate Boutte's previously provided declaration because inmate Boutte's bed history records reflect that Boutte was not housed at HDSP on March 1, 2013. (ECF No. 322 at 58.) The court denied defendant Weeks' motion to sanction plaintiff for filing a false affidavit; based on plaintiff's subsequent explanations, the court could not find that plaintiff submitted the Boutte declaration in bad faith or solely for delay. (<u>Id.</u>) In light of the court's prior finding, plaintiff should not have

included Boutte as a witness in plaintiff's pretrial statement. The declaration of Donald S. Boutte is stricken from the record. (ECF No. 256.) Plaintiff is admonished to refrain from further reference to inmate Boutte's declaration.

**Absent a subsequent court order, plaintiff is not permitted to call any other inmate witness at trial unless the inmate is included in defendants' list of witnesses**.

      B.  <u>Non-Inmate Witnesses</u>

In his pretrial statement, plaintiff named other non-inmate witnesses: Correctional Officer Sanchez, J. K. Windsor, M.D., MPH, J. Chin, D.D.S., and K. Germanos, D.D.S. (ECF No. 352 at 17.) If plaintiff seeks the testimony of these witnesses at trial, he must subpoena them, as discussed above, unless they have agreed to voluntarily testify on plaintiff's behalf.

V.      REQUEST FOR INMATE WITNESSES TO TESTIFY BY VIDEOCONFERENCE

In his motion for attendance of witnesses, plaintiff asks that "most" of the inmate witnesses be permitted to testify at trial by video conference. (ECF No. 357 at 5.) Defendants oppose the request, arguing that generally witness testimony must be taken in open court, and plaintiff failed to show good cause why the district court should allow these witnesses to testify via video conference. (ECF No. 358 at 9 (citing Fed. R. Civ. P. 43(a)).) Rule 43(a) provides:

> In Open Court. At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

Fed. R. Civ. P. 43(a). As argued by defendants, plaintiff provided no good cause to demonstrate why any incarcerated inmate should be permitted to testify by video conference. See <u>Barnett v. Gamboa</u>, 2015 WL 13215676, at *2 (E.D. Cal. Dec. 18, 2015). Thus, plaintiff's motion is denied without prejudice. Fifteen days after the Court issues its pretrial order, plaintiff is granted leave to renew his motion for incarcerated inmates to attend trial via video conference. In other words, plaintiff shall not renew his motion for incarcerated witnesses to attend trial via video conference until fifteen days after the pretrial order issues.

///

VI. RENEWED REQUEST FOR COUNSEL

In his motion for attendance of witnesses, plaintiff renewed his request for counsel claiming he needs counsel to locate witnesses. Plaintiff's previous requests for appointment of counsel were denied. (ECF Nos. 225, 279.) In light of this order, as well as the court's prior orders, plaintiff's renewed motion for appointment of counsel is denied without prejudice.

VII. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for inmates Donald Boutte, Herrera, Batres, and Shaunta Ray to testify at trial (ECF No. 352 at 17) are DENIED.

2. Plaintiff's motion for the attendance of witnesses at trial (ECF No. 357) is GRANTED IN PART AND DENIED IN PART, as follows:

    a. Plaintiff's request concerning inmate Joseph Clay Dolihite (ECF No. 357 at 1-3) is denied.

    b. Plaintiff's requests for inmates Pedro J. Olivas, CDCR #F92862, and Donald Bradish, CDCR #T54056, to testify are denied.

    c. Plaintiff's request for inmate William T. Coats, CDCR #F97267, to testify is granted; the Court will issue a writ of habeas corpus ad testificandum for his attendance at trial.

    d. Plaintiff's requests for inmates Ernest Verdell Shoemaker, CDCR #E82138; Luis E. Leon, CDCR #K75474; Juan Munoz, CDCR #D52837; John Harrell, CDCR #K81198; and Branden Kyle Smith, CDCR #G35054 to testify are granted. Under separate cover, the Court will inquire as to their willingness to testify voluntarily. If these inmates do not respond or are unwilling to testify voluntarily, plaintiff must subpoena their attendance.

    e. Plaintiff's requests for former inmates Miguel Rosales, CDCR #T51617, and Raymond Vallejo, CDCR #F35976, to testify at trial are denied.

    f. Plaintiff's requests for former inmates Larry Washington, CDCR #H35312;

1                 Arthur Richards, CDCR #T58486; Jose Vasquez, CDCR #F59732; and

2                 Joseph Lopez, CDCR #G15227, to testify at trial are granted.

3        g. Within 21 days from the date of this order, counsel for defendants

4                 Rodriguez, Robinette, Barton, and Probst shall provide the last known

5                 addresses for former inmates Larry Washington, CDCR #H35312; Arthur

6                 Richards, CDCR #T58486; and Jose Vasquez, CDCR #F59732, to the

7                 Court, under seal.

8     3. The Clerk of the Court is directed to STRIKE the declaration of Donald S. Boutte

9       (ECF No. 256) from the record.

10    4. Plaintiff's motion for incarcerated witnesses to be permitted to testify by video

11       conference (ECF No. 357 at 5) is DENIED WITHOUT PREJUDICE.  Fifteen days

12       after the Court issues its pretrial order, plaintiff is granted leave to renew his motion

13       for incarcerated inmates to attend trial via video conference.

14    5. Plaintiff's renewed motion for appointment of counsel (ECF No. 357 at 3) is DENIED

15       WITHOUT PREJUDICE.

Dated: August 18, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/cran0208.witn