UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. CRANE,<br><br>           Plaintiff,<br><br>     v.<br><br>RODRIGUEZ, et al.,<br><br>           Defendants. | No. 2:15-cv-0208 TLN CSK P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. On December 1, 2025, plaintiff filed a motion styled, "Plaintiff's Motion for Partial Summary Judgment," citing Rule 56(a) of the Federal Rules of Civil Procedure. (ECF No. 382.) Plaintiff's motion is denied because it is untimely.

I.     FEDERAL RULE OF CIVIL PROCEDURE 56

Rule 56(a) provides: "A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." Fed. R. Civ. P. 56(a). Rule 56(b) sets forth the timing of motions for summary judgment under Rule 56(a): "Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for

summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b).

## II. BACKGROUND

This action was filed on January 26, 2015. (ECF No. 1.) The court's initial scheduling order issued on November 18, 2016. (ECF No. 82.) The court's discovery and scheduling order was vacated on February 15, 2017. (ECF No. 104.) On December 6, 2018, the stay of this action was lifted, and the court set a discovery deadline for March 22, 2019, and the deadline for filing pretrial motions, including motions for summary judgment, was set for March 22, 2019. (ECF No. 180.) On April 18, 2019, discovery was reopened for a limited purpose, and the pretrial motions deadline was continued to September 24, 2019. (ECF No. 189.) On December 7, 2020, the court ordered that discovery was closed, and the pretrial motions deadline was extended to May 21, 2021. (ECF No. 225.) On May 7, 2021, defendants Barton, Davey, Probst, Robinette, Rodriguez filed a motion for summary judgment. (ECF No. 236.) On May 21, 2021, defendant Weeks filed a motion for summary judgment. (ECF No. 240.) Plaintiff did not file a motion for summary judgment on or before the May 21, 2021 pretrial motions deadline.

On March 28, 2023, the group defendants' motion for summary judgment was partially granted, and defendant Weeks' motion for summary judgment was denied. (ECF No. 331.)

On March 5, 2024, this Court ordered that discovery and law and motion were closed, and directed the parties to file pretrial statements. (ECF No. 348 at 5.) On May 9, 2024, the further scheduling order was modified to extend the deadlines for filing pretrial statements, but the March 5, 2024 scheduling order remained in effect. (ECF No. 351 at 2.)

## III. DISCUSSION

Here, as provided in Rule 56(b), the Court set a specific deadline for the filing of pretrial motions, which included motions for summary judgment. (ECF No. 225.) Thus, plaintiff's motion for summary judgment or partial summary judgment was due on or before May 21, 2021. (ECF No. 225.) Plaintiff's motion for partial summary judgment is years overdue, and this Court does not find good cause and does not consent to further modification of the scheduling order. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992). Indeed, the Court is

1  preparing this case for jury trial before the district court, and is awaiting plaintiff's motion for
2  reconsideration of August 19, 2025 order concerning witnesses for trial (ECF No. 368).  As
3  plaintiff was informed in the last order granting plaintiff one final extension of time to file his
4  motion for reconsideration, no further extension of time will be granted.[1]  (ECF No. 381.)

5        Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for partial summary
6  judgment (ECF No. 382) is denied as untimely.  Defendants are relieved of their obligation to
7  respond to plaintiff's motion (ECF No. 382).

9  Dated:  December 9, 2025

[Signature: Chi Soo Kim]
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

13  /1/cran0208.msj.unt

---

[1] In the past, defendants have moved to impose terminating sanctions on plaintiff.  (ECF No. 255.)  The court did not grant terminating sanctions, but did recount the multiple admonitions the Court previously gave plaintiff.  (ECF No. 266 at 3-4.)  On November 12, 2021, plaintiff was sanctioned for filing a baseless motion and prohibited from filing any motion or request not related to the pending motions for summary judgment until the court ruled on the pending motions for summary judgment.  (ECF No. 266.)  Plaintiff is cautioned that further delays will not be tolerated.

3